# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RECEIVED
U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT

2006 APR 15 PM 1: 10

FILING DEPOSITORY

**FILED**

APR 1 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**LARRY D. EPPS**
212 0 53RD Street, NW
Washington, DC 20019
Tel No. 202-361-6296
      Plaintiff,

v.

**FORMER ASSISTANT UNITED STATES
ATTORNEY PAUL G. HOWES**
U.S. Attorney's Office for
the District of Columbia
555 Fourth Street, NW
Washington, DC 20539

**ATTORNEY GENERAL**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC

**UNITED STATES PAROLE COMMISSION**
5550 Friendship Boulevard
Chevy Chase, MD 20815-7201

**GOVERNMENT OF THE DISTRICT OF
COLUMBIA BOARD OF PAROLE**
1111 E Street, NW, Suite 600
Washington, DC 20005

and

**GOVERNMENT OF THE
DISTRICT OF COLUMBIA**
1350 Pennsylvania Avenue, NW
Washington, DC 20004

Serve:  Mayor Anthony A. Williams
        and Attorney General
        Robert Spagnoletti for the
        District of Columbia

**VERIFIED COMPLAINT**

CASE NUMBER  1:06CV00717
JUDGE: Paul L. Friedman
DECK TYPE: Civil Rights (non-employment)
DATE STAMP: 04/17/2006

**JURY ACTION**

## VERIFIED COMPLAINT FOR RELIEF

1

# INTRODUCTION

Plaintiff, Larry D. Epps, respectfully submits this complaint seeking relief for tortuous and unconstitutional actions of the United States Department of Justice, one of its employees, and the United States Department of Parole Commission, the D.C. Parole Board, and the District of Columbia.

Plaintiff Epps entered a plea agreement with the United States Attorney's Office, after being threatened with additional criminal offenses that plaintiff had no knowledge of.

During probation, incarceration, and parole release, plaintiff Epps was subjected to a series of Tortuous acts and unconstitutional actions. The fats and circumstances of the foregoing violations are set forth in each numbered offense.

## I   JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. Sec 1331 and 1343, and 42 U.S.C. Section 1983. The plaintiff invokes this Court's pendent jurisdiction to hear and decide any claims arising under state and common law.

2. Venue is proper in this Court. Most of the actions described in This complaint took place in the District of Columbia.

2. This Court also has jurisdiction under 28 U.S.C. Sec 1442(a)(1)

## II   FACTS

In 1988, plaintiff Epps was indicted on the charge of first degree murder.

**Thereafter, on or about May 8, 1989, plaintiff Epps pleaded guilty to one count of second**

degree murder. In connection therewith, the United States dismissed another pending murder charge.

During the plea negotiations, plaintiff Epps repeatedly advised his attorney that his actions in criminal action No. F9286B was a direct result of self defense and that the charges in the pending murder case were without legal or factual merit. In fact, plaintiff Epps informed his attorney that he was not present during the second murder case and that AUSA Howes had evidence regarding the same.

Notwithstanding the foregoing contentions, defense counsel never investigated plaintiff's claims and continued to pressure plaintiff Epps to settle the case via a plea agreement. At the same time AUSA Howes continued to threaten plaintiff Epps with the second murder charge.

Eventually, given the foregoing pressure, plaintiff Epps capitulated and plead guilty to the first murder case, even though he had a valid self defense claim with respect to the same.

Subsequent to plaintiff Epps plea of guilty, AUSA Howe convicted Mr. D. J. Smith for the offense of obstruction of Justice and perjury.

During said trial, AUSA Howes proved beyond a reasonable doubt that Mr. Smith had persuaded two friends (Dominic Dorsey and Joseph Calhoun) to testify (falsely) that plaintiff Epps had committed the second murder. (see <u>D. Smith</u> v. <u>United States, 591 A2d 229 (D.C. App. 1919)</u>.

Plaintiff Epps maintains that the exculpating evidence advanced in the foregoing case was always in the possession of AUSA Howes. Nevertheless, AUSA Howes continued to use the forgoing case to assert pressure on plaintiff Epps.

## III. FIRST CAUSE OF ACTION

### Deprivation of Plaintiff's Constitutional Right of
### Counsel – Sixth Amendment

The Constitution of the United States provides for the assistance of counsel at <u>any</u> "critical stage" of the prosecution. Here, former AUSA Howes continued to speak with the plaintiff outside the presence of counsel during plea negotiations. Plaintiff complained of this conduct and requested that his attorney be summoned. Former AUSA Howes ignored these requests and continued to discuss a plea disposition.

## IV. SECOND CAUSE OF ACTION

### Deprivation of Plaintiff's Constitutional Right to
### Due Process – Fifth Amendment

Former AUSA Howes had plaintiff ejected from a drug program in the State of Colorado based on a verbal argument with another participant in the program. The ejection, which was initiated by former AUSA Howes, was consummated without the benefit of a hearing before the program's committee, effectively denying plaintiff the right to due process prior to the loss of his liberty.

