UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY EPPS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 06-717 (PLF) |
| | ) |
| v. | ) |
| | ) |
| PAUL HOWES, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO ENLARGE TIME TO FILE ANSWER
## OR OTHERWISE RESPOND TO COMPLAINT

The federal agency Defendants, the U.S. Attorney General, and the U.S. Parole

Commission, respectfully request an enlargement of thirty days to file their answer or otherwise

respond to the complaint in this case, in which Plaintiff, Larry D. Epps, *pro se*, seeks damages for

alleged violations of his constitutional rights during his criminal prosecution for homicide in

1989. The federal agency Defendants' response is due today.

Plaintiff also brings claims against former Assistant United States Attorney G. Paul

Howes in his personal capacity. It does not appear that Mr. Howes has been served, so he is

neither a defendant yet, nor faces a deadline for filing an answer. Nevertheless, Mr. Howes has

requested representation by the Department of Justice ("DOJ") in this matter, and his application

is currently pending at the Torts Branch of DOJ, the decision-making arm of DOJ for such

requests. See 28 C.F.R. § 50.15. Because undersigned counsel anticipates that one consolidated

dispositive motion will present the most efficient resolution of this case, Defendants respectfully

request additional time for Mr. Howes' request for representation to be acted on so that one

dispositive motion may be filed on behalf of all federal Defendants. It appeared as recently as

last week that a decision or representation authority was imminent, and a long delay is still not anticipated.

It does not appear that Plaintiff will be prejudiced by this delay, because he is no longer incarcerated for the prosecution described in his complaint, he seeks only damages, and he has not served Mr. Howes yet. A proposed order is attached.

May 29, 2007                                Respectfully submitted,

                                            _____
                                            JEFFREY A. TAYLOR, D.C. Bar # 498610
                                            United States Attorney

                                            _____
                                            RUDOLPH CONTRERAS, D.C. Bar # 434122
                                            Assistant United States Attorney

                                            _____
                                            ALAN BURCH, D.C. Bar # 470655
                                            Assistant United States Attorney
                                            555 4th St., N.W., Washington, D.C. 20530
                                            (202) 514-7204, alan.burch@usdoj.gov

## Certificate of Service

I hereby certify that I caused a copy of the foregoing Defendants' Motion to Enlarge Time to File Answer or Otherwise Respond to Complaint to be served upon *pro se* Plaintiff by first class mail addressed to:

      LARRY EPPS
      DC 188-413
      D.C. JAIL
      1901 D Street, SE
      Washington, DC 20003

on this 29th day of May, 2007.

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LARRY EPPS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 06-717 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL HOWES, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

UPON CONSIDERATION of Defendants' Motion to Enlarge Time to File Answer or

Otherwise Respond to Complaint, and the entire record herein, it is hereby

ORDERED that the motion is Granted, and it is

FURTHER ORDERED that Defendants shall file their answer or other response to the

complaint on or before June 28, 2007.

So ordered this _____ day of _____, 2007.

_____
PAUL L. FRIEDMAN
United States District Judge

**Motions**

1:06-cv-00717-RMC EPPS v. HOWES et al
JURY, PROSE-NP, TYPE-L

**U.S. District Court**

**District of Columbia**

**Notice of Electronic Filing**

The following transaction was entered by Burch, Alan on 5/29/2007 at 4:59 PM and filed on 5/29/2007
**Case Name:**         EPPS v. HOWES et al
**Case Number:**     1:06-cv-717
**Filer:**                   UNITED STATES PAROLE COMMISSION
                              ATTORNEY GENERAL
**Document Number:** 14

**Docket Text:**
MOTION for Extension of Time to File Answer *or Otherwise Respond to Complaint* by ATTORNEY GENERAL, UNITED
STATES PAROLE COMMISSION (Attachments: # (1) Text of Proposed Order)(Burch, Alan)

