CERTIFICATE

    I, SHARON GERVASONI, Attorney in the Office of General Counsel, United States

Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland, 20815, certify that the

attached documents are true copies of documents contained in the parole file of **Larry D. Epps,**

Register Number **36966-118,** reviewed by me on the date stated below.

    IN WITNESS WHEREOF, I have signed this  day of May, 2007, and have affixed the

seal of the United States Parole Commission.



                          Sharon Gervasoni
                          Assistant General Counsel
                          U.S. Parole Commission

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

vs.

_Larry D. Epps_
_AKA James Washington_

Case No. _F 9286-88 B_

PDID No. _304-430_

#99 MAX

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _B_
_Second Degree Murder_

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _Count (B)_
_Not less than 18 yrs. and more than Life._

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☑ MANDATORY MINIMUM term does not apply.

☑ ORDERED that the defendant be committed to the custody of **the Attorney General** for imprisonment for
the period imposed above. _PSI attach._

☐ ORDERED that the defendant be committed to the custody of **the Attorney General** for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to **Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].**

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

  ☐ Observe the general conditions of probation listed on the back of this order.

  ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
  written notice from your Probation Officer.

  ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:
  _____

  ☐ Restitution of $_____ in monthly installments of $_____ beginning
  _____ (see reverse side for payment instructions). The Court
  will distribute monies to _____.

  ☐ _____

Costs in the aggregate amount of $ _250.00_ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☑ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

_6/23/89_
Date

_Peter H. Wolf_
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

_6/23/89_
Date

_10:15 A.m_

Deputy Clerk

_Ex. 1_

Tape _____ at _____
TA 098-222

## DISTRICT OF COLUMBIA BOARD OF PAROLE
### PAROLE DETERMINATION RECORD
### PAROLE HEARING
### ADULT

RE: Epps, Larry_____        188-413        304-430
    Inmate's Name              DCDC#          PDID#

BIRTHDATE: 10-13-55_____    BOP DOCKET # H97044-0063

LOCATION: MAX_____    CONSIDERATION DATE: 4-23-97

TYPE OF CONSIDERATION:  ☑ Early Initial    ☑ Reconsideration

LAST BOARD ACTION, DATED___N/A____ :_____

_____

ANALYST:_____    PREPARATION DATE:_____

HEARING OFFICIALS: Lyons_____

OTHERS PRESENT:_____

☐ NO DISPOSITION, REASON: _____
    ☐ Reschedule by _____    ☐ Do Not Reschedule

INSTANT OFFENSE AND SENTENCE IMPOSED: Murder II
    12 yrs / Life._____

PRIOR OFFENSES:_____

_____

_____

_____

QUALITY ASSURANCE

ANALYST:_____    DATE: 5/12/97

Ex. 2

RE: Epps, Larry
     Inmate's Name

188-413
DCDC#

304-430
PDID#

DATES SENTENCES BEGAN:            6-26-90

FULL TERM DATE:                   Life

MANDATORY RELEASE DATE:           Life.

PAROLE ELIGIBILITY/RECONSIDERATION DATE:  10-8-97

CONTINUALLY INCARCERATED SINCE:   _____

NUMBER OF PAROLE CONSIDERATIONS THIS SENTENCE:   0

POINT ASSIGNMENT GRID SCORE AT LAST HEARING:   N/A

DETAINERS, PENDING CASES, SPLIT OR CONSECUTIVE SENTENCES:  Nar.

INSTITUTIONAL RECOMMENDATION AT THIS CONSIDERATION: Deny

_ANY SPECIAL INSTRUCTIONS FROM PRIOR CONSIDERATION: N/A

_OTHER PROGRAM RECOMMENDATIONS (Note Source): _____

_DESCRIBE PROGRAMMING COMPLETED, OR OTHER COMMENTS: _____

Data Entry

CrED

Literary training.

_    HO: _____

RE: **Epps, Larry** _____         188-413        304-430
    Inmate's Name                                    DCDC#          PDID#

FACTS OF INSTANT OFFENSE: O/A 7-13-88 police responded to a shooting at about 9:40 pm, when they entered the apt, they observed a black male lying on the living room floor with a gun shot wound to the head. The victim was pronounced dead at 11:10 pm. A witness in the apt

    HO: heard the gun shot — and ran into the bedroom and saw suspect standing over the victim with gun in hand at which time suspect ran toward the witness

VICTIM IMPACT REMARKS: with the gun the witness struggle was ensued over the gun. The witness ended up jumping out 3rd floor window.

_____
_____
_____

FACTS OF NEW CRIMINAL OFFENSES OR DISCIPLINARY REPORTS:_____
Subj received a Class I DR Poss. Major Contrab. I - THC
Poss. Contrab. II - 500
_____
_____

    HO:_____
_____
_____
_____

PDS.200 11/16/94                    3

RE: **Epps, Larry**
    Inmate's Name

<u>188-413</u>
DCDC#

<u>304-430</u>
PDID#

ANALYSIS OF CRIMINAL HISTORY, SUBSTANCE ABUSE, MENTAL HEALTH PROBLEMS, AND TREATMENT ATTEMPTS:

_Defent los a very extensive Crial hist dug level + t the 70's al los been ongoing up until the I/o. It would appear that his Criml conduct has been escalating with in Severity will each arrest al convict until._

