UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY EPPS,

       Plaintiff.

   V.

PAUL HOWES, et al.,

     Defendant

Civil Action No.: 06-717 (RMC)

**RECEIVED**

JUL 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Motion To Amend Motion For Appointed Counsel OF This Civil Action Before This Honorable COURT

Plaintiff in this Civil Action Respectfully RENEW his Request for Appointed Counsel in this foregoing Pleading.

    Plaintiff is at a disadvantage due to Plaintiff's not having Representation learned in the practices of the law. As this Honorable Court can see. Plaintiff has enclosed three Exhibits certifying Plaintiffs Attempts to secure Representation. Plaintiff can not under the present conditions preserve any Rights Under the Bill of Rights without the assistance of Adequate counsel. The Court May Under Fed.R.Civ.P. Rule 5.1. Constitutional Challenge

to a Statute - Notice, Certification, and Intervention As to Rule 5.1 (b) " The Court must, under 28 U.S.C. § 2403, Certify to the Attorney General of the United States that there is A Constitutional Challenge to a federal Statute, or Certify to the States Attorney General that there is A Challenge to a State Statute."

In light of the Above Federal Rule of Civil Procedure Plaintiff is at an extreme disadvantage without Representation in light of Plaintiff's incompetent knowledge of law Not withstanding Assistance of even A Jail House lawyer or access to law books or law library with up to the minute Case-law to respond to the Defendants Motions. Plaintiff is only allowed 20. minutes every two weeks due to Rules in place at the Jail that clash with the First Amendment of the United States Constitution; "Congress shell Make no Law Respecting an establishment of religion. or prohibiting the freeexercise thereof; or abridging the freedom of speech or of the press; or the Right of

the PEOPLE PEACEABLY to ASSEMBLE, AND to petition the GoveRNMENT for a REDRESS of grievances." HERE PlaiNtiff sites ComMENT to _LCvR 83.10(b); Fed.R.Civ.P. 83.10(b)(3)_

When leave has been granted pursuant to 28 U.S.C. §1915 for a Pro-se litigant to proceed in forma PauPEris, the judge to whom the case is ASSIGNED MAY, ON application by the Pro-se Party or otherwise, appoint AN Attorney from the panel to REPRESENT such party. The appointment should be MADE taking into account:

(i) the NATURE AND complexity of the Action;

(ii) the potential MERit of the PRO-SE pArty's claim;

(iii) the demonstrated inability of the PRO-SE Party to RETAIN counsel by other MEANS; AND

(iv) the degree to which the interest of the justice will be served by Appointment of Counsel, including the benefit the Court MAY derive from the Assistance of the Appointed Counsel.

Plaintiff Prays that this Court will treat Plaintiff's Motion as an Application for Appointment of Counsel.

Plaintiff Respectfully Ask that the Court insert the necessary case law to support Plaintiff's arguement.

Plaintiff as contacted a list of organizations and legal law firms with little or no response. SEE: EX. (1) (2), And (3).


Respectfully Submitted,

*Larry D. Epps*

LARRY D Epps/158-413
DC Jail
1901 D St S.E.
Washington, D.C.
                20003