UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY EPPS,

    Plaintiff,

v.

PAUL HOWES, et al.,

    Defendant,

Civil Action No.: 06-717(RMC)

**RECEIVED**
JUL 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION OPPOSING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The Federal Defendants, former Assistant U.S. Attorney Paul Howes, the U.S. Attorney General Alberto Gonzales, and the U.S. Parole Commission, has requested that this Honorable Court dismiss Plaintiff's case pursuant to Rule 12(b)(1), (2), (5), and (6). Plaintiff submits that this Court has subject jurisdiction to hear this complaint under 28. USCA §1331, and 1343. And 42 U.S.C. Section 1983. Plaintiff brings this complaint after exhausting his Administrative Remedy in the lower Courts. SEE: Ex.(1), in Memorandum. Ex.(2), (3),

Supporting Plaintiff's Motion and proposed Order are attached.

July 16th, 2007

Respectfully Submitted,

*Larry D. Epps*
LARRY D. Epps/188-413
1901-D St. S.E.,
DC Jail
Washington, D.C. 20003

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LARRY EPPS,

    Plaintiff,

v.

PAUL HOWES, et al.,

    Defendant,

Civil Action No.: 06-717 (RMC)

## MEMORANDUM IN SUPPORT OF MOTION OPPOSING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The Federal Defendants, former Assistant U.S. Attorney Paul Howes, the U.S. Attorney General Alberto Gonzales, and the U.S. Parole Commission, has requested that this Honorable Court dismiss Plaintiff's case pursuant to Rule 12(b) (1),(2), (5), and (6). Plaintiff submits that this Court has subject jurisdiction to hear this Complaint under 28 U.S.C.A §§ 1331, and 1343, and 42 U.S.C. Section 1983. Plaintiff brings this Complaint after exhaustion of his Administrative Remedy in the D.C. Superior Court. SEE: Ex. (1) Attached to Ex. (2), and (3), (4) of

this MEMORANDUM in support of direct RESPONSE to Defendants ASSERTION UNDER Rule 12 (b)(1); lack of jurisdiction over the subject MATTER; (2) lack of jurisdiction over the PERSON.

Plaintiff submits and incorporates under the Federal Tort Claims Act. 28 USCA §§ 2671-2680: A Statute that limits federal sovereign immunity and allows RECOVERY in federal Court for tort damages caused by federal employees, but only if the law of the state where the injury occurred would hold a private person liable for the injury. Plaintiff's complaint accuses Defendants Paul Howes, of Constitutional tort; Defendant Howes comitted fraud on the Court by a mis Representation of the facts, before the Honorable Recardo M. Urbina; wherefore, Defendant Howes states on the Public Record that, "Your Honor, we can not allow criminals to dictate to us what drug programs they think they should be in. And I just want him back in jail

-3-

until the suitable drug program can be found." Some 16. Years pased and the then Agent, for the Attorney General has yet to honor statements made before the Court. Plaintiff will prove beyond a reasonable doubt that: (1) Plaintiff was in compliance with the Courts Order at the Show Cause hearing held on June 26, 1990. Ex. (3)-(2)-(1); (2.) Plaintiff has the transcripts of said hearing, not withstanding the full public record.

On page (2) of Defendants Memorandum, All of Defendants Points in Rebutter Memorandum will be obliterated by the disclosure of the portion of the public Record that is currently under seal, that Defendants wish to not have this Court or a Jury made to be Privileged to, due to the probable consequence its divulging result would have.

On page (3) of Defendants Motion and Memorandum at 2. Address Defendant Parole Commissions

actions proform under the color of law in conjunction with the National Capital Revitalization and Self Government Improvement Act. Plaintiff submits that the U.S. Parole Commission's actions were arbitrary and capricious which was evident by the fact that Plaintiff had information at the 2004 Parole Hearing before the Commission, that the Commission its self, did not have. No elements of the previous hearings before 2004 hearing were any different, except the presentment of Ex.(2) and (3). Plaintiff has the tapes of those hearings which he will disclose along with transcripts.[3] Because of the time elapsed, a memory loss; the public record and transcripts will help with the loss of memory. Also, if this Honorable Court would request that the full public record under seal be made public, the colloquy of this case would provide this court with a wealth of information very

damaging to the defendants defense. Defendant Paul Howes, Requested that the public Record be sealed, in F-9286-88. Subsequently, these actions, caused a course of events to occur that would be irreversible, causing Plaintiff to endure suffering for many years: The Parole Commission, who is an agency of the U.S. Justice Department, did not have all of the facts in Plaintiff's case to render a decision that would not prejudice Plaintiff's of Rights under the United States Constitution.

