UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LARRY D. EPPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-717 (RMC) |
| | ) | |
| PAUL G. HOWES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Since June 26, 2007, *pro se* plaintiff Larry Epps has filed a number of motions with this Court. *See* Pl.'s Motion to Appoint Guardian Ad Litem [Dkt. #17]; Pl.'s Motion for Court Ordered Access to Law Library Daily [Dkt. #18]; Pl.'s Renewed Motion to Appoint Counsel [Dkt. #20]. For the reasons that follow in this Order, each of the Plaintiff's motions will be denied.

**Motion to Appoint Guardian Ad Litem**

"The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." Fed. R. Civ. P. 17(c); *see also Donnelly v. Parker*, 486 F. 2d 402, 406 (D.C. Cir. 1973). Plaintiff includes in his motin that he was "unable to represent himself some eighteen years ago against the agents of the (DOJ) due to incompetent disablement." *See* Pl.'s Motion to Appoint Guardian Ad Litem [Dkt. #17]. The Court notes that Mr. Epps is not an infant and has never before suggested that he is incompetent. In fact there is nothing in the record to suggest that Mr. Epps meets the definition of incompetent. *See Sturdza v. United Arab Emirates*,

No. Civ. 98-2051, 2003 WL 102991, at *4 (Jan. 9, 2003) (noting that there is a statutory system that regulates the circumstances under which a guardian ad litem can be appointed based on the Uniform Guardianship and Protective Proceedings Act, D.C. Code Ann. §§ 21-2001-2077 (2001), and that an "incapacitated individual" means an adult whose ability to receive and evaluate information effectively or to communicate decisions is impaired to such an extent that he or she lacks the capacity to manage all or some of his or her financial resources or to meet all or some essential requirements for his or her physical health, safety, habilitation, or therapeutic needs without court-ordered assistance or the appointment of a guardian or conservator.)  Plaintiff has submitted pleadings to the Court that are articulate and comprehensible.  In the Court's view the Plaintiff is not incompetent and therefore is not a candidate for appointment of a guardian ad litem.  The motion for appointment of guardian ad litem will be denied without prejudice.

**Renewed Motion for Appointed Counsel**

Plaintiff's motion for appointment of counsel will also be denied without prejudice.  Petitioners in civil cases generally do not have a constitutional or statutory right to counsel.  *See Willis v. F.B.I.*, 274 F.3d 531, 532-33 (D.C. Cir. 2001); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981).  If a prisoner is proceeding in forma pauperis, the Court is authorized to appoint counsel under 28 U.S.C. § 1915(e)(1), but is not obliged to do so unless the prisoner demonstrates such exceptional circumstances exist that the denial of counsel would result in fundamental unfairness.  *See Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986).  "Whether exceptional circumstances exist requires an evaluation of the type and complexity of each case, and the abilities of the individual bringing it."  *Id*.

The Court has considered the potential merits of the claim, the complexity of the

legal and factual issues involved, Mr. Epps's pro se representation thus far, and the degree to which the interests of justice will be served by appointing counsel, including the benefit the Court may derive from the assistance of the appointed counsel. *See* Local Civil Rule 83.11(b)(3). The Court also has taken into consideration the limited pro bono resources available to it. After carefully reviewing and weighing these factors, the Court concludes that the appointment of counsel is not warranted at this time.

**Motion for Court Ordered Access to Law Library**

The Plaintiff also requests that this Court issue an Order allowing him daily access to the law library in the D.C. Jail. The constitutional right of meaningful access to judicial system is well established. *See Levi v. District of Columbia*, Civ. A. No. 92-2653, 1993 WL 62311, at *1-2 (D.D.C. Feb. 24, 1993) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). Each prisoner must be given meaningful assistance in preparing and filing legal documents, either providing an adequate library or by providing adequate legal assistance from persons trained in the law. *Id.* The District of Columbia has met this burden by providing an adequate law library, and the Court will not intrude on the D.C. Jail's discretion to place reasonable limits upon the use of the library. *Id.* In fact, Plaintiff up to this point has been able to file extensive pleadings that are articulate, comprehensible, and timely. The Court will also deny the Plaintiff's Motion for Access to the D.C. Jail Law Library Daily.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Appoint a Guardian Ad Litem [Dkt. #17] is **DENIED** without prejudice; and it is

**FURTHER ORDERED** that Plaintiff's Renewed Motion for Appointment of

Counsel [Dkt. #20] is **DENIED** without prejudice; and it is

      **FURTHER ORDERED** that Plaintiff's Motion for Court-Ordered Access to Law Library Daily [Dkt. #18] is **DENIED** without prejudice; and it is

      **FURTHER ORDERED** that the Clerk shall serve a copy of this Order and the docket sheet on Plaintiff at the address listed below:

> Larry D. Epps
> D.C.D.C. #188-413
> D.C. Jail
> 1901 D Street SE
> Washington, DC 20003;

      **SO ORDERED**.

Date: July 18, 2007

/s/
ROSEMARY M. COLLYER
United States District Judge