UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LARRY EPPS, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 06-717 (RMC) |
| v. | ) ) ) | |
| PAUL HOWES, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

The Federal Defendants, former Assistant U.S. Attorney Paul Howes, the U.S. Attorney General Alberto Gonzales, and the U.S. Parole Commission, respectfully file this reply memorandum in support of their motion to dismiss. Plaintiff, Larry D. Epps, brings this action *pro se* seeking damages for alleged violations of his constitutional rights arising from his prosecution for homicide in 1989. His claims are all subject to dismissal on the basis of absolute immunity and sovereign immunity. In addition, he failed to serve Defendants Howes or Gonzales and his constitutional allegations fail to state a claim. Finally, all of his claims should be further barred by laches.

The few arguments Plaintiff raises in his opposition are insubstantial. Perhaps his most coherent argument is that 42 U.S.C. § 1983 permits suit for violations of constitutional rights by persons acting under color of state law. See Plf. Opp. MTD at 7. This argument fails because none of the federal Defendants are subject to suit under section 1983. Moreover, even if section 1983 did apply, Defendants Howes and Gonzales would still be protected by absolute immunity.

Plaintiff raises no arguments against the application of absolute immunity to the

individual federal Defendants, and to the limited extent his opposition says anything relevant on this issue, it confirms that they were acting within the prosecutorial role. See Plf. Opp. MTD at 2-3 (describing Howes' argument to the sentencing court).

As for the Parole Commission, it is not an investigative agency, but must rely on documents supplied to it by other agencies and the courts. See, e.g., Fardella v. Garrison, 698 F.2d 208, 211 (4th Cir. 1982) (Parole Commission not an investigative agency); Fox v. U.S. Parole Commission, 517 F. Supp. 855, 859 (D. Kan. 1980). Accordingly, any deficiency in the record before the Parole Commission cannot be a basis for damages; at best, if new information is obtained by a prisoner, he can submit it to the Commission for consideration.

Plaintiff raises no objection to the federal Defendants' arguments regarding *respondeat superior*, lack of service, or laches. Regarding laches in particular, this Court recently noted that "there is nothing in the record to suggest that Mr. Epps meets the definition of incompetent" for purposes of appointment of a guardian *ad litem*, Order at 1 (July 18, 2007), and this suggests that Plaintiff should similarly not be deemed *non compos mentis* for purposes of applying the D.C. case law on laches. See Does I thru III v. District of Columbia, 232 F.R.D. 18, 32 (D.D.C. 2005). Moreover, Plaintiff himself notes that the passage of time since the events alleged in his complaint and the resulting "loss of memory" of those involved. See Plf. Opp. MTD at 4. This effectively concedes that Plaintiff's delay of 18 years in bringing his suit has likely prejudiced federal Defendants. Therefore, both elements of laches are met here because the 18-year delay was unreasonable and unexplained, and the delay is likely to have prejudiced Defendants.

Finally, Plaintiff's arguments regarding exhaustion of administrative remedies, id. at 1, and "arbitrary and capricious" action, id. at 4, are frivolous for they neither relate to any claim or

defense in the case, nor are supported by any allegation in the complaint or discernable evidence.

For the foregoing reasons, Defendants respectfully request dismissal of the complaint.

July 19, 2007                                              Respectfully submitted,

 

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W., Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Federal Defendants' Reply in Support of Motion to Dismiss and accompanying Memorandum, exhibits and proposed order to be served upon *pro se* Plaintiff by first class mail addressed to:

    LARRY EPPS
    DC 188-413
    D.C. JAIL
    1901 D Street, SE
    Washington, DC 20003

on this 19th day of June, 2007.

                                                        /s/
                                      ALAN BURCH, D.C. Bar # 470655
                                      Assistant United States Attorney
                                      555 4th St., N.W.
                                      Washington, D.C. 20530
                                      (202) 514-7204
                                      alan.burch@usdoj.gov