UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **LARRY D. EPPS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 06-717 (RMC)** |
| | ) | |
| **PAUL G. HOWES,** | ) | |
| **Former Assistant United States Attorney,** | ) | |
| *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

Larry D. Epps pled guilty to second degree murder in criminal action No. F9286B in

the Superior Court of the District of Columbia in 1989.  He filed this lawsuit on April 17, 2006,

claiming that: former Assistant United States Attorney ("AUSA") Paul G. Howes violated his civil

rights in various respects; the United States negligently hired and trained Mr. Howes and failed to

provide necessary medical treatment to Mr. Epps;  and the United States Parole Commission

("Parole Commission") violated his rights by denying parole and then paroling him with a condition

of parole for life.  *See generally* Compl. at 5-9.  The Federal Defendants filed a motion to dismiss

rather than an answer.[1]  Because the motion correctly argues that Mr. Howes and the Attorney

General have absolute immunity against Mr. Epps's allegations and that the remaining Federal

_____

[1] The Government of the District of Columbia Board of Parole, the Attorney General and
the Government of the District of Columbia are also named Defendants.  However, the D.C.
Board of Parole is defunct and its duties have been assigned to the Parole Commission.  By
minute entry, the Court noted that service on the D.C. Board of Parole was not possible.  The
D.C. Government was never served.  The Court notes that there were no specific allegations in
the Complaint against the Attorney General.

Defendants are protected by sovereign immunity, the complaint will be dismissed pursuant to Federal 12(b)(6) for failure to state a claim on which relief may be granted and Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## I. BACKGROUND FACTS

Mr. Epps alleges that in 1988 the U.S. Attorney's Office in Washington, D.C., acting through former AUSA Howes, indicted him for first degree murder. Compl. at 2. He alleges that AUSA Howes threatened to indict him for a second murder as well, even though the AUSA had information that indicated someone else was guilty of the second murder. *See* Compl. at 4. The threat, according to Mr. Epps, was sufficient that he eventually capitulated and pled guilty to second degree murder although he had a defense of self defense. *Id.* Further, Mr. Epps charges that AUSA Howes: negotiated a plea bargain outside the presence of Mr. Epps's lawyer; initiated the ejection of Mr. Epps from a drug treatment program in Colorado; caused Mr. Epps to lose his liberty; misrepresented critical facts to the Court during his probation revocation hearing; and caused Plaintiff's counsel to be ineffective. Compl. at 5-7. The Parole Commission is alleged to have improperly rubber-stamped the D.C. Parole Board's denial of his parole request in September 2002, and, when it did parole him, improperly imposed parole for life. *See* Compl. at 8-9. Although the United States is not a named defendant, Mr. Epps charges it with negligence in its hiring and training of Mr. Howes. Compl. at 6. He also alleges cruel and unusual punishment in violation of the Eighth Amendment for failure to provide medical treatment at some point in his incarceration; no specific person(s) or location(s) are named as responsible for this violation. Compl. at 7.

Mr. Epps seeks $5 million in compensatory damages and $20 million in punitive damages. Compl. at 9.

## II. LEGAL STANDARDS

### a. Dismissal for Lack of Subject Matter Jurisdiction

Under Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction[2], a plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002); *Pitney Bowes, Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005); *see Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001). In resolving a motion to dismiss, the Court must construe the factual allegations in the complaint in the light most favorable to plaintiff, but need not accept the legal conclusions or allegations without factual support in the allegations made. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The Court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

### b. Dismissal for Failure to State a Claim

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges

---

[2] Sovereign immunity is jurisdictional in nature. The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983).

the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim.[3]

*Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Although a complaint "does not need

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitl[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations

omitted). The court must treat the complaint's factual allegations — including mixed question of

law and fact — as true, drawing all reasonable inferences in the plaintiff's favor. *Macharia v. United

States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333

F.3d 156, 165 (D.C. Cir. 2003). The facts alleged "must be enough to raise a right to relief above

the speculative level." *Twombly*, 127 S. Ct. at 1965. In deciding a 12(b)(6) motion, the Court "may

only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by

reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-

Schmidt v. Chao*, 226 F. Supp. 2d at 196 (D.D.C. 2002) (citation omitted).

### III. ANALYSIS

The defenses applicable to each named Defendant will be analyzed separately.

A. **Former AUSA Howes**

Fewer areas of the law draw a brighter line than the doctrine of absolute immunity

for prosecutors and their actions within their prosecutorial function. *See Sloan v. HUD*, 231 F.3d

10, 19 (D.C. Cir. 2000) (citing the Supreme Court's decisions in *Imbler v. Pachtman*, 424 U.S. 409,

---

[3] Absolute immunity causes the court to dismiss for failure to state a claim upon which relief can be granted pursuant to rule 12(b)(6). *See Jackson v. U.S. Attorney General,* No. 91-0713, 1991 WL 99159 *2 (D.D.C. May 22, 1991); *see also Schinner v. Strathmann*, 711 F. Supp. 1143 (D.D.C. 1989).

424-29 (1976) and *Butz v. Economou*, 438 U.S. 478 (1978)).  Both the Supreme Court and the D.C.

Circuit have expressly found that a prosecutor's failure to satisfy his obligations under *Brady v.*

*Maryland*, 373 U.S. 83, 87 (1963), by providing all exculpatory materials to a criminal defendant,

falls within the protections of absolute prosecutorial immunity.  *See Moore v. Valder*, 65 F.3d 189,

192-95 (D.C. Cir. 1995) (citing *Imbler*, 424 U.S. at 431); *see also Hazel v. Reno*, 20 F. Supp. 2d 21,

24 n.3 (D.D.C. 1998).  "[I]njury flowing from a procedural due process violation that results from

a prosecutor's failure to comply with the *Brady* rule cannot be redressed by a civil damages action

against the prosecutor under [42 U.S.C.] § 1983 because the prosecutor is absolutely immune from

such liability."  *Porter v. White*, 483 F.3d 1294, 1305 n.8 (11th Cir. 2007) (citing *Imbler*, 424 U.S.

at 430).  Thus, the only way that Mr. Epps can advance his claims against former AUSA Howes is

to allege that he acted beyond his role as a prosecutor.[4]

The Complaint allegations make plain, however, that former AUSA Howes was

acting as a prosecutor vis-a-vis Mr. Epps at all times.  Mr. Epps alleges that Mr. Howes threatened

to charge him with two homicides, that Mr. Epps pled guilty to the first one, and Mr. Howes then

prosecuted someone else for the second.  *See* Compl. at 4.  Mr. Epps alleges that Mr. Howes "had

evidence" that Mr. Epps was not present at the scene of the second homicide but that he improperly

used the threat to prosecute Mr. Epps for it anyway in order to get Mr. Epps to plead out. *Id*.  In other

---

[4] In *Moore v. Valder*, 65 F.3d at 193-94 (1995), the D.C. Circuit explained that the lower courts should use a "functional approach" and look at the nature of the function performed to determine if a prosecutor is clothed with absolute immunity.  If the conduct under review is advocatory in nature, then the prosecutor is protected by absolute immunity.  "Advocatory conduct protected by absolute immunity 'include[s] the professional evaluation of the evidence assembled by the police and appropriate presentation at trial or before a grand jury after a decision to seek an indictment has been made.'" *Moore*, 65 F.3d at 193-94 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)).

words, "the exculpating evidence advanced in the foregoing case was always in the possession of

AUSA Howes. Nevertheless, AUSA Howes continued to use the foregoing case to assert pressure

on plaintiff Epps." *Id.*  These allegations accuse former AUSA Howes of having exculpatory

information but not disclosing it to Mr. Epps and, instead, threatening him with a double murder trial

if he did not plead to one murder. However, any resulting injury to Mr. Epps "cannot be redressed

by a civil damages action" against Mr. Howes because Mr. Howes, as prosecutor performing his

duties as an advocate, enjoys absolute immunity from suit. *Porter*, 483 F.3d at 1305 n. 8.

Mr. Howes's other actions that form the basis for the Complaint allegations are

similarly within the scope of his role as prosecutor and, therefore, similarly immune from suit.

These include: negotiating a plea directly with Mr. Epps and without his counsel; causing Mr. Epps

to lose his liberty; initiating his ejection from a Colorado drug treatment program; and coming before

the Court during Mr. Epps' probation revocation hearing.

The Complaint against Mr. Howes must be dismissed.

**B.  Attorney General Alberto Gonzales**

The Complaint fails to describe any actions, inaction or decisions by the Attorney

General that impacted Mr. Epps. The only theory on which the Attorney General could be liable for

alleged wrongs committed by Mr. Howes as AUSA would be based on the Attorney General's role

as the ultimate supervisor for all prosecutors attached to the Department of Justice. However, the

Attorney General may not be held liable just because he is a supervisor. As the D.C. Circuit said in

*Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993):

> The complaint itself did not even allege that [then-Attorney General
> Richard] Thornburgh and Quinlan had participated in any decision or
> approved any policy that related to the case. . . . In the absence of any

allegations specifying involvement of Thornburgh or Quinlan in this case, the claims against them are based upon nothing more than a theory of *respondeat superior*, which of course cannot be used in a *Bivens*[5] action.

*Id.* at 258.

Therefore, all claims against Attorney General Gonzales must be dismissed for failure to state a claim. *See id.*

### C.  Sovereign Immunity

Like kings of yesteryear, the United States cannot be sued unless it gives its consent. This so-called "sovereign immunity" applies to all federal agencies as well.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 474 (1994) (noting that sovereign immunity shields the Federal Government and its agencies from suit); *United States v. Testan*, 424 U.S. 392, 399 (1976) ("except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction . . . to entertain suits against the United States'"); *Clark v. Library of Cong.*, 750 F.2d 89, 101-102 (D.C. Cir. 1984).

Mr. Epps relies on 42 U.S.C. § 1983 to provide jurisdiction here.  However, that statute applies only to state-level governmental entities, and the Parole Commission and DOJ are federal entities.  *See* 42 U.S.C. § 1983 (defendant must act "under color of any statute, ordinance, regulation, custom, or usage, of a State or Territory or the District of Columbia"); *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("Despite its role in administering D.C. Code offenders, the [Parole] Commission retains the immunity it is due as an arm of the federal sovereign.").  Just as DOJ and the Parole Commission are protected by sovereign immunity, so too is the United States.

---

[5] *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (Supreme Court recognizing an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights).

Mr. Epps brings negligence claims against the United States relating to hiring and alleged failure to train or "properly assess former AUSA Howes' propensity for truth, honesty and integrity," Compl. at 6, and for denying Mr. Epps proper medical treatment. *Id.* at 7. The only way to bring such tort claims against the Federal Government or an agency thereof is by way of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. However, before any suit under the FTCA may be brought in court, a plaintiff must exhaust his administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 111 (1993); *GAF Corp. v. United States*, 818 F.2d 901, 919-20 (D.C. Cir. 1987). Mr. Epps has not demonstrated that he has exhausted his administrative remedies and the Court is therefore without jurisdiction to hear these claims. The Complaint also fails to identify and thereby notify any particular officials allegedly responsible for the alleged tortious conduct. These counts must be dismissed.

Because the Court concludes that it does not have jurisdiction over Mr. Epps's claims against the Parole Commission, it does not separately address the further argument by the United States that Mr. Epps's parole allegations do not state a claim.

## IV. CONCLUSION

Because former AUSA Howes is protected from suit by absolute immunity for actions and inactions taken or not taken in his role as federal prosecutor, the Complaint allegations against him must be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Attorney General Gonzales had no personal role and is sued as the ultimate supervisor of former AUSA Howes and because no *Bivens* action for damages can rely on *respondeat superior*, the Complaint allegations against the Attorney General must be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Because the United States, the DOJ and the U.S. Parole Commission have not waived their sovereign immunity, or Mr. Epps has not exhausted his administrative remedies, the Complaint allegations as to them must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  A memorializing order accompanies this memorandum opinion.


_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: July 31, 2007