Received
Mail Room

SEP 2 8 2007

United States Court of Appeals
District of Columbia Circuit

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LARRY D. EPPS

PLAINTIFF,

v.

PAUL HOWES, et al.,

DEFENDANT,

CIVIL ACTION No.: 06-717 (RMC)

# MOTION FOR RELIEF FROM THE JUDGEMENT

COMES NOW, Plaintiff LARRY D EPPS, Pro-Se IN the Above-Styled Action Under Rule 60. (b)(2) Newly DIS-COVERED EVIDENCE, Respectfully Move this Honorable Court for Relief from the Judgement IN this Matter and AVERS AS follows:

## I. JURISDICTION

This Honorable Court has Subject Matter Jurisdiction Under 28 USCA § 1331. 28 USCA § 1332 And 28 USCA § 1367.

## II. BACKGROUND FACTS

Plaintiff Epps Alleges that in 1988 the U.S. Attorney's OFFICE IN Washington, D.C., Acting through former AUSA PAUL HOWES, indicted

RECEIVED

SEP 28 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

him for first degree murder. Compl. at 2. He alleges that AUSA Howes threaten to indict him for a second murder as well, even though the AUSA had information that indicated someone else was guilty of the second murder. See Compl. at 4. The threat, according to Epps, was sufficient that he eventually capitulated and pled guilty to second degree murder although he had a defense of self defense. Id. Further, Epps charges that AUSA Howes: negotiated a plea bargain outside of the presence of Mr. Epps's lawyer; initiated the ejection of Mr. Epps from a drug treatment program in Denver Colorado; caused Mr. Epps to lose his liberty; misrepresented critical facts to the Court during his revocation hearing; and caused Plaintiff's counsel to be ineffective. Compl. at 5-7. The Parole Commission is alleged to have improperly rubber-stamped the D.C. Parole Board's denial of his parole request in September 2002, and, when it did parole him, improperly imposed parole for life. See Compl. at 8-9. Although the United States is not a named defendant, Mr. Epps charges it with negligence in its hiring and training of Mr. Howes. Compl. at 6. He also alleges cruel and unusual punishment in violation of the Eighth Amendment for failure to provide medical treatment at some point in his incarceration; No specific person(s) or location(s) are named as responsible for this violation. Compl. at 7.

Mr. Epps seeks $5 Million in compensatory damages and $20 Million in punitive damages. Compl. at 9.

# APPEALLATE BACKGROUND FACTS REBUTTAL

A.    THIS HONORABLE COURT HAS TAKEN THE DEFENDANTS' COLLOQUIAL EXPRESSION OF THE PLAINTIFF'S COMPLAINT AND MIS-CONSTRUED THE FORMAL ARGUEMENT OF THE COMPLAINT.

DEFENDANT HOWES, et al., CAN NOT ENJOY SOVEREIGN IMMUNITY BECAUSE HOWES ACTIONS WERE: "KNOWINGLY, AND INTENTIONALLY PROFORMED AT THE INVESTIGATIVE STAGE," WHEREFORE, HOWES ADMITTS THAT HE KNEW THAT PLAINTIFF WAS NOT INVOLVED IN CASE No.: F-9938-88. BUT CHOSE TO INDICTE EPPS ANYWAY TO BACK UP HIS THREAT. THIS CONDUCT WAS PROFORM DURING UNCONSTITUTIONAL INTERROGATION OF THE PLAINTIFF OUTSIDE OF COUNSEL'S KNOWLEDGE, IN VIOLATION OF PLAINTIFF'S FIFTH AND SIXTH AMENDMENT RIGHTS PROTECTED BY MIRANDA V. ARIZONA, 384 U.S. 436, 86 S.Ct. 1602 (1966).

HOWES, HAD SUCH A RECKLESS DISREGARD FOR PLAINTIFF'S CONSTITUTIONAL RIGHTS, THAT HE CAUSED PLAINTIFF'S BROTHER WAYNE W. EPPS, AND OTHER WITNESSES TO BE IN CONCERT WITH HIS ACTIONS, DURING A NUMBER OF HIS GRAND JURY INQUEST.

DEFENDANT HOWES, MALICIOUS DECISION TO INDICTE THE PLAINTIFF, WAS LARGELY DUE TO PLAINTIFF'S REFUSAL TO WILLFULLY COOPERATE WITH HIM. DETECTIVE WILLIAM JEFFERSON, WHO

-1-

WAS LEAD DETECTIVE IN THE SMITH CASE, TOLD HOWES THAT NONE OF HIS FINDINGS POINTED TO EPPS IN THE DEATH OF WILLIE R. WILSON Jr., ON THE NIGHT OF AUGUST 2, 1988.

B.     THE DEFENSE OF QUALIFIED OR SOVEREIGN IMMUNITY PROTECTS "GOVERNMENT OFFICIALS... FROM LIABILITY FOR CIVIL DAMAGES IN SO FAR AS THEIR CONDUCT DOES NOT VIOLATE CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN" HARLOW V. FITGERALD 457 U.S. 800, 818 (1982). WHERE AS HERE, THE CLAIM IS ONE OF INTENTIONAL WRONG DDING, THE DEFENSE IS NOT APPROPRIATE; SEE: MALLEY V. BRIGGS, 475 U.S. 335, 341 (1968)[ QUALIFIED IMMUNITY "PROVIDES AMPLE SUPPORT TO ALL BUT THE PLAINLY INCOMPETENT OR THOSE WHO KNOWINGLY VIOLATE THE LAW."

NEARLY A HALF CENTURY AGO THE SUPREME COURT COUNSELED PROSECUTORS "TO REFRAIN FROM IMPROPER METHODS CALCULATED TO PRODUCE A WRONGFUL CONVICTION..." "BERGER V. UNITED STATES. 295 U.S. 78, 88 (1935). THE COURT MADE CLEAR HOWEVER, THAT THE ADVERSARY SYSTEM PERMITS THE PROSECTOR TO PROSECUTE WITH EARNESTNESS AND VIGOR" Ibid. IN OTHER WORDS "WHILE HE MAY STRIKE HARD BLOWS, HE IS NOT AT LIBERTY TO STRIKE FOUL ONES."

PLAINTIFF EPPS, FILED SUIT AGAINST THE DEFENDANTS' SEEKING DAMAGES UNDER 42 U.S.C. § 1983. THE PRINCIPAL THEORY ADVANCED IN PLAINTIFF EPPS ORIGINAL COMPLAINT WAS MIS-CONSTRUED DUE TO THE DEFENDANTS' EXPRESSION OF THE FACTS TO MISDIRECT THE COURT AS TO PLAINTIFF'S ULTIMATE MEANINGS. WHEREFORE, THE DEFENDANTS CLAIM THAT PLAINTIFF THOUGHT DEFENDANT HOWES WAS THREATENING TO INDICTE HIM FOR ANOTHER MURDER. NO, ON THE CONTRARY, DEFENDANT HOWES DID INDICTE EPPS ON A SECOND MURDER CHARGE. THE EVIDENCE WILL BARE PLAINTIFF OUT.

## CONCLUSION

IT IS THE EXTREME HOPE THAT THIS HONORABLE COURT WILL VIEW THE NEWLY DISCOVERED EVIDENSE IN THE LIGHT MOST FAVORABLE TO THE PLAINTIFF.

RESPECTFULLY SUBMITTED,

*Larry D. Epps*

LARRY D. EPPS
DC # 188-413
1901 D. St. SE.
WASHINGTON, D.C. 20003