## V. THIRD CAUSE OF ACTION

### Improper Seizure of Plaintiff –
### Fourth Amendment

Former AUSA Howes caused plaintiff's physical seizure by misrepresenting critical facts to the Court during his probation revocation hearing, causing a loss of liberty and the right to fundamental fairness (denial of due process).

The foregoing Constitutional violations on the part of former AUSA Howes caused the plaintiff the unnecessary loss of liberty and substantial mental anguish and suffering, along with the loss of property and earning potential.

## VI. FIFTH CAUSE OF ACTION

### Negligent Hiring and Training

The United States failed to properly interview and/or conduct a comprehensive background check to allow it to properly assess former AUSA Howes' propensity for truth, honesty, and integrity. Moreover, the United States failed to properly train former AUSA Howes with respect to the correct procedural process in the collection, preservation, and presentation of evidence or the correct procedures to be pursued during plea negotiations and contact with defendants represented by counsel.

As direct result of the foregoing negligent hiring and training, plaintiff was coerced into accepting an improper plea offer and subsequently loss his liberty.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF PHYSICAL AND MENTAL PAIN AND SUFFERING

While in the custody of the United States, plaintiff Epps sustained a fracture to his arm and wrist. Following the foregoing injury, employees and/or agents of the United States failed and refused to provide plaintiff with adequate medical treatment.

As a result of the intentional denial of adequate medical treatment, plaintiff sustained permanent damage to his arm and wrist and endured substantial physical pain and mental suffering.

The denial of medical treatment was done knowingly, intentionally and accompanied with malice.

The intentional infliction of physical and mental pain, suffering, and Distress constituted not only a tort but also a violation of the eighth Amendment to the Constitution of the United States. (Infliction of cruel and unusal punishment).

## SEVENTH CAUSE OF ACTION
## DENIAL OF EFECTIVE ASSISTANCE OF COUNSEL
## (VIOLATION OF SIXTH AMENDMENT)

Due to the conduct of an agent/employer of the United States, plaintiff Epps was denied the right to effective assistance of counsel as provided by the Sixth Amendment.

Former Ausa Howes withheld from plaintiff's counsel exculpatory evidence regarding a pending charge of murder, and instead used the pending charge as leverage in securing a plea in Criminal Action No. F 9286-88.

In addition, former Ausa Howes, made material misrepresentations to plaintiff's counsel and the Court regarding plaintiff's departure from a

drug program based in Colorado, rendering counsel ineffective during the probation revocation hearing.

The effectiveness of counsel resulted in plaintiff being coerced into a plea, even though plaintiff had a viable self defense claim. And such ineffectiveness during the probation procedure resulted in a loss of liberty.

## EIGHTH CAUSE OF ACTION

### DENIAL OF LIBERTY WITHOUT AN ADEQUATE LEGAL BASIS OR DUE PROCESS. (FOURTENNTH AMENDMENT)

While in the custody of the United States plaintiff Epps case came before the D.C. Parole Board and the Unit States Parole Commission on several occasions.

In September, 2002, plaintiff appeared before the D.C. parole board and qualified as eligible for parole under the guidelines for D.C. offenders. However, without an adequate legal or factual basis and an inadequate due process predicate, parole was denied. Subsequent thereto, The United States Parole Commission "rubber-stamped" the denial without conducting its own investigation or a comprehensive review, effectively denying the plaintiff his right to full due process and the right to immediate liberty.

As a result of the foregoing violations plaintiff endured extreme mental suffering and distress. Plaintiff submits that given his status of "qualified", his continued incarceration constituted not only intentional infliction of mental pain and suffering but also contravened protections against cruel and unusual punishment.

## NINTH CAUSE OF ACTION
### VIOLATION OF THE EIGHT AMENDEMENT

On or about October 8, 2005, plaintiff was released from the custody of the United States via parole. However, the parole release was pursuant to a condition of parole for life. This plaintiff submits contravened the protection against cruel and unusual punishment. At the most, plaintiff

should have been placed on parole for the balance of his minimum sentence of twelve years.

Imposition of parole for life was intended to intentionally and with malice to inflict mental torment and suffering for the duration of his life.

Nothing in Criminal action numbered F 9286-88 justified parole for life.

In each offense, plaintiff adopts and incorporate the facts and allegations in each and every preceding offense.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Epps seeks relief from former AUSA Paul G. Howes, the United States, The United States Parole Commission, The D.C. Parole Commission and the District of Columbia in the amounts of:

A. Compensatory damages in the excess of $5,000,000.00

B. Punitive damages in excess of $20,000,000.00

C. Attorney Fees and Costs

D. Any other relief this Court decides is necessary in the interest of justice.

## JURY DEMAND

Plaintiff Epps demands a jury on all issues so triable.

Respectfully submitted,

BY: _____
LARRY D. EPPS
(PRO SE)