**1:06-cv-717 Notice has been electronically mailed to:**

Alan Burch    alan.burch@usdoj.gov

**1:06-cv-717 Notice will be delivered by other means to::**

LARRY D. EPPS
DC 188-413
D.C. JAIL
1901 D Street, SE
Washington, DC 20003

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**V:\ABurch\ECF Documents\Bivens\Epps\06cv717.MTD.MTE1.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=5/29/2007] [FileNumber=1447573-0]
[0d5eaea1bf9a698a7530ab0f2edf9e71078f10d10a83c06bcad4d798aa6d361d8c20
106ae78df9b11e2608b6dc06876c9971dfcab16b50dc8b4dc9d381cace24]]
**Document description:**Text of Proposed Order
**Original filename:**V:\ABurch\ECF Documents\Bivens\Epps\06cv717.MTD.MTE1.PO.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=5/29/2007] [FileNumber=1447573-1]
[39361714521ab7c3594691cbf8e34573d39adc3ce8a148e135e7f1d3e8807f3d8d23
1ee50dbe832b65175802581915597dacc4543ba3b73ce9942e3ba8a23226]]

| U.S. DEPARTMENT OF JUSTICE | WARRANT APPLICATION |
|---|---|
| UNITED STATES PAROLE COMMISSION | D.C. Code Offender |

Name ............................. Epps, Larry

Reg. No ........................... 36966-118
DCDC No. ..................... 188-413
FBI No .......................... 278412M4
Birth Date ..................... October 13, 1955
Race ............................. Black

Date ......................................... April 4, 2007
Termination of Supervision ..... LIFE
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date .......................... December 15, 2005
Released ................................ October 7, 2005

Sentence Length ............. LIFE
Original Offense ............ Second Degree Murder

The subject should receive credit towards his re-parole guidelines from 9-8-06 thru 11-20-06 for time spent in custody on warrant dated 8-25-06.

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:

**Charge No. 1 - Failure to Submit to Drug Testing.** The releasee failed to submit urine specimens on 9-11, 9-18-06, 1-5, 2-9 and 3-16-07. This charge is based on the information contained in the violation report dated 2-6 and 3-27-07 from supervising Officer Emesha James.
I ADMIT [   ] OR DENY [   ] this charge.

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:

Cocaine and Opiates on 2-5-07

Cocaine on 2-16, 3-2 and 3-9-07

This charge is based on the information contained in the violation report dated 2-6 and 3-27-07 from supervising officer Emesha James and corresponding drug report dated 3-20-07
I ADMIT [  ] or DENY [  ] this charge.

**Charge No. 3 - Law Violation. A) Misuse of Temporary Tags; B) Possession of Drug Paraphernalia; C) Unregistered Vehicle.** On 2-4-07, the releasee was operating a vehicle which had tags that were registered to another vehicle. During the search incident to arrest, an officer recovered a syringe from the releasee's pants pocket. In addition a makeshift pipe made from a plastic bottle was located where the releasee was seated. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 2-4-07. This charge is based on the information contained in the violation report dated 2-6-07 from supervising officer Emesha James and a police report dated 2-4-07. Status of Custody/Criminal Proceedings: The subject was released on 2-12-07. A status hearing is scheduled for charges (A) and (C) on 4-9-07. A non-jury trial is scheduled for charge (B) on 5-14-07
I ADMIT [  ] or DENY [  ] this charge.

Probable Cause Hearing Is Required                    Warrant Recommended By:

                                                     *Rhonda A. Shelton*

Warrant Issued.................... April 4, 2007       Rhonda A. Shelton, Case Analyst
                                                     U.S. Parole Commission

Community Supervision Office Requesting Warrant: General Supervision Unit IX-Team 53, 1418 Good Hope Road

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY D. EPPS
D.C. Detention Facility
1901-D Street S.E.
Washington, D.C.
        20003
    Plaintiff

    V.

ATTORNEY GENERAL
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C.


UNITES STATES PAROLE COMMISSION
5550 Friendship Boulevard
Chevy Chase, MD. 20815-7201


CSOSA SUPERVISORY OFFICER, JOSEPH ALSTON
1418 GOODHOPE ROAD S.E.
WASHINGTON, D.C. 20020

CSOSA SUPERVISION OFFICER, EMESHA JAMES
1418 GOODHOPE ROAD S.E.
WASHINGTON, D.C. 20020

    AND

GOVERNMENT OF THE DISTRICT OF COLUMBIA
1350 Pennsylvania Ave., N.W.
Washington, D.C. 20004

SERVE: MAYOR ADRIAN M. FENTY
    AND ATTORNEY GENERAL, ROBERT SPAGNOLETTI
    FOR THE DISTRICT OF COLUMBIA

VERIFIED COMPLAINT FOR RELIEF

# INTRODUCTION

Plaintiff, Larry D. Epps, Respectfully submits this Complaint seeking Relief for tortious and unconstitutional actions of the United States Department of Justice, and two of it's agency's and employees, United States Department of Parole Commission, CSOSA, and the District of Columbia.

Plaintiff, Epps was paroled on October 8th of 2005 and will remain under parole supervision for Life. Plaintiff Epps has a number of medical issues for which he receives medications for on a daily bases. Plaintiff Epps, is a self employed Home improvement contractor with certification by the Government of the District of Columbia.

As a parolee on release, Plaintiff Epps was subjected to a series of Tortuous acts and unconstitutional actions. The facts and circumstances of the foregoing violations are set forth in each numbered offense.

## I  JURISDITION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. Sec. 1331 and 1343, and 42 U.S.C. Section 1983. The plaintiff invokes this Court's pendent jurisdiction to hear and decide any claims arising under state and common law.

2. Venue is proper in this Court. All of the actions described in this complaint took place in the District of Columbia.

3. This Court also has jurisdiction under 28 U.S.C. Sec. 1442 (A)(1)

# II FACTS

On August 25th 2006, the United States Parole Commission issued a warrant for Plaintiff Epps arrest based on accusations alleged by CSOSA supervision office, Emesha James.

On September 7th 2006, Petitioner or Plaintiff Epps arrived at his supposed appointment at the CSOSA office at 1:30 P.M., where he sign the register for time of arrival and requested to see CSOSA officer Emesha James.

After twenty minutes or so Officer James came out of her office and escorted Plaintiff Epps to her office where the soft tone of unusually humorous wittiness was afoot. Plaintiff Epps was completely bline sided at 2:15 P.M.; when he was arrested in his parole officer's office and she stated that Plaintiff would have to go with the two M.P.D. Officers who were arm with a warrant for Plaintiff's arrest and apprehension.

Upon the EXECUTION of the parole violation warrant, Plaintiff Epps was transported to the Seventh District Police Station where plaintiff was processed for further transport to the M.P.D. Central-Cell Block unit where plaintiff spent the night.

On September 8th 2006, The M.P.D. Transportation Unit, transported plaintiff Epps to the United States Marshall Service where plaintiff was given a copy of the said warrant-application and placed in the District Court Cell-block pending transport to the D.C. Detention Facility by the Department of Correction's Transportation Unit.

Upon execution of the warrant, plaintiff Epps, by Law, was to receive a Show Cause Hearing within, five days of his arrest in accordance with the United States Parole Commission's Manual Title: 28 C.F.R, Sec 2.101(a) of the Commission's Guideline.

Plaintiff Epps, put faith in reliance on the law govern by the United States Constitution.

Plaintiff Epps did not receive a Show Cause Hearing until the 6th day not withstanding the week end; which by September 15th 2006 Plaintiff's Due Process Right had been breached without probable cause.

Plaintiff Epps, upon seeing the examiner informed her that further confinement in this matter was unconstitutional and the matter should be dismissed on this premise.

The EXAMINER REASONED that because the United States Marshall SERVICE did Not Contact the Commission until the 8th of September this was the EXECUTION of there WARRANT.

Plaintiff Epps, in furtherance attempted to Explain that the Commission's WARRANT was EXECUTED ON September 7th 2006 At 2:15 P.M., in the CSOSA office of Emesha James, who had full Knowledge of the facts concerning the arrest and choose not to convey the information to the Commission until some days later.

Plaintiff Epps maintains and asserts that information contain in the disclosure should have EXONERATED him of all charges.

Plaintiff Epps attempted to Explain to the EXAMINER how his arrest in this matter was all medically related and due to illness. The EXAMINER ignored all reasoning and bound plaintiff over for a Revocation hearing before the Commissioner.

Plaintiff, being self employed at the time attempted to Explain that any long period of confinement would cause irreparable harm to plaintiff's newly established business.

The EXAMINER would settle for nothing less than a REVOCA-

tion hearing which would not take place for another sixty (60.) days.

Plaintiff Epps was forced to represent himself due to the conduct of the public defender who was assign to Plaintiff.

Counsel made no effort to defend the plaintiff before the Examiner and in fact remain mute during the whole procession of the Show Cause Hearing.

Plaintiff was then forced to release counsel after a legal visit, where Counsel admitted she was not experienced enough to handle plaintiff's case. Counsel wrote plaintiff a letter informing plaintiff that no one else would be assign to plaintiff's case from the Public Defender Service due to a conflect of interest.

Plaintiff had a right to no less than adequate Assistance of counsel.

On the day of the revocation hearing before Commissioner Bob Hayworth, plaintiff and the Commissioner waited for some fourty five minutes for the CSOSA Supervision Officer Emesha James, who was not present for the hearing to represent accusations set forth in the warrant.

Plaintiff Epps, with only the public record to rely upon was exonerated of all charges and re-parole and accredited all time spent in custody on warrant dated 8-25-06. (See... warrant application dated April 4th 2007.

Because of the above, plaintiff suffered a tremendous loss due to intentional malice sought by employees of the Department of Justice who lack the proper training necessary to keep from causing unnecessary infliction of physical and mental pain and suffering on individuals.

Plaintiff Epps, seeks compensatory damages for: Loss of a $36,000. 2006 Toyota Tundra pick-up Truck V8 4x4 fully loaded; $15,000. for loss of furniture; $30,000. for defult on loan with th Bank of George-Town: $9,000. in Clothing and Shoes: $1,500. for Sewing Machine; $3,200. for Stereo System and Three T.V.s 55", 42" 36"; $18,000. for tools and equiments; $18,000. for customer Service Contracts; $19,000. customer Service Contract: $7,000 in customer service Contract; $750. Customer Service contract; $1,000 Cable Bill; $3,00.⁰⁰ Electric Bill; $600.⁰⁰ Surround Sound Five disk DVD Changer; $289.⁰⁰ for All in One Printer, Fax, Copier, Scaner; $870⁰⁰ for Laptop Computer; $300.⁰⁰ for Software; $3,000,000 for Mental Anguish; $1,000,000. for Inconvience; $1,000,000, for discomfort, $1,000,000 for the interuption of Pharma co-

kinetic Medical treatment; $1,400.⁰⁰ in unpaid Rent base on a loss of Customer Service Contracts, aswellas, future Contracts.

# III. FIRST CAUSE OF ACTION

## Improper Seizure of Plaintiff — Fourth Amendment

Current CSOSA Supervision Officer, Emesha James caused plaintiff's physical seizure by misrepresenting critical facts to the United States Parole Commission that cause the Commission to issue a warrant thereby, causing a loss of liberty and the right to fundamental fairness (denial of due process).

The foregoing Constitutional violations on the part of CSOSA supervision officer Emesha James caused the Plaintiff the unnecessary loss of liberty and substantial mental anguish and suffering, along with the loss of property and earning potential.

# IV. SECOND CAUSE OF ACTION

## Deprivation of Plaintiff's Constitutional Right of Due Process — Fifth Amendment

CSOSA Supervision officer, Ms. Emesha James initiated the warrant's execution by having Plaintiff Epps arrested in her office on September, 7th 2006 at 2:15 P.M., which also actively activated the time line for plaintiff's Show Cause Hearing in accordance with the law governing Title 28 C.F.R. Section 2.101.(A)' of the United States Parole Commission's Guidelines Manual Where it states: Anyone Arrested on a parole violator warrant "Shall" receive a Show Cause Hearing within, five days of the arrest.

Plaintiff Epps was denied the benefit of a timely hearing in conjunction with the law, thereby, effectively denying plaintiff the Right to Due process prior to any decision to assure the loss of his liberty.

## V. THIRD CAUSE OF ACTION

### DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL (VIOLATION OF THE SIXTH AMENDMENT)

Plaintiff Epps was denied the Right to have effective Assistance of Counsel as provided by the Sixth Amendment.

Plaintiff was force to represent his self at the Revocation hearing before Commissioner Bob Hayworth.

# VI. FOURTH CAUSE OF ACTION

Deprivation of Plaintiff's Constitutional Right to Due Process.

## FOURTEENTH AMENDMENT

While in the custody of the District of Columbia's Department of Corrections Detention Facility, Plaintiff Epps Show Cause hearing should have been conducted within, five days by an EXAMINER for the United States Parole Commission.

On September 15th 2006, plaintiff appeared before the Examiner and qualified for immediate reinstatement of parole. However, without an adequate legal or factual basis and an inadequate due process predicate, re parole was denied. Subsequently thereto, the Examiner for the United States Parole Commission "Rubber Stamped", the charges alleged against plaintiff, by CSOSA Supervision Officer Emesha James, without conducting an investigation of the charges or a comprehensive review. Effectively denying the plaintiff his right to full procedural due process and the right to immediate liberty.

As a result of the foregoing violations plaintiff endured

EXTREME MENTAL suffering and distress. Plaintiff submits that given his status of KNOWN illnesses "qualified", his Continued detention was not only intentional infliction of MENTAL pain and suffering but also CONTRAVENED protections Against CRUEL and UNUSUAL punishment.

## VII. FIFTH CAUSE OF ACTION

Plaintiff Had A Constitutional Right to Be Confronted With the Witnesses Against Him.

### SIXTH AMENDMENT

Plaintiff Epps submits that plaintiff had A Right to be Confronted by his ACCUSER who is AN Agent/Employee of the United States Department of Justice Acting At All times under color of law when in the CAPACITE of CSOSA Supervision officer.

The CSOSA Officer that REQUESTED the WARRANT did not Attend the REVOCATION hEARING to REPRESENT the Allegations which was the initial CAUSE of A WARRANT bEING issued for the Arrest of Plaintiff.

Although, plaintiff was EXONERATED of All chARges And ACCREDITED All time spent in CustOdy from 9-7-06 thur 11-20-06, plaintiff in this MATTER suffered A tREMENDOUS loss because of the Actions sought by the Agents/EmployEEs who work in the MiNistERial capacity,

for the Department of Justice.

# VIII. SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF PHYSICAL AND MENTAL PAIN AND SUFFERING

While in custody, officials working for the D.C. Detention Facility caused Plaintiff Epps to sustain a Pharmacokinetic's interuption in medical treatment, causing long term damage to plaintiff health.

When plaintiff Epps was unnecessarily detained, The Detention facility for The District of Columbia, was sustaining a period of transision in its Medical Unit. Be this as it may, plaintiff went weeks without his daily medications due to the cut-off of one contractor and the start up of another.

Newly placed contract workers were uncertain of the enviornment due to the manner in which the transision took place.

Plaintiff Epps, would not have endured any of this had his CSOSA officer not misrepresented the facts of plaintiff's case.

Because of the misallege allegations and a ZERO-talerance mission statement, the United States Parole Commission acted with deliberate speed to issue a warrant for the arrest of the Plaintiff.

Because of the foregoing violations on the part of agents/employees who intentionally violated plaintiff's Constitutional

Rights which in this instance caused the plaintiff the UN-NECESSARY loss of liberty and substantial mental anguish and suffering. Along with the loss of property and earning potential.

## IX. SEVENTH CAUSE OF ACTION

## VIOLATION OF THE EIGHT AMENDMENT

The United States failed to properly interview and/or conduct a comprehensive background check to allow it to properly assess It's agents/employees, propensity for truth, honesty, and integrity. Moreover, the United States failed to properly train its agents/employees with respect to the correct procedual protocol for determining what would cause cruel and unusual punishment, if the facts do not warrant any proventive detention.

A material misrepresentation to the United States Parole Commission compounded by failure to represent such negligent misrepresentation contravened protections against cruel and unusual punishment.

The imposition of having Plaintiff Epps arrested was

intended to intentionally and with malice to inflict mental torment and suffering for the amusement of the CSOSA Supervision officer who sought the unwarranted action.

In each offense, plaintiff adopts and incorporate the facts and allegations in each and every preceding offense.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Epps seeks relief from Agents/Employees of the United States, The United States Parole Commission, and the District of Columbia in the amount of:

A. Compensatory damages in excess of $157,139.⁰⁰

B. Punitive damages in excess of $6,000,000.⁰⁰

C. Attorney Fees and Costs

D. Any other relief this Court decides is necessary in the interest of justice.

## JURY DEMAND

Plaintiff Epps demands a jury on all issues so triable.

Respectfully Submitted,

BY: *Larry D. Epps*

LARRY D. EPPS

(PRO SE)

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS



# C E R T I F I C A T E

**THIS IS TO CERTIFY** that all applicable provisions of the District of Columbia Limited Llability Company Act have been complied with and accordingly, this *CERTIFICATE OF ORGANIZATION* is hereby issued to:

**EPPS, PATTERSON & LASSITER GENERAL CONTRACTOS, LLC**

**IN WITNESS WHEREOF I** have hereunto set my hand and caused the seal of this office to be affixed as of the  **17th**  day of **February , 2006** .

Patrick J. Canavan, Psy. D.
Director

Business and Professional Licensing Administration

*Maxine M. Hinson*

Maxine M. Hinson
Act. Assistant Superintendent of Corporations
Corporations Division

Anthony A. Williams
Mayor

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS



# CERTIFICATE

**THIS IS TO CERTIFY** that there were received and accepted for record in the Department of Consumer and Regulatory Affairs, Corporations Division, on the **17th** day of **February , 2006** *Articles of Organization of:*

**EPPS, PATTERSON & LASSITER GENERAL CONTRACTORS, LLC**

**WE FURTHER CERTIFY** that the above named Company is in <u>Good Standing</u> and duly organized and existing according to the records of Corporations Division, having filed all reports as required by the District of Columbia Limited Liability Company Act.

**IN TESTIMONY WHEREOF I** have hereunto set my hand and caused the seal of this office to be affixed this **10th** day of **March , 2006** .


Patrick J. Canavan, Psy. D.
Director


Business and Professional Licensing Administration

Patricia E. Grays
Superintendent of Corporations
Corporations Division

Anthony A. Williams
Mayor



**DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS**
**BUSINESS AND PROFESSIONAL LICENSING ADMINISTRATION**
**CORPORATIONS DIVISION**

Government
Of the District of Columbia
DCRA
Corporations Division
P.O. Box 92300
WASHINGTON, D.C. 20090

# WRITTEN CONSENT TO ACT AS REGISTERED AGENT

TO:
The Superintendent of Corporations
Department of Consumer and Regulatory Affairs
Business and Professional Licensing Administration,

## (A) BY A DISTRICT OF COLUMBIA RESIDENT
PURSUANT TO D.C. CODE TITLE 29, and TITLE 41

I, *Larry D. Epps*

A Bona fide Resident of the District of Columbia Herein Consent to Act as a Registered
Agent For: *Epps, Patterson & Lassiter General Contractors, LLC*

Name of Business
SIGNATURE OF REGISTERED AGENT
*Larry D. Epps*
DATE: _____

## (B) BY A LEGALLY AUTHORIZED CORPORATION
THE CORPORATION HEREIN NAMED IS:

An Authorized Corporate Registered Agent in the District of Columbia, per Signatures of
its President/Vice-President and Secretary/Assistant Secretary, Herein Consents to Act as
Registered Agent
For:

NAME OF COMPANY
SIGNATURE: _____    OF PRESIDENT OR VICE-
PRESIDENT
ATTEST: _____    OF SECRETARY OR ASSISTANT
SECRETARY
DATE:
For General Information Call:
The Corporations Division - (202) 442-4432

Please check our corporate website to view organizations required to register, to
search business names, to obtain step-by-step guidelines to register an organization,

# TRUTH IN SAVINGS DISCLOSURE

Terms following a ☐ apply only if checked.

Acct: 30 Month No Penaly under 100K

Acct #: 1010028932

Date: March 03. 2006

☒ The interest rate and annual percentage yield stated below are accurate as of the date printed above. If you would like more current rate and yield information please call us at 202-355-1200

This disclosure contains the rules which govern your deposit account. Unless it would be inconsistent to do so, words and phrases used in this disclosure should be construed so that the singular includes the plural and the plural includes the singular.

We reserve the right to at any time require not less than 7 days notice in writing before any withdrawal from an interest bearing account.

☒ **FIXED RATE**

  ☒ The interest rate for your account is **4.170** % with an annual percentage yield of **4.25** %. We will pay this rate End Of Month
We will not decrease this rate unless we first give you at least 30 days notice in writing.

  ☐ The interest rate and annual percentage yield for your account depend upon the applicable rate tier. We will pay these rates

We will not decrease these rates unless we first give you at least 30 days notice in writing.

☐ **VARIABLE RATE**

  ☐ The interest rate for your account is _____ % with an annual percentage yield of_____ %. Your interest rate and annual percentage yield may change.

  ☐ The interest rate and annual percentage yield for your account depend upon the applicable rate tier. The interest rate and annual percentage yield for these tiers may change.

Determination of rate.

  ☐ At our discretion, we may change the interest rate on your account.

  ☐ The interest rate for your account_____

  ☐ The fixed initial rate is not determined by this rule.
  ☐ The initial interest rate on your account_____

Subsequent rates

Frequency of rate change
  ☐ We may change the interest rate on your account _____

  ☐ Your initial interest rate will not change _____

We may change the interest rate on your account at that time and _____ thereafter.

Limitations on rate changes
  ☐ The interest rate for your account will not_____ by more than _____ each _____.
  ☐ The interest rate will not be less than _____ % or more than _____ %.
  ☐ The interest rate will not

the interest rate initially disclosed to you.

**Minimum Balance Requirements**

☒ *To open the account.* You must deposit at least
**$1,000.00** to open this account.
☐ *To avoid imposition of fees.*
To avoid the imposition of the _____ you must meet _____ following requirements:
  ☐ A _____ of $_____
will be imposed every
if the balance in the account falls below $_____
any day of the
  ☐ A _____ of $_____
will be imposed every
if the average daily balance for the
_____ falls below $_____ . The average daily balance is calculated by adding the principal in the account for each day of the period and dividing that figure by the number of days in the period.
The period we use is
To avoid the imposition of the _____ you must meet _____ following requirements:
  ☐ A _____ of $_____
will be imposed for
transaction (withdrawal, check paid, automatic transfer or payment out of your account) if the balance in the account
falls below $_____ any day of the _____

  ☐ A _____ of $_____
will be imposed for
transaction (withdrawal, check paid, automatic transfer or payment out of your account) if the average daily balance for the _____ falls below
$_____ . The average daily balance is calculated by adding the principal in the account for each day of the period and dividing that figure by the number of days in the period.
The period we use is

☒ *To obtain the annual percentage yield disclosed.*
  ☒ You must maintain a minimum balance of
**$0.01** in the account each day to obtain the disclosed annual percentage yield.

  ☐ You must maintain a minimum average daily balance of
$ _____ to obtain the disclosed annual percentage yield. The average daily balance is calculated by adding the principal in the account for each day of the period and dividing that figure by the number of days in the period.

The period we use is

# Articles of Organization

C O P Y

Pursuant to Title 29, Chapter 10 of the District of Columbia Code (the D.C. Limited Liability Company Act of 1994), the organizer(s) named below adopt the following Articles of Organization:

FIRST:    The name of this limited liability company is Epps, Patterson & Lassiter General Contractors, LLC

SECOND:    The effective date of these articles shall be February 17, 2006.

THIRD:    The period of duration of this limited liability company shall be perpetual.

FOURTH:    The purpose for which this limited liability company has been organized is to provide commercial and residential renovation improvements; interior decorating/ design and exterior landscaping; and all other lawful purposes in the Washington, DC Metropolitan Area.

FIFTH:    The address of this limited liability company's registered office in the District of Columbia is:  212 53rd Street NE Washington, DC 20019.

SIXTH:    The name of the limited liability company's registered agent in the District is Larry D. Epps. The agent's consent to act as registered agent for the company is evidenced in the attached executed "Written Consent To Act as Registered Agent."

SEVENTH:    The limited liability company's principal place of business is Washington, DC Metropolitan Area.

EIGHTH:    The number of organizers of this company is two. The name and addresses of the organizer(s) is:

Name: Larry D. Epps          Address: 212 53rd Street NE Washington, DC 20019.
      Jerard White                  ~~P.O. Box 1023 Clinton, MD 20735.~~
                                    12000 WARDELL WAY BRANDYWIN,
                                    MD 20613

Date:  February 17, 2006

*Epps, Patterson & Lassiter General Contractors, LLC.*

By: _Larry D. Epps_

By _Jerard White_

**IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
P.O. BOX 9003
HOLTSVILLE NY 11742-9003

Date of this notice: 02-28-2006

Employer Identification Number:
06-1769537

Form: SS-4

Number of this notice: CP 575 b

EPPS PATTERSON & LASSITER GENERAL
LARRY D EPPS MBR
212 53RD ST NE
WASHINGTON DC 20019

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB OF THIS NOTICE.

## WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN). We assigned you EIN 06-1769537. This EIN will identify your business account, tax returns, and documents, even if you have no employees. Please keep this notice in your permanent records.

When filing tax documents, please use the label we provided. If this isn't possible, it is very important that you use your EIN and complete name and address exactly as shown above on all federal tax forms, payments and related correspondence. Any variation may cause a delay in processing, result in incorrect information in your account or even cause you to be assigned more than one EIN. If the information isn't correct as shown above, please correct it using tear-off stub from this notice and return it to us so we can correct your account.

Based on the information from you or your representative, you must file the following form(s) by the date(s) shown.

Form 1065                          05/15/2007

If you have questions about the form(s) or the due dates(s) shown, you can call or write to us at the phone number or address at the top of the first page of this letter. If you need help in determining what your tax year is, see Publication 536, Accounting Periods and Methods, available at your local IRS office or you can download this Publication from our Web site at www.irs.gov.

We assigned you a tax classification based on information obained from you or your representative. It is not a legal determination of your tax classification, and is not binding on the IRS. If you want a legal determination on your tax classification, you may request a private letter ruling from the IRS under the guidelines in Revenue Procedure 2004-1,2004-1 I.R.B. 1 (or superseding Revenue Procedure for the year at issue.)



BANK of GEORGETOWN

BR#: 101 ISM#: 263 CBH#: 29 TL#: 1012
Acct#: 1010028932 Post Dt: 03-03-2006
Timestamp:03-03-2006 3:31:05
NA    Amt:         $38,000.00
       Balance: $38,000.00

Deposits may not be available for immediate withdrawal.
All items are received subject to collection and the terms and conditions governing accounts.



Date Opened: 03-03-2006    Term: 30 Months    Tax ID: 06-1769537    Number: 1010028932

# Certificate of Deposit

Account Number: 1010028932

Amount of Deposit: **Thirty-Eight Thousand and 00/100**********************************    $ 38,000.00

This Time Deposit is Issued to:

Issuer:

Epps, Patterson & Lassiter General Contractors, LLC
212 53rd Street, NE
Washington, DC 20019

Bank of Georgetown
1054 31st Street, Suite 18
Washington, DC 20007

Not Negotiable – Not Transferable – Additional terms are below.

By _Jonathan D. H._____

## Additional Terms and Disclosures

This form contains the terms for your time deposit. It is also the Truth-in-Savings disclosure for those depositors entitled to one. There are additional terms and disclosures on page two of this form, some of which explain or expand on those below. You should keep one copy of this form.

Maturity Date: This account matures **08-31-2008**
(See below for renewal information.)

Rate Information: The interest rate for this account is **4.170** % with an annual percentage yield of **4.25** %. This rate will be paid until the maturity date specified above. Interest begins to accrue on the business day you deposit any noncash item (for example, a check). Interest will be compounded **Monthly**. Interest will be credited **End Of Month**

☒ The annual percentage yield assumes that interest remains on deposit until maturity. A withdrawal of interest will reduce earnings.

☐ If you close your account before interest is credited, you will not receive the accrued interest.

The NUMBER OF ENDORSEMENTS needed for withdrawal or any other purpose is:

Minimum Balance Requirement: You must make a minimum deposit to open this account of $ **1,000.00**
☐ You must maintain this minimum balance on a daily basis to earn the annual percentage yield disclosed.

Withdrawals of Interest: Interest ☐ accrued ☐ credited during a term can be withdrawn:

Early Withdrawal Penalty: If we consent to a request for a withdrawal that is otherwise not permitted you may have to pay a penalty. The penalty will be an amount equal to:
**< = 1 year 90 days else 180 days**
interest on the amount withdrawn.

Renewal Policy:
☐ Single Maturity: If checked, this account will not automatically renew. Interest ☐ will ☐ will not accrue after maturity.
☒ Automatic Renewal: If checked, this account will automatically renew on the maturity date. (see page two for terms)
Interest ☒ will · ☐ will not accrue after final maturity.

ACCOUNT OWNERSHIP: (select one and initial)
☐ Single Party Account    _____
☐ Multiple Party Account    _____
☐ Trust – Separate Agreement dated: _____    _____
☐    _____

Rights at Death: (select one and initial)
☐ Single Party Account    _____
☐ Multiple Party Account with Right of Survivorship    _____
☐ Multiple Party Account without Right of Survivorship    _____
☐ Single Party Account with Pay on Death    _____
☐ Multiple Party Account with Right of Survivorship and Pay on Death    _____

Pay On Death Beneficiaries: To add Pay On Death Beneficiaries' name one or more:

TIN: **06-1769537**
Social Security or Employer's I.D. Number: A correct taxpayer identification number is required for almost every type of account. A certification of this number is also required and is contained on the first copy of this certificate.

Backup Withholding - A certification that you are not subject to backup withholding is necessary for almost all accounts (except for persons who are exempt altogether). This certification is contained on the first copy of this form. Failure to provide this certification when required will cause us to withhold a percentage of the interest earned (for payments to the IRS). Providing a false certification can result in serious federal penalties.

ENDORSEMENTS - SIGN ONLY WHEN YOU REQUEST WITHDRAWAL
X
X
X