HO: _Murder II (I/o) - His arrest & Correction involvent had little positive effect on deterring his Crml conduct._

PERFORMANCE UNDER ANY TYPE OF COMMUNITY SUPERVISION:

_Defe los been on Prob & Probat using AKA's Deft un also on Prole for Bur II at tm of I/o_

HO:

RE: Epps, Larry _____          188-413          304-430
    Inmate's Name                              DCDC#            PDID#

## ANALYSIS AND CONCLUSIONS

REGARDING INMATE'S INSTITUTIONAL ADJUSTMENT AND PAROLE POTENTIAL

_Subj also has AID - He
has been turn down for medical
Parole. -_

HO: _Subj has made a good effort toward
self-improvt - he complete several
progms - He did recive a Class I + II
DR in 1993. Four years ago, -
He has been in good standing for
the past 4yrs - He is not
with the BOP guide for Parole - I will
only recommend - a 1yr set-off
in the event do to that he is
remorseful - and has made a
good effort_

RE: **Epps, Larry** _____        188-413          304-430
        Inmate's Name                                                    DCDC#            PDID#

## SALIENT FACTOR SCORE
Initial Hearing Only

Anl ____    HO *0*    **Prior Convictions or Adjudications (Adult or Juvenile):**

| | Year | Offense | Sentence |
|---|---|---|---|
| 1. | 1-21-75 | Tampry With Conviction | Guar Prob MS |
| 2. | 3-2-76 | Conceall Weapn | 3mospeds Fm MB |
| 3. | 7-13-76 | B&F | 12 mos prob MS |
| 4. | 9-4-76 | Unlaw Entry Uenly mally/PTA - Comp FTCA DC |
| 5. | 3-16-79 | Poss Burglary, B&E. | 18 mos/Spn. Uce. |
| OTHERS | 10-26-83 | Poss Cocn | Probat Revol - 90days PC. |
| | 1-5-84 | Dog II | ?? DC. |

____    *0*    None..3    One..2    Two-three..1    Four or more..0

____    *0*    **Prior Commitments Longer than Thirty Days (Adult or Juvenile)**
              None..2    One-two..1    Three-four..1    Five or more..0

____    *0*    **Prior Commitments in the Three Years Preceding Current Offense**
              None..1    One or more..0

____    *0*    **Status at Time of (or Included in) Current Offense**
              Not on probation, parole, confinement or escape status..1
              On probation (parole,) confinement, or escape status..0

____    *1*    **Age at Current Offense (in Years)**
              26 or more..2    20-25..1    19 or younger..0
              *0*    Regardless of age, five or more prior commitments..0

____    *0*    **History of Heroin/Opiate Dependence**
              No..1    Yes..0

____    *2*    **TOTAL SCORE**

| 10-9 (Low Risk) = 0 Points | 8-6 (Fair Risk) = 1 Point |
|---|---|
| 5-4 (Moderate) = 2 Points | 3-0 (High Risk) = (3 Points) |

[ ]    *3*    **INITIAL POINTS**

### NEGATIVE INSTITUTIONAL BEHAVIOR
INITIAL

☐ ☐  1 Class I murder, manslaughter, kidnapping, armed robbery
☐ ☐  1 Class offense other than above during last ½ of minimum
     sentence, except not less than 12 months or more than 3 years
     preceding hearing
☐ ☐  2 Class II offenses

RECONSIDERATION

☐ ☐  1 Class I offense (since last consideration)
☐ ☐  2 Class II offenses (since last consideration)

### SUSTAINED PROGRAM OR WORK ASSIGNMENT ACHIEVEMENT

☐ ☐  1 or 2 educational or vocational programs, or program levels which
     enabled offender to develop an academic or job-related skill, or
     progress to higher level of difficulty or skill in program area
☐ ☐  Received G.E.D.
☐ ☐  Received A.A. or B.A.
☐ ☐  1+ short-term special needs programs for an identified problem
     (e.g., drug treatment, psychological counseling)--not 2-day DAATP
☐ ☐  1+ work details for at least 1/3 of this period of incarceration

RE: Epps, Larry _____          188-413          304-430
   Inmate's Name                              DCDC#            PDID#

## POINT ASSIGNMENT GRID

| | INITIAL PAROLE HEARING | | | | RECONSIDERATION |
|---|---|---|---|---|---|
| Salient Factor Score | 10-9 | 8-6 | 5-4 | 3-0 | Point Assignment Grid Score Total From Previous Consideration |
| Degree of Risk | +0 Low | +1 Fair | +2 Mod. | +3 High | |
| Current or 2+ Prior Felony Convictions Where Offense Involved Violence, Weapons, or Drug Trafficking | Anl  HO | Anl  HO | Anl  HO | Anl  HO | Anl        HO |
| | +1  +1 | +1  +1 | +1  +1 | +1  (+1) | _____    _____ |
| Negative Institutional Behavior | +1  +1 | +1  +1 | +1  +1 | +1  (1) | +1       +1 |
| Sustained Achievement | -1  -1 | -1  -1 | -1  -1 | -1  (-1) | -1       -1 |

**TOTAL POINTS THIS CONSIDERATION:** _____      _____
                                        **Analyst**        **Hearing Official**

Initial        Reconsideration    DECISION GUIDELINE RECOMMENDATION
☐  0-2             0-3             Grant parole
☐  3-5             4-5             Deny parole, schedule reconsideration

                                   SETOFF GUIDELINE RECOMMENDATION
☐  Less than five years remain     reconsider within 6 mos. of hearing
☐  Five or more years remain       reconsider within 12 mos. of hearing


ANALYST'S RECOMMENDED DISPOSITION:_____

_____

      Disposition Codes:  _____ - _____ - _____    _____ - _____ - _____

SPECIAL INSTRUCTIONS/CONDITIONS:

      Code:_____    _____

      Code:_____    _____

      Code:_____    _____

      Disposition is Inside Guidelines    ☐ Yes    ☐ No
      Setoff is Inside Guidelines         ☐ Yes    ☐ No

COUNTERVAILING FACTOR CODES:  _____    _____    _____    _____

      SUPPORTING FACTS_____

      _____

      _____

RE: <u>**Epps, Larry**</u>                              <u>188-413</u>      <u>304-430</u>
    Inmate's Name                              DCDC#          PDID#

OTHER REMARKS:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

☐ <u>Subject confirms plan information in progress report</u>

☐ <u>Changes in plan information:</u>

_____

PDS.200 11/16/94                    **8**

RE: Epps, Larry                                    188-813          304-430
    Inmate's Name                                  DCDC#            PDID#

## HEARING OFFICIAL'S RECOMMENDATION

☐ ACCEPT ANALYST'S RECOMMENDATION (on Page 7)

☐ OTHER RECOMMENDED DISPOSITION: _Deny Parl, reconsider for_
_Parl eg. 10-8-98_

    Disposition Codes: _DE - 01 - 41_      _____ - _____ - _____

SPECIAL INSTRUCTIONS/CONDITIONS:

    Code: _27_    _CCPP._

    Code: _01_    _No DDS_

    Others: _05 Prog. Pwling._

    Disposition is Inside Guidelines   ☑ Yes    ☐ No
    Setoff is Inside Guidelines     ☐ Yes    ☐ No

COUNTERVAILING FACTOR CODES: _____ _____    _____ _____

STAFF FOLLOWUP ACTIONS: _____

BY: _____     DATE: _4.23.97_
    Hearing Official

CONCURRENCE: Based on examination of the relevant information in this case, the Board concurs with the disposition recommended by the Hearing Official, and hereby orders the issuance of the appropriate implementing documents.

Board Member: _____ Date: _4/28/97_

Board Member: _____ Date: _____

Board Member: _____ Date: _____

## NONCONCURRENCE--See Attached Form BOP.902

☑ Erias Hyman    ☐ Donald Streater    ☐ Polly Nelson

☐ Margaret Quick    ☐ Marcelino Cruces

PDS.200 11/16/94          9

## DISPUTED CASE

### CONCURRING BOARD MEMBERS' COMMENTS

_____
_____
_____
_____
_____

### NONCONCURRING MEMBERS' COMMENTS AND ALTERNATIVE DISPOSITIONS

**#1 BOARD MEMBER:** _____  **Date:** 4·28·97

S's conduct finally culminates in the ultimate offense. He needs a long set off to afford himself sufficient time to ponder career change.

**Alternative Disposition:** _____

Deny Parole; reconsider By - 10·8·2002

**Codes:** DE _01_ 61 ___ - ___ - ___

**Special Instructions/Conditions:** (3)(6)(7)(9), 26, 27

**Countervailing Factors:** 61, 64, 67, 69

**#2 BOARD MEMBER:** R. J. A. Ste.  **Date:** 5/1/97

☑ Agree with # 1 _____

_____
_____

**#3 BOARD MEMBER:** _____  **Date:** 5/7/97

☐ Agree with # 1 _____

_____
_____

BOP.902   11/16/94            1

 

# The Board of Parole
## of the
# District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 188-413            **NAME** LARRY D EPPS

**DOB** 10/15/1955          **SSN** 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      **LOCATION** MAXIMUM

**DOCKET** H9704-0063       **CONSIDERATION TYPE** H:EARLY INITIAL

The District of Columbia Board of Parole issues the following **ORDER:**

DENY PAROLE; RECONSIDER FOR PAROLE BY 10/08/2002

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

PROGRAM PARTICIPATION
WORK DETAIL
NO NEW DISCP. REPORTS
PSYCHOLOGICAL COUNSELING
 INTENSIVE DRUG PROGRAM/SUBSTANCE ABUSE PROGRAM
 CCRP

Remarks:

_5/12/97_
05/07/1997
Date

Margaret Quick - 1
Chairman
on behalf of the Board of Parole

Seal

NOA Date _5/14/97_ by _____

[ Parole Determination File ]

E4.3

RE: _Epps, Larry_ DCDC# _188-413_ Board Order Date: _5/7/97_

**Code #** / **Reasons for the Board's Decision are Circled Below:**

20  As Recommended by Point Assignment Grid Score (a Numerical Risk Measurement) of: _4_

30  Set-off is Outside Parole Guidelines Recommendation Due to Countervailing Factors

21  Exceptional Program or Work Assignment Achievement
Successful completion of appropriate educational or vocational programs or program levels which increased the likelihood the offender will remain crime-free in the community, OR exceptional and sustained performance in one or more work details which increased the likelihood the offender will remain crime-free in the community, OR maximum effort to participate in appropriate programs, but opportunities for programming were not available, and offender's programming needs can be met in the community.

22  Record of Nonviolent Offenses
criminal convictions have not involved injury or threat of injury to others

23  Substantial Crime-Free Period
in the 5 years prior to committing instant offense, subject was not committed for more than 30 days on any offense, AND offender has otherwise demonstrated an ability to remain crime-free in the future

24  Substantial Previous Period in Custody on Other Sentences or Additional Committed Sentences
offender has demonstrated during this continuous period in custody, which included or will include other sentences, that he or she is ready to be paroled to the community or to his or her consecutive sentence

25  Substantial Cooperation with the Government
documented special or unusual assistance to DCDC or another government agency which made an exceptional contribution to the health, welfare, or safety of persons or property

29  Availability of Community Resources Leading to Better Parole Prognosis
an opening or opportunity for offender to participate in a program, service or other accommodation in the community, AND that will meet the offender's identified needs and lead to reduced risk to the community or another person

28  Poor Medical Prognosis
terminally ill or sufficiently debilitated so that the likelihood of repeated criminal involvement or risk to the community or other person is minimal

26  Other Changes in Circumstances
capabilities or characteristics of offender have changed in ways that minimize the likelihood of repeated criminal involvement, or risk to the community or other person

61  Prior Failure Under Community Supervision
offender's prior negative conduct while under community supervision is likely to be repeated if again released to the community

69  Ongoing or Repetitive Criminal Behavior
failure to remain free of criminal activity over sustained periods of time, OR instant offense is similar to a prior offense and is likely to be repeated

62  Prior Record of Violent Behavior
prior record of violent behavior that creates an unacceptable risk to public safety

53  Instant Offense Involved Unusual Cruelty to Victims
physical, mental, or emotional abuse beyond the degree needed to sustain a conviction on the instant offense, OR especially vulnerable victims (for example, children or elderly persons victimized by assaultive, exploitive, or fraudulent behavior)

54  Serious Negative Institutional Behavior
documented criminal conduct or breach of institutional rules, the severity, frequency, or recent occurrence of which indicates that subject is not ready to remain crime-free in the community

55  Opportunity but Little Effort to Engage in Productive Programming or Work
an opportunity for productive programming or work was made available by the Department of Corrections, parole officer, or other agency or employer, AND offender was able but failed to make appropriate use of that opportunity

56  Absence of Community Resources Which Ensure Safety of the Community
unavailability of necessary services to support offender's personal or community adjustment, and minimize risk to the community, offender, or other person

7  Needs Programming to Remain Crime-Free in the Community
offender requires appropriate programming to address the underlying cause of his or her criminal conduct and reduce the risk to the community

0  Other:_____      _Margaret Quick_ - 1

OP.301  11/1/95



(RHO-S)

&lt;SUMCODE-DCRERESA_SUM&gt;

### D.C. REHEARING/RESCISSION HEARING SUMMARY
### ADULT AND YOUTH
### (INITIAL HEARING PRIOR TO 8/5/98)

**Offense of Conviction - Murder 2nd Degree**

| | | | |
|---|---|---|---|
| **Name** | :EPPS, Larry | **Institution** | :Atlanta USP |
| **D.C. No** | :36966-118 | **Short Term Date:**Not applicable | |
| **Date of Birth** | :10-13-55 | **Full Term Date:**Life | |
| **Date Dictated** | :09-23-2002 | **Fines/Restitution/Court Assessment:**$250 | |
| | | **Detainer** | :None |
| | | **Reviewer** | :Sam Shoquist |

## I. PREVIOUS PAROLE BOARD ACTION:

Please see pre-hearing review dated 09-12-2002.

## II. INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:

Since his last hearing before the DC Board in May 1997, subject has continued to program well. He has earned a number of certificates while confined in DOC custody and has continued to program well in the BOP. Subject has been at this institution for approximately one year and has already earned the level of Pay Grade 1 working in Unicor in the sewing section. He receives outstanding work reports.

Subject has obtained his GED in 1992 while confined in DOC custody in a contract institution.

Subject has also been involved in psychological counseling. A report was submitted dated 09-19-2002 that gives a comprehensive review of this individual in the 12-page narration. That report indicates that subject has made little progress in his efforts to gain individual therapy. Also, according to one of the testing instruments, there is indication that there may be a 50% chance of reinvolvement in violent behavior in the next 7-10 years based upon the crime of murder, rather than self-defense as subject argues.

Subject also presented copies of the various certificates that he has received while confined in DOC and BOP custody and this examiner would agree that he has programmed very well.

Upon release, subject indicates that he would like to relocate to California where he has support from family and friends. He indicates that he would likely work as a tailor as that is

EPPS.369

Page 1 of 3

*Ex. 4*

(RHO-S)

what he is trained well to do.

## III.   MISCONDUCT DETAILS:

Subject has remained incident-free since his last hearing before the DC Board.

## IV.   GRID SCORE:

Subject had a point score of 4 entering this hearing and based on programming he would reduce his point score by 1 point and would have a parolable score of 3.

## V.   CODEFENDANTS:

None.

## VI.   RISK:

Based on the serious nature of the instant offense involving the taking of a life subject must be considered a serious risk.

## VII.   EVALUATION:

Subject does have a point score of 3 which under the DC parole procedures is a parolable score unless there are overriding factors. This examiner believes that subject should be denied parole at this juncture and a decision made above the guidelines based upon the fact that subject had a prior conviction for possessing a weapon and burglary-related convictions before again using a weapon to take a life.

Subject claims that the incident was self-defense, indicating that this New York drug dealer who was in Washington, DC was about to take his life when he had to resort to using the weapon that he was carrying to shoot this individual. Subject indicates that he panicked after committing the shooting and left the scene. He states that he subsequently turned himself in on 08-09-88 and was in custody until 04-02-90 at DOC Maximum Facility. However, according to the sentence computation information, subject had only 6 months jail time credit prior to his coming into custody on 06-26-90. Subject indicates that he had actually been released on 04-02-90 by authorities and was involved in a drug treatment program before being returned to custody on 06-26-90 when he was sentenced after pleading on the 2nd degree murder case. Subject indicated that the motivation for him to plead to the 2nd degree murder case was based in part upon authorities having indicted him on another murder in which he had been present in the area but had actually not witnessed. He indicated that the government was attempting to gain his assistance in cooperating and subject was encouraged by his brother who is a DC Police Officer to accept the plea agreement of the 2nd degree murder in the current offense for dropping of the other case. Subject claims that he had nothing to do with the other case. ...in order for the government to gain leverage in getting him to cooperate in that matter. He indicated that the actual individual that did commit the murder was found not guilty by a jury

(RHO-S)

trial and another individual who had given information about the murder who was not guilty ended up getting 16 years.

Subject maintains that he is not a violent offender and that he could have avoided the entire matter by not being in the area where the New York drug dealer was doing business with others buying drugs out of a friend's apartment.

While it is true that subject has programmed extremely well and has no doubt matured during his 153 months in custody, the fact remains that the subject did take a life. The DC Board did give him a 5-year set-off at the last hearing and this examiner believes that an additional set-off is appropriate at this juncture. However, the DC guidelines call for 0-12 months before scheduling a rehearing. The examiner recognizes that the subject has a parolable point score but believes that the overriding factor is that his criminal activities did involve burglaries and possession of a weapon prior to his again using a weapon to commit the instant offense.

## VIII.  RECOMMENDATION:

Deny parole and continue for a rehearing in September 2003 after the service of 12 months from the rehearing date of 09-23-2002.

## IX.   REASONS:

You have a total point score of 3 under the guidelines for DC Code offenders. The guidelines indicate that parole should be granted at this time. However, a departure from the guidelines at this consideration is found to be warranted because you had a conviction for possessing a weapon and burglary-related convictions before again using a weapon to take a life.

ALG
September 27, 2002

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action**

| | |
|---|---|
| Name:  EPPS, Larry | Institution:  Atlanta USP |
| Register Number: 36966-118 | |
| DCDC No:  188-413 | Date:      October 8, 2002 |

In the case of the above-named, the following parole action was ordered:

Deny parole.  Continue for a rehearing in September 2003, after the service of 12 months from your rehearing date of September 23, 2002.

**REASONS**:

Your Grid Score at your last hearing was 4 point(s).  You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.

Under the guidelines for D.C. Code offenders, your current Total Point Score includes -1 point for ordinary program achievement since your last hearing.

With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 3. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.  Those guidelines indicate that parole should be granted at this time.  After consideration of all factors and information presented, a departure from the guidelines at this consideration is warranted because you had a conviction for possessing a weapon and burglary-related convictions before again using a weapon to take a life.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C.  20001

EX-15

U.S. Department of Justice                                   **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Name:  EPPS, Larry                              Institution: Atlanta USP
Register Number: 36966-118
DCDC No: 188-413                                Date: December 30, 2004

As a result of the hearing conducted on December 7, 2004, the following action was ordered:

Parole effective June 8, 2005.

NOTE:  Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission.  Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency, which will submit a report to the Commission before a parole certificate can be delivered.

You shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**REASONS**:

Your Grid Score at your last hearing was 3 point(s).  You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.

Under the guidelines for D.C. Code offenders, your current Total Point Score includes -1 point for ordinary program achievement since your last hearing.

With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 2. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.  Those guidelines indicate that parole should be granted at this time.  After consideration of all factors and information presented, a departure from the guidelines at this consideration is not warranted.


THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.


cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C.  20001

---

Ex.6

U.S. Department of Justice                                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: EPPS, Larry                                      Institution: Atlanta USP
Register Number: 36966-118
DCDC No: 188-413                                       Date: July 13, 2005

---

As a result of the hearing conducted on June 28, 2005, the following action was ordered:

Rescind parole grant effective date of June 8, 2005. Parole effective September 8, 2005. This requires the additional service of 3 months.

NOTE: Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission. Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency, which will submit a report to the Commission before a parole certificate can be delivered.

You shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**REASONS:**

You have committed 1 drug-related infraction(s). Guidelines established by the Commission indicate a range of up to 8 months be added to your guideline range for each drug-related infraction.

Your rescission guideline range is 0-8 months to be added to your original parole effective date of June 8, 2005. After consideration of all relevant factors and information presented, a departure from the guidelines at this consideration is not warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

---

Ex. 7

U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name: EPPS, Larry                              Institution: Atlanta USP
Register Number: 36966-118
DCDC No:  188-413                              Date:      September 7, 2005

---

In the case of the above-named, the Commission orders pursuant to 28 C.F.R. §2.83(d):

Reopen and retard parole effective date of September 8, 2005 by 30 days and parole effective October 8, 2005.

**With the special condition(s) as indicated below:**

In addition, you shall reside in and participate in a program of a Community Corrections Center as instructed by your Supervision Officer until discharged by the Center Director, but no later than 120 days from admission.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**REASONS**:

The Commission has determined, based upon a progress report from the Bureau of Prisons, that you have substantially maintained good institutional adjustment. Additional time, however, is needed to process placement in a CCC.

THE ABOVE DECISION IS NOT APPEALABLE.

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C.  20001

---

Ex. 8

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) Epps, **Larry**, Register No. **36966-118**, (DCDC No. **188-413**) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on **October 8, 2005** and remain under parole supervision through **LIFE**. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on September 29, 2005.

UNITED STATES PAROLE COMMISSION

By: Dawn M. Booze-Hill, Case Services

**Technician**

Docket/Case Number: F9286-88B
Initial Risk Category: SFS - 2

**Acknowledgement of Release Conditions**
I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**
By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

|  |  |
|---|---|
| Name | DCDC No. |

Witnessed: _____

|  |  |
|---|---|
| Name and Title | Date |

The above-named inmate was released on the _____ day of _____, 20_____ with a total of _____ days remaining to be served.

_____
Official Certifying Release

Queued: 09-29-2005 12:08:45 BOP-Atlanta USP | BOP-Hope Village CCC |

Ex - 9

This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1. A. You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.
   B. If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.
2. You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.
3. You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.
4. You must notify the officer supervising you within two days of (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.
5. You must permit the officer supervising you to visit your place of residence and your place of business or employment.
6. You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.
7. You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.
8. You must not violate any law and must not associate with someone else who is violating any law.
9. You must not possess a dangerous weapon, which includes ammunition.
10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.
11. You must not associate with a person who has a criminal record without permission from the officer supervising you.
12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.
13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.
14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.
15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.
16. If you are required by law to report and register as a sex-offender, you must comply with that law.
17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.
18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.
19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.
20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

Queued: 09-29-2005 12:08:45 BOP-Atlanta USP | BOP-Hope Village CCC |

## SPECIAL CONDITIONS

In addition, you shall reside in and participate in a program of a Community Corrections Center as instructed by your Supervision Officer until discharged by the Center Director, but no later than 120 days from admission.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.



Queued: 09-29-2005 12:08:45 BOP-Atlanta USP | BOP-Hope Village CCC |

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name.............................. **Epps, Larry**

Reg. No ........................... **36966-118**
DCDC No. ..................... **188-413**
FBI No ........................... **278412M4**
Birth Date ...................... **October 13, 1955**
Race ............................... **Black**

Date.......................................... **April 4, 2007**
Termination of Supervision ..... **LIFE**
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date ......................... ~~**December 15, 2005**~~ 9/11/06
Released ................................. **October 7, 2005** *per*

Sentence Length............ **LIFE**
Original Offense ............ **Second Degree Murder**

**The subject should receive credit towards his re-parole guidelines from 9-8-06 thru 11-20-06 for time spent in custody on warrant dated 8-25-06.**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**

**Charge No. 1 - Failure to Submit to Drug Testing.** The releasee failed to submit urine specimens on 9-11, 9-18-06, 1-5, 2-9 and 3-16-07. This charge is based on the information contained in the violation report dated 2-6 and 3-27-07 from supervising Officer Emesha James.
**I ADMIT [ ] or DENY [ ] this charge.**

Ex-10

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs**. The releasee submitted urine specimens which tested positive for:

Cocaine and Opiates on 2-5-07

Cocaine on 2-16, 3-2 and 3-9-07

This charge is based on the information contained in the violation report dated 2-6 and 3-27-07 from supervising officer Emesha James and corresponding drug report dated 3-20-07
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 3 - Law Violation. A) Misuse of Temporary Tags; B) Possession of Drug Paraphernalia; C) Unregistered Vehicle.** On 2-4-07, the releasee was operating a vehicle which had tags that were registered to another vehicle. During the search incident to arrest, an officer recovered a syringe from the releasee's pants pocket. In addition a makeshift pipe from a plastic bottle was located where the releasee was seated. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 2-4-07. This charge is based on the information contained in the violation report dated 2-6-07 from supervising officer Emesha James and a police report dated 2-4-07. Status of Custody/Criminal Proceedings: The subject was released on 2-12-07. A status hearing is scheduled for charges (A) and (C) on 4-9-07. A non-jury trial is scheduled for charge (B) on 5-14-07
**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**

**Warrant Recommended By:**

*Rhonda A. Shelton*

Warrant Issued.................. **April 4, 2007**

**Rhonda A. Shelton, Case Analyst**
**U.S. Parole Commission**

Community Supervision Office Requesting Warrant: **General Supervision Unit IX-Team 53, 1418 Good Hope Road**

# D.C. PROBABLE CAUSE HEARING DIGEST

Name.............................: **Epps, Larry**

Reg. No. .........................: **36966-118**

Type of Release ............: **Parole**

Full Term Date When Warrant Issued..: **LIFE**

Date Warrant Executed.: _4.16.07_

Hearing Date ........: _4.20.07_

Examiner...............: _Hawk_

Supervision Officer: **Emesha James**

## Attorney at Probable Cause Hearing:

[X] PDS      [ ] Other      [ ] None

Name _Asing_

Address _____

_____

Phone _____

## Attorney Representing Subject at Revocation Hearing:

[X] PDS      [ ] Other      [ ] Unknown

Name _Same_

Address _____

_____

Phone _____

## I. Items Advised *(Check that the subject has been advised of the following two rights)*:

[✓] Advised of Right to a Probable Cause Hearing   [X] Advised of Right to Attorney

## II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason}:*

N/A [ ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

[ ] At Request of Attorney/Prisoner          [ ] Prisoner Unavailable

[ ] Other Reason:_____

[ ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

Ex. 11

## III. Review of Charges:

**Charge No. 1 - Failure to Submit to Drug Testing**

[ ] ADMITS      [X] DENIES

The Subject's Response:

_____

_____

_____

_____

[X] **Probable Cause Found.** After considering the violation report dated 2-6, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

Based on CSO Report

_____

_____

[ ] **No Probable Cause Found**

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs**

[ ] ADMITS      [X] DENIES

The Subject's Response:

_____

_____

_____

_____

[X] **Probable Cause Found.** After considering the violation report dated 2-6, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

Based on CSO Report

Epps, Larry
Reg. No. 36966-118     DCDC No. 188-413

[   ] **No Probable Cause Found**

**Charge No. 3 - Law Violation.  A) Misuse of Temporary Tags; B) Possession of Drug Paraphernalia; C) Unregistered Vehicle.**

[   ] **ADMITS**          [ X ] **DENIES**

The Subject's Response: *goes to court soon n (5-14-07) Drug Paraphernalia*
*He has a ticket to pay on 3-a & 3-C*

[ X ] **Probable Cause Found.**  After considering the violation report dated 2-6-07, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding: *Based n CSO Report*

[   ] **No Probable Cause Found**

## IV.  Additional Charges: *none*

## V. Outcome of Probable Cause Hearing:

[X] Probable Cause Found on one or more charges, **Hold in Custody** pending revocation hearing.

[ ] No Probable Cause Found for any charge. **Discharge from Custody** immediately and

    [ ] **Reinstate** to Supervision or [ ] **Close Case** *[If expiration date has passed]*

[ ] Probable Cause Found on one or more charges. Recommend **Reinstate to Supervision** and

    [ ] **Summon** to revocation hearing or [ ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject: This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form). Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Emesha James
Status: _X_ Approved     _____Not Approved     _____**Pending Further Review**

Sgt.
Referencing Charge # 3 Name: James Lafranchise, MPD Badge # S-127
Status: _X_ Approved     _____Not Approved     _____**Pending Further Review**

## VII. Adverse Witnesses Requested by Subject:

Name:_____None_____

Address:_____

Phone No._____

Status: [ ] Denied at PC Hearing    [ ] Approved at PC Hearing    [ ] Pending Further Review

Reason for Denial:_____

_____

## IX.  **Revocation Hearing:**

[ ✓ ] Local Revocation **or**        [  ] Combined Probable Cause/Local Revocation on:

Location: [ ✓ ] CTF  [  ] DC Jail  Date: 6-11-07_____  Time: [ ✓ ] am  [  ] pm

[  ] Other at _____

_____

[  ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:**  A continuance must be requested in writing.  You may submit your requests via e-mail.  E-Mail Address:  continue.hearing@usdoj.gov

_____
| Attorney/Prisoner | Date |

_____

**Additional Text:**

*Subject does not want an expedited offer*

*attorney asing requests release pending final hearing — CSO report shows he is good candidate for treatment*

_____
J. Robertson Hawk          4-20-07
| Examiner | Date |

**Disclosure Documents:**  Warrant dated 4-4-07, Warrant Application dated 4-4-07, Violation Report dated 2-6 and 3-27-07 with attachments, Parole Certificate dated 9-29-05, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____
4-20-07
| Attorney/Prisoner | Date |

_____

**Epps, Larry**
Reg. No. 36966-118    DCDC No. 188-413

U.S. DEPARTMENT OF JUSTICE
United States Parole Commission
Chevy Chase, MD 20815

Probable Cause and Revocation
Hearing Form for D.C. Code Parolees or Releasees
Arrested in the District of Columbia

Case 1:06-cv-00717-RMC    Document 16-2    Filed 06/27/2007    Page 32 of 36

# PART ONE

*Instructions:* This part is to be completed at the initial visit of the hearing examiner following the arrest of an alleged parole, mandatory release, or supervised release violator within the District of Columbia on a warrant issued by the United States Parole Commission. The following explanation of the Commission's procedure and the alleged violator's legal rights must be read and acknowledged by the parolee or releasee, and a copy provided to him.

## Notice of Procedural Rights – Probable Cause Hearing

As an alleged parole, mandatory release, or supervised release violator who has not been convicted of a criminal offense committed while under supervision, you shall be given a probable cause hearing within five days of your arrest on a violator warrant. The purpose of the hearing is to determine whether probable cause exists for the charged violations. At this hearing, each charge on the warrant application will be read to you, and you will be apprised of the information supporting those charges. You will be asked to admit or deny each charge and you may explain or clarify your admission or denial to the hearing examiner.

You may be represented at your probable cause hearing by an attorney. If you cannot pay for the services of an attorney and desire legal assistance, you may request the D.C. Public Defender Service to assign an attorney to represent you at your probable cause hearing. The hearing examiner will furnish you with a request form, and will send it to the Public Defender Service. If you waive representation by an attorney at your probable cause hearing, you may, at the conclusion of the hearing or no later than 15 days prior to a revocation hearing, complete the form to request assignment of an attorney by the Public Defender Service.

You may present the testimony of voluntary witnesses and documentary evidence in defense of the charges against you. If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of adverse witnesses, *i.e.,* those persons who have given evidence that you violated your conditions of release, and question those witnesses at the hearing, unless good cause is found to deny the appearance of such witnesses.

At the conclusion of the hearing, the examiner will determine whether probable cause exists for the charge(s). If no probable cause is found for all charges, the examiner will order your release from custody on the violator warrant. If probable cause is found for any charge, you will remain in custody and the examiner will set the date for a local revocation hearing if you qualify for such a hearing (as opposed to a revocation hearing at a federal institution). Notwithstanding a finding of probable cause, the hearing examiner may recommend your release pending a revocation hearing or recommend your release because revocation proceedings should be terminated. In such cases, a Parole Commissioner will make the decision on your continued incarceration.

*OPPORTUNITY TO REQUEST POSTPONEMENT OF PROBABLE CAUSE HEARING.* The probable cause hearing will be held at this time unless you request postponement of the hearing in order to request representation by an attorney and/or the appearance of a witness. If you desire the presence of a voluntary witness at the probable cause hearing (or a

subsequent revocation hearing, you are responsible for the attendance of those witnesses at the appropriate time and place. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

I have read (*or had read to me*) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (*Initial one of the choices below:*)

(A) ( ✓ ) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.

(B) ( ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

X *Larry Epps*                              X 4/20/07

**(Signature of Parolee or Releasee)**          **(Date)**

## PART TWO

*Instructions:* **This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.**

### Notice of Procedural Rights – Revocation Hearing

*OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING.* **The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.**

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case, and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

If the Commission orders a ●●al revocation hearing, such hearing ●●ll be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

(    ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

( ✓ ) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS:

_____    _____
(Signature of Parolee or Releasee)    (Signature of Hearing Examiner)

4/20/07    4-20-07
_____    _____
(Date)    (Date)

ASSIGNMENT OF COUNSEL FOR A PAROLE REVOCATION HEARING

UNITED STATES PAROLE COMMISSION

Name: X _____ Register No. X 36966-118  DCDC No. X 188-413

For Probable Cause Hearing                          For Revocation Hearing

*(Select all that apply)*

## STATEMENT OF PAROLEE OR MANDATORY RELEASEE
## CONCERNING REQUEST FOR COUNSEL

X _____ , having been fully advised of the charges against me and of my rights as set forth in the copy of the (Warrant Application) (Summons to Appear), understand that I may request the D.C. Public Defender Service to assign counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel may be furnished to me if the D.C. Public Defender Service determines that I am financially unable to obtain attorney representation, and that an attorney is available. After reviewing this notice concerning assignment of counsel,

_____ (Initials)     I do not wish to apply to the D.C. Public Defender Service for assignment of counsel.

✓ (Initials)     I do hereby apply to the D.C. Public Defender Service for assignment of counsel (if available), and in connection with this application, I state as follows concerning my true financial condition:

|  | employed | unemployed |
|---|---|---|
| I am |  |  |
| If employed, state weekly income |  | $ N/A |
| If self-employed, state average weekly income | $ N/A |  |
| Cash on hand and in bank |  | $ N/A |
| Number of dependents |  | N/A |
| Property Owned |  | N/A |

I certify the above to be correct.

_____
*(Signature of Applicant and Date)*

Witness: Ariel N Gabbet                    4-20-07
*(Signature, Title and Date)*

A false or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S.C. 1001).

_____

Return From D.C. Public Defender Service

The above-named applicant will be represented by  Mona Asiner        202 628 1200
*(Name and Phone Number)*

Please fax this form to the U.S. Parole Commission, Attn: Case Services, (301) 492-5525.

**Bennett, Pat A. (USPC)**

| | |
|---|---|
| **From:** | Bennett, Pat A. (USPC) |
| **Sent:** | Friday, April 27, 2007 11:07 AM |
| **To:** | 'Emesha.James@csosa.gov' |
| **Cc:** | Joseph Alston |
| **Subject:** | Epps, Larry - Reg. No. 36966-118; DCDC No. 188-413 |

The U.S. Parole Commission has scheduled a local revocation hearing for the above-named subject on 6/11/2007, 9AM at the Correctional Treatment Facility (CTF), 1901 E Street, SE, WDC.

Your presence is required at the hearing.

If you are not available on the date of the hearing, please provide me with a name and phone number of the CSO who will cover for you, in your absence, as soon as possible. I can be reached at 301-492-5952 ext. 192.

***Please respond to this email. The server has been changed to a different route, and it does not provide the information stating if the email was delivered successfully.***

Your cooperation in this matter is greatly appreciated.

Thank you.

*Patricia Bennett*
*Case Services*
*U.S. Parole Commission*

Pat Bennett
Case Services Technician
U.S. Parole Commission
301-492-5952 ext. 192

1

EX. 12