Each time Plaintiff was brought before the D.C. Board of Parole, as well as, the U.S. Parole Commission, Plaintiff went on the public Record serving notice to Defendants that they were supporting an unethical course of action caused caused by an unethical, dishonest U.S. Assistant Prosecutor who caused a sealing of the public

Record, which is another reason Defendants have only submitted fourteen Exhibits in their Motion to Dismiss, because to give this Honorable Court a look at the full public record in this case, would cause this Court to see an act of fraud and perjury should the Exhibits reveal its true, supposed chonological order. The Defense has submitted the only portion of the public record that it can because these were the actions that were under taken by their Clients. How is it that Plaintiff can submit portions of the public record not produced by the defendants who request a dismissal of Plaintiff's Complaint?

The Court accepts the allegations of the complaint as true, as the law requires it to do. <u>Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, L. Ed. 2d 80 (1957)</u>. Nothing herein should be taken as indicating any view on the

Allegations of plaintiff's complaint. Plaintiff alleges that the direct and proximate result of defendants' pattern of conducts discribed in the complaint and above, stemmed from defendant Paul Howes actions of conduct proformed in the prosecution of <u>Darryl J. Smith, v. United States, 591 A.2d 229 (D.C. 1991).</u> To prevail in a civil rights action under § 1983, a Plaintiff must establish ~~two~~ elements: (1) that the defendants deprived him of a right secured by the Constitution or laws of the United States and (2) that such deprivation was committed by a person acting under color of state law. <u>Gomez v. Toledo 446 U.S. 635, 640, 100 S. Ct. 1920, 1923, 64 L. Ed. 2d 572 (1980).</u> The initial focus of the Court's inquiry is whether plaintiff has been deprived of any right secured by the Constitution and laws of of the United States. <u>Baker v. McCollan, 443 U.S. 137, 140, 99 S. Ct. 2689, 2692, 61 L. Ed. 2d 443 (1979).</u> The

Court brings some analysis with its observations about § 1983. Originally enacted as § 1 of the Civil Rights Act of 1871, § 1983 declares

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory, subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and the Laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The legislative history reveals that § 1983 was modeled on § 2 of the Civil Rights Act of 1866 and was enacted for the express purpose of enforcing the provisions of the Fourteenth Amendment. Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961). Congress sought to protect constitutional rights and wipe out Ku Klux Klan violence in the Southern States. The extensive and emotional debates in Congress waxed eloquent on the failure to protect individuals' civil rights. Webster v. City of Houston, 689 F.2d 1220 (5th Cir. 1982). Representative

Perry cried "Sheriffs, have eyes to see, see not; judges having ears to hear, hear not..." Cong. Globe, 42d Globe, 42d Cong., 1st Sess. 447 (1871). And Representative Hoar focusing on the purpose of the legislation stated:

> The question is not whether a majority of the people in a majority of the States are likely to be attached to and able to secure their own liberties. The question is not whether the majority of the people in every State are likely to desire to secure their own rights. It is, whether a majority of the people in every State are sure to be so attached to the principles of civil freedom and civil justice as to be as much desirous of preserving the liberties of others as their own, as to insure that under no temptation of party spirit, under no political excitement, under no jealousy of race or caste, will the majority either in number or strength in any State seek to deprive the remainder of the population of their civil rights."

It is well established that a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it affirmatively appears that Plaintiff can prove no set of facts in support of

-10-

his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957). In the context of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations and reasonable inferences therefrom. The function of a motion to dismiss under Rule 12(b)(6) is to test the law of a claim and not the facts which support the claim.

In addition, none of plaintiff's assertions summarized in his complaint are disputed by the defendants'.

## Conclusion

For the foregoing reasons, Plaintiff respectfully request that Defendant's Motion to dismiss Plaintiff's Complaint be denied.

Respectfully Submitted,

*Larry D. Epps*
LARRY D. EPPS/DC#188-413
DC Jail
1901 D. St., SE.,
Washington, D.C. 20003

# CERTIFICATE OF SERVICE

**I HEREBY** certify that a copy of the foregoing cause of action be served by United States mail, postage prepaid to:

>Alan Burch, D.C. Bar# 470655
>Assistant United States Attorney
>555 4th Street, N.W.
>Washington, D.C., 20530

On this __16th__ day of __July__, 2007.

_/s/ Larry Epps_
Larry Epps – DCDC 188-413
D.C. Detention Center
1901 D Street, S.E.
Washington, D.C, 20003

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY EPPS,

      Plaintiff,

vs.

PAUL HOWES, et al.,

      Defendants.

Civil Action No. 06-717 (RMC)

## ORDER

UPON CONSIDERATION Motion to File Answer or Otherwise Respond to herein, it is hereby

ORDERED that the motion is Granted, and it is

FURTHER ORDERED that defendant shall file answer or response to this cause of action the on or before

_____ 2007.

So ordered this _____ day of _____, 2007

_____
United States District Judge