## II. LEGAL STANDARDS

### a. Dismissal for Lack of Subject Matter Jurisdiction

Under Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction[2], a plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002); *Pitney Bowes, Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005); *see Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001). In resolving a motion to dismiss, the Court must construe the factual allegations in the complaint in the light most favorable to plaintiff, but need not accept the legal conclusions or allegations without factual support in the allegations made. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The Court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

### b. Dismissal for Failure to State a Claim

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges

---

[2] Sovereign immunity is jurisdictional in nature. The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983).

the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim.[3]
*Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Although a complaint "does not need
detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitl[ment] to
relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a
cause will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations
omitted). The court must treat the complaint's factual allegations — including mixed question of
law and fact — as true, drawing all reasonable inferences in the plaintiff's favor. *Macharia v. United
States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333
F.3d 156, 165 (D.C. Cir. 2003). The facts alleged "must be enough to raise a right to relief above
the speculative level." *Twombly*, 127 S. Ct. at 1965. In deciding a 12(b)(6) motion, the Court "may
only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by
reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-
Schmidt v. Chao*, 226 F. Supp. 2d at 196 (D.D.C. 2002) (citation omitted).

### III. ANALYSIS

The defenses applicable to each named Defendant will be analyzed separately.

### A. Former AUSA Howes

Fewer areas of the law draw a brighter line than the doctrine of absolute immunity
for prosecutors and their actions within their prosecutorial function. *See Sloan v. HUD*, 231 F.3d
10, 19 (D.C. Cir. 2000) (citing the Supreme Court's decisions in *Imbler v. Pachtman*, 424 U.S. 409,

---

[3] Absolute immunity causes the court to dismiss for failure to state a claim upon which
relief can be granted pursuant to rule 12(b)(6). *See Jackson v. U.S. Attorney General*, No. 91-
0713, 1991 WL 99159 *2 (D.D.C. May 22, 1991); *see also Schinner v. Strathmann*, 711 F. Supp.
1143 (D.D.C. 1989).

424-29 (1976) and *Butz v. Economou*, 438 U.S. 478 (1978)). Both the Supreme Court and the D.C.

Circuit have expressly found that a prosecutor's failure to satisfy his obligations under *Brady v.*

*Maryland*, 373 U.S. 83, 87 (1963), by providing all exculpatory materials to a criminal defendant,

falls within the protections of absolute prosecutorial immunity. *See Moore v. Valder*, 65 F.3d 189,

192-95 (D.C. Cir. 1995) (citing *Imbler*, 424 U.S. at 431); *see also Hazel v. Reno*, 20 F. Supp. 2d 21,

24 n.3 (D.D.C. 1998). "[I]njury flowing from a procedural due process violation that results from

a prosecutor's failure to comply with the *Brady* rule cannot be redressed by a civil damages action

against the prosecutor under [42 U.S.C.] § 1983 because the prosecutor is absolutely immune from

such liability." *Porter v. White*, 483 F.3d 1294, 1305 n.8 (11th Cir. 2007) (citing *Imbler*, 424 U.S.

at 430). Thus, the only way that Mr. Epps can advance his claims against former AUSA Howes is

to allege that he acted beyond his role as a prosecutor.[4]

　　　　The Complaint allegations make plain, however, that former AUSA Howes was

acting as a prosecutor vis-a-vis Mr. Epps at all times. Mr. Epps alleges that Mr. Howes threatened

to charge him with two homicides, that Mr. Epps pled guilty to the first one, and Mr. Howes then

prosecuted someone else for the second. *See* Compl. at 4. Mr. Epps alleges that Mr. Howes "had

evidence" that Mr. Epps was not present at the scene of the second homicide but that he improperly

used the threat to prosecute Mr. Epps for it anyway in order to get Mr. Epps to plead out. *Id.* In other

---

[4] In *Moore v. Valder*, 65 F.3d at 193-94 (1995), the D.C. Circuit explained that the lower courts should use a "functional approach" and look at the nature of the function performed to determine if a prosecutor is clothed with absolute immunity. If the conduct under review is advocatory in nature, then the prosecutor is protected by absolute immunity. "Advocatory conduct protected by absolute immunity 'include[s] the professional evaluation of the evidence assembled by the police and appropriate presentation at trial or before a grand jury after a decision to seek an indictment has been made.'" *Moore*, 65 F.3d at 193-94 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)).

words, "the exculpating evidence advanced in the foregoing case was always in the possession of

AUSA Howes. Nevertheless, AUSA Howes continued to use the foregoing case to assert pressure

on plaintiff Epps." *Id.* These allegations accuse former AUSA Howes of having exculpatory

information but not disclosing it to Mr. Epps and, instead, threatening him with a double murder trial

if he did not plead to one murder. However, any resulting injury to Mr. Epps "cannot be redressed

by a civil damages action" against Mr. Howes because Mr. Howes, as prosecutor performing his

duties as an advocate, enjoys absolute immunity from suit. *Porter*, 483 F.3d at 1305 n. 8.

Mr. Howes's other actions that form the basis for the Complaint allegations are

similarly within the scope of his role as prosecutor and, therefore, similarly immune from suit.

These include: negotiating a plea directly with Mr. Epps and without his counsel; causing Mr. Epps

to lose his liberty; initiating his ejection from a Colorado drug treatment program; and coming before

the Court during Mr. Epps' probation revocation hearing.

The Complaint against Mr. Howes must be dismissed.

### B. Attorney General Alberto Gonzales

The Complaint fails to describe any actions, inaction or decisions by the Attorney

General that impacted Mr. Epps. The only theory on which the Attorney General could be liable for

alleged wrongs committed by Mr. Howes as AUSA would be based on the Attorney General's role

as the ultimate supervisor for all prosecutors attached to the Department of Justice. However, the

Attorney General may not be held liable just because he is a supervisor. As the D.C. Circuit said in

*Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993):

> The complaint itself did not even allege that [then-Attorney General
> Richard] Thornburgh and Quinlan had participated in any decision or
> approved any policy that related to the case. . . . In the absence of any

allegations specifying involvement of Thornburgh or Quinlan in this case, the claims against them are based upon nothing more than a theory of *respondeat superior*, which of course cannot be used in a *Bivens*[5] action.

*Id.* at 258.

Therefore, all claims against Attorney General Gonzales must be dismissed for failure to state a claim. *See id.*

### C. Sovereign Immunity

Like kings of yesteryear, the United States cannot be sued unless it gives its consent. This so-called "sovereign immunity" applies to all federal agencies as well. *F.D.I.C. v. Meyer*, 510 U.S. 471, 474 (1994) (noting that sovereign immunity shields the Federal Government and its agencies from suit); *United States v. Testan*, 424 U.S. 392, 399 (1976) ("except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction . . . to entertain suits against the United States'"); *Clark v. Library of Cong.*, 750 F.2d 89, 101-102 (D.C. Cir. 1984).

Mr. Epps relies on 42 U.S.C. § 1983 to provide jurisdiction here. However, that statute applies only to state-level governmental entities, and the Parole Commission and DOJ are federal entities. *See* 42 U.S.C. § 1983 (defendant must act "under color of any statute, ordinance, regulation, custom, or usage, of a State or Territory or the District of Columbia"); *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("Despite its role in administering D.C. Code offenders, the [Parole] Commission retains the immunity it is due as an arm of the federal sovereign."). Just as DOJ and the Parole Commission are protected by sovereign immunity, so too is the United States.

_____

[5] *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (Supreme Court recognizing an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights).

Mr. Epps brings negligence claims against the United States relating to hiring and alleged failure to train or "properly assess former AUSA Howes' propensity for truth, honesty and integrity," Compl. at 6, and for denying Mr. Epps proper medical treatment. *Id.* at 7. The only way to bring such tort claims against the Federal Government or an agency thereof is by way of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* However, before any suit under the FTCA may be brought in court, a plaintiff must exhaust his administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 111 (1993); *GAF Corp. v. United States*, 818 F.2d 901, 919-20 (D.C. Cir. 1987). Mr. Epps has not demonstrated that he has exhausted his administrative remedies and the Court is therefore without jurisdiction to hear these claims. The Complaint also fails to identify and thereby notify any particular officials allegedly responsible for the alleged tortious conduct. These counts must be dismissed.

Because the Court concludes that it does not have jurisdiction over Mr. Epps's claims against the Parole Commission, it does not separately address the further argument by the United States that Mr. Epps's parole allegations do not state a claim.

## IV. CONCLUSION

Because former AUSA Howes is protected from suit by absolute immunity for actions and inactions taken or not taken in his role as federal prosecutor, the Complaint allegations against him must be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Attorney General Gonzales had no personal role and is sued as the ultimate supervisor of former AUSA Howes and because no *Bivens* action for damages can rely on *respondeat superior*, the Complaint allegations against the Attorney General must be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

-8-

Because the United States, the DOJ and the U.S. Parole Commission have not waived their sovereign

immunity, or Mr. Epps has not exhausted his administrative remedies, the Complaint allegations as

to them must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil

Procedure 12(b)(1).  A memorializing order accompanies this memorandum opinion.


                              _____/s/_____
                              ROSEMARY M. COLLYER
                              United States District Judge

DATE: July 31, 2007

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LARRY D. EPPS
11554 FEBRUARY CIRCLE SUITE No. 101
SILVER SPRING, MD., 20705
TEL. No.: 240 450-1052

      Plaintiff,

        V.

FORMER ASSISTANT UNITED STATES
ATTORNEY PAUL G. HOWES, et al.,
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 FOURTH STREET. N.W.
WASHINGTON, D.C., 20539

ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, N.W.,
WASHINGTON, D.C., 20001

UNITED STATES PAROLE COMMISSION
5550 FRIENDSHIP BOULEVARD
CHEVY CHASE, MD. 20815-7201

GOVERNMENT OF THE DISTRICT OF
COLUMBIA BOARD OF PAROLE
1111 E STREET, N.W., SUITE 600
WASHINGTON. D.C., 20005

        AND

GOVERNMENT OF THE DISTRICT OF
COLUMBIA
1350 PENNSYLVANIA AVENUE, N.W.,
WASHINGTON, D.C., 20004

CASE NUMBER 1:06CV00717

Serve: MAYOR ADRIAN M. FENTY
AND ATTORNEY GENERAL
FOR THE DISTRICT OF COLUMBIA

## VERIFIED COMPLAINT FOR RELIEF

## INTRODUCTION

PLAINTIFF, LARRY D. EPPS, RESPECTFULLY SUBMITS THIS COMPLAINT
SEEKING MONETARY RELIEF AND DAMAGES FOR TORTUOUS, AND
UN-CONSTITUTIONAL ACTIONS PURSUED BY THE UNITED STATES DEPARTMENT
OF JUSTICE, ONE OF IT'S EMPLOYEES, THE UNITED STATES PAROLE
COMMISSION, THE D.C. BOARD OF PAROLE, AND THE DISTRICT OF
COLUMBIA.

PLAINTIFF EPPS, ENTERED INTO A PLEA-AGREEMENT WITH THE UNITED
STATES ATTORNEY'S OFFICE, AFTER BEING THREATENED WITH ADDITIONAL
CRIMINAL OFFENSES, NOT WITHSTANDING A FELONIOUS INDICTMENT
FOR A MURDER THAT REMAINS ON PLAINTIFF'S RECORD AS OF TO
DATE AND FOR WHICH PLAINTIFF HAD NO PART IN.

THE EVIDENCE SHOWS THAT PLAINTIFF'S COURT FILES WERE UNDER
SEAL, IN 2003 AND 2004, WHEN THE UNITED STATES DISTRICT COURT
HAD CAUSE TO REVIEW THE PUBLIC RECORD IN CRIMINAL CASE FILE
No.: F-9286-88. THE DISTRICT ATTORNEY WHO REPRESENTED

-2-

AND DEFENDED, THE UNITED STATES PAROLE COMMISSION, IN A 28 U.S.C.A. § 2241 ACTION THAT PLAINTIFF FILED IN THE UNITED STATES DISTRICT COURT OF ATLANTA GEORGIA. SEE: ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE, PAGE No. 9.

FOR YEARS, SAID SEALING OF THE PUBLIC RECORD HAS CAUSED A DEFICIENCY IN GENERIC FILES THAT SERVED AS THE OFFICIAL ACCOUNT OF CHRONOLOGICAL EVENTS IN CASE No.: F-9286 88. IN RETROSPECT, PLAINTIFF'S CLASSIFICATION, AND ALL SUBSEQUENT REVIEWS THROUGHOUT PLAINTIFF'S INCARCERATION BY ALL OFFICIALS ESPECIALLY, THE D.C. PAROLE BOARD, THE UNITED STATES PAROLE COMMISSION, WHO VIEWED PLAINTIFF WITH A JAUNDICED EYE OF PREJIDICE. CLEARLY, ANYTHING LESS THAN TOTLE DISCLOSURE GAVE BIRTH TO MIS-INFORMATION OF THE FACTS, AS THEY RELATED TO THE PLAINTIFF, CAUSING IRREPARABLE HARM.

IN A NUT-SHELL, FORMER AUSA HOWES, FAILED TO PRESERVE THE PUBLIC RECORD AND CAUSED THE TRUE NATURE OF HIS ACTIONS TO REMAIN SHIELD FROM SCRUTINY UNTIL NOW. IN ESSENCE, DEFENDANT HOWES, "THREW THE ROCK AND HID THE HAND" THAT HELD THE OFFICIAL ACCOUNT OF CHRONOLOGICAL EVENTS.

DURING PROBATION, INCARCERATION, AND PAROLE RELEASE, PLAINTIFF EPPS, WAS SUBJECTED TO A SERIES OF TORTUOUS ACTS OF UNCONSTITUTIONAL ACTIONS. FURTHER FACTS AND CIRCUMSTANCES

OF THE FOREGOING VIOLATIONS ARE SET FORTH IN EACH NUMBERED
OFFENSE.

## I. JURISDICTION AND VENUE

1. PLAINTIFF EPPS, BRINGS THIS ACTION AGAINST DEFENDANTS' PURSUANT
   TO THE LEGAL EQUITABLE POWERS OF THE UNITED STATES DISTRICT
   COURT OF THE DISTRICT OF COLUMBIA, WHICH IS VESTED WITH THE AUTHORITY
   TO REVIEW TORTUOUS CLAIMS OF CIVIL RIGHTS VIOLATIONS UNDER TITLE:
   42 U.S.C. § 1983. THIS COURT HAS SUBJECT MATTER JURISDICTION
   OVER CIVIL ACTIONS OR OTHER MATTERS, AT LAW OR EQUITY, BROUGHT
   IN THE DISTRICT COURT UNDER 28 USC § 1331 AND 1343. THE
   PLAINTIFF INVOKES THIS COURT'S PENDANT JURISDICTION TO
   HEAR AND DECIDE ANY CLAIMS ARISING UNDER STATE AND
   COMMON LAW.

2. VENUE IS PROPER IN THIS COURT BECAUSE THE DEFENDANTS'
   PREFORM THE ACTIONS DESCRIBED IN THIS COMPLAINT IN THE DISTRICT OF
   COLUMBIA, WHILE AT ALL TIMES ACTING UNDER COLOR OF LAW.
   AND ALL OR A SUBSTANTIAL PART OF THE EVENTS, ACTS OR
   OMISSIONS GIVING RISE TO PLAINTIFF'S CAUSE OF ACTION AND
   CLAIMS FOR RELIEF AGAINST THE DEFENDANTS' OCCURRED IN
   THE DISTRICT OF COLUMBIA.

3. THIS COURT HAS FURTHER JURISDICTION UNDER 28 U.S.C. & 1441 (a)(1).

## II GENERAL ALLEGATIONS OF FACTS

IN 1988, AUGUST 9th, PLAINTIFF EPPS WAS ARRESTED AND THERE AFTER INDICTED ON TWO COUNTS OF FIRST DEGREE MURDER WHILE ARMED, AND ARMED ROBBERY.

THEREAFTER, ON OR ABOUT MAY 8th 1989, PLAINTIFF EPPS, PLEADED GUILTY TO ONE COUNT OF SECOND DEGREE MURDER IN CONNECTION THERE WITH, THE UNITED STATES DISMISSED COUNTS A, AND C OF THE INDICTMENT. SEE: P.S.I. COUNT A, ARMD ROBBERY AND COUNT C, FIRST DEGREE MURDER.

DURING PLEA NEGOTIATIONS, PLAINTIFF EPPS REPEATEDLY ADVISED HIS ATTORNEY THAT HIS ACTIONS IN CRIMINAL CASE No. F-9286-88', (WHICH ACTUALLY WAS ASSIGN TO AND REPRESENTED BY UNITED STATES ATTORNEY CHARLES COBB), WAS A DIRECT RESULT OF SELF DEFENSE AND THAT THE CHARGES IN THE PENDING MURDER WERE WITHOUT LEGAL OR FACTUAL MERIT.

FORMER AUSA G. PAUL HOWES, et al., INTENTIONAL WRONGFUL CONDUCT IN THE PROSCUTION OF PLAINTIFF EPPS -- AND HIS ABUSE OF POWER -- WAS BLATENT MIS-CONDUCT AND COUNSEL WAS DEFICIENT

FOR NOT PROPELY PROTECTING EPPS'S RIGHTS DURING THIS TIME. THE
PROSECUTOR REPEATEDLY VIOLATED PLAINTIFF EPPS RIGHT TO
COUNSEL BY CONDUCTING COMMUNICATIONS WITH HIM AFTER BEING
INFORMED OF EPPS ASSERTION OF, AND REPRESENTATION BY
COUNSEL.   COUNSEL WAS INFORMED OF THE IMPROPER
COMMUNICATIONS HOWEVER, FAILED TO OBJECT OR PRESERVE
THESE ACTIONS BY FORMER AUSA PAUL G. HOWES, et al.,
FOR JUDICIAL SCRUTANY. ULTIMATELY AUSA HOWES WAS ALLOWED
TO MANIPULATE EPPS INTO ACCEPTING A MURDER CONVICTION
BY USING THE THREAT OF PROSECUTING EPPS IN THE (SMITH
V. UNITED STATES) WHERE EVEN THOUGH AUSA HOWES KNEW EPPS
DID NOT COMMIT THE MURDER, HOWES ALSO KNEW NO ONE
ELSE KNEW, AND HE COULD USE SMITH AND YOUNG, AMONST
OTHERS TO SELL IT TO A JURY. SEE: WASHINGTON POST
NEWS ARTICAL WHERE HOWES COULD NOT USE EPPS IN THE
CASE BECAUSE HOWES HAD GOTTEN EPPS TO PLEA IN A
SEPERATE MURDER CASE. COUNSEL REFUSED TO OR FAIL TO INVESTI-
GATE THE SMITH V. UNITED STATES ALLEGATIONS THAT WOULD HAVE
PROVIDED EVIDENCE THAT FORMER AUSA HOWES KNEW THAT ANY
PROSECUTION OF EPPS IN THAT CASE WAS UNJUSTIFIED AND WAS
BEING USED BY HOWES AS LEVERAGE TO COERCE EPPS. FORMER
AUSA HOWES, USED EPPS'S BROTHER, OFFICER WAYNE W. EPPS,
D.C. M.P.D. MOBLE CRIME SCEAN SEARCH LAB TECHICAN, AND HOWES,
"UNDERLING," TO FURTHER MANIPULATE AND COERCE EPPS INTO AN

INVOLUNTARILY INCOMPETENT WAIVING OF HIS RIGHTS AND ACCEPTING CULPABILITY FOR CRIMES HE DID NOT COMMIT. HAD FOMER AUSA HOWES, NOT THREATENED EPPS WITH A MURDER CONVICTION IN THE SMITH CASE; PROMISED TO LIE AND HIDE EVIDENCE IN THE I-STREET INCIDENT WITH THE NEW YORK JAMAICAN GROUP, EPPS WOULD NOT HAVE CAPITULATED AND PLEAD GUILTY TO THE FIRST MURDER CASE, EVEN THOUGH HE HAD A VALID SELF DEFENSE CLAIM WITH RESPECT TO THE SAME. SEE: GOVERNMENT'S RESPONSE TO PLAINTIFF'S, THEN DEFENDANT'S MOTION FOR REDUCTION & MODIFICATION OF SENTENCE UNDER RULE (35). WHERE FORMER AUSA HOWES, ADMITTS THAT PLAINTIFF EPPS WAS LEFT WITH LIMITTED CHOICES AND KILLED THE DECEIDENT BEFORE HE WOULD HAVE BEEN KILLED HIMSELF. IN FURTHERENCE, SEE ALSO: (NEWLY DIS-COVERED EVIDENCE)(EX.(8), WHERE UNITED STATES FORMER ATTORNEY. G. PAUL HOWES, et al., SUMMARILY INFERRED THAT EPPS WHO WAS CHARGED WITH TWO COUNTS OF FIRST DEGREE MURDER, WOULD ALL COUNTS DISMISED, FOR TRUTHFULLY TESTIFING IN THE SMITH V. UNITED STATES CASE, CASE No.: F9938-88). ALSO SEE: PAGE(2), OF EX.(8) AT 5., WHERE FORMER AUSA HOWES CANDOR HAS THE CONOTATION AND CONSENSUS THAT CLEARLY SHOWS THAT PLAINTIFF EPPS, ACTIONS WERE IN SELF DEFENSE, AND THAT THERE WAS A VIABLE PREDICATE FOR SELF-DEFENSE WHICH GAVE THE COURT A VIABLE REASON TO GRANT RELIEF PURSUANT TO RULE (35). IN THE FORM OF: FIVE YEARS PROBATION, EIGHTEEN MONTH DRUG TREATMENT, $250.00

FINE, AND COMMUNITY SERVICE GEARED TOWARD YOUTH DURG REHAB-
ILITATION. SAID RULE (35) ALSO BECAME A VIABLE VEHICAL FOR
FORMER AUSA HOWES TO COVER UP HIS WRONFUL ROLE IN THE PROSECU-
TION OF EPPS, WHO HOWES ALWAYS KNEW WAS NOT ASSOCIATED WITH
OR GUILTY OF THE SMITH V. UNITED SPATES CASE. AUSA CHARLES
COBB, ACTED AS A COOPERATIVE WHEN HE ASSIST AUSA HOWES, IN THE
DISPOSAL OF HIS MISCREADANT CONDUCT IN CASE No. F-9938-88. BY
ALLOWING AUSA HOWES, TO "PIGGY-BACK" ON CASE No. F-9286-88. WHERE
THE EVIDENCE SHOWS THAT COERCION AND THREATS OF WRONGFUL
PROSECUTION, WERE USED TO MANIPULATE PLAINTIFF EPPS INTO A
GUILTY PLEA AGREEMENT. THE HONORABLE PETER WOLF, ALMOST
REFUSE TO ACCEPT THE PLEA AGREEMENT. WHICH ON MAY 8th,
1989, WAS REPRESENTED BY AUSA CHARLES COBB.
DEFENDANT HOWES WAS IN A PROCARIOUS QUAGMIRE BECAUSE
HOWES HAD ADMITTED IN THE OF (OFFICER WAYNE W. EPPS). BROTHER
TO PLAINTIFF, THAT PLAINTIFF, DID NOT COMMIT THE MURDER.
IN FURTHERENCE, SEE: "WASHINGTON POST NEWSPAPER REPORT
AND PRESS RELEASE DEFENDANT HOWES HAD PLAINTIFF EPPS,
IN HIS OFFICE ON THE THIERED FLOOR OF 555 4th STREET DURING
THE INVESTIGATIVE PROCESS OF THE SMITH CASE, AND A SUPPOSED
EYE WITNESS TO THE MURDER COULD NOT IDENTIFY EPPS.
SURELY, PLAINTIFF'S ATTORNEY WAS NOT ON HAND FOR THIS ACT OF
PROSECUTORIAL MISCONDUCT.

-8-

IN THE SHOW CAUSE HEARING TRANSCRIPTS, IT IS CLEAR FROM THE COLLOQUE OF THIS TRANSCRIPT THAT HOWES ORCHESTRATED PLAINTIFF EPPS EJECTION FROM A DRUG TREATMENT PROGRAM THAT HE, HOWES WAS ALSO USING AS A WITNESS PROTECTION HIDE-OUT. DEFENDANT HOWES NEVER RELINQUISH POWER OVER EPPS; THAT ALLOWED HOWES TO MISREPRESENT CRITICAL FACT CONCERNING PLAINTIFF'S THREE WEEK STAY AT "STOUT STREET".

## III. FIRST CAUSE OF ACTION

### DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL RIGHT OF COUNSEL SIXTH AMENDMENT

THE CONSTITUTION OF THE UNITED STATES PROVIDES FOR THE ASSISTANCE OF COUNSEL AT ANY "CRITICAL STAGE" OF THE PROSECUTION. HERE FORMER AUSA HOWES CONTINUED TO SPEAK WITH THE PLAINTIFF OUTSIDE THE PRESENCE OF COUNSEL DURING INVESTIGATION AND PLEA NEGOTIATIONS. PLAINTIFF COMPLAINED OF THIS CONDUCT AND REQUESTED THAT HIS ATTORNEY BE SUMMONED. FORMER AUSA HOWES IGNORED THESE REQUEST AND CONTINUED TO DISCUSS A PLEA DISPOSITION IN THE PRESENTS OF PLAINTIFF'S BROTHER AND OTHERS.

## IV. SECOND CAUSE OF ACTION

### DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL

-9-

## RIGHT TO DUE PROCESS - FIFTH AMENDMENT

FORMER AUSA HOWES HAD PLAINTIFF EJECTED FROM A DRUG PROGRAM IN THE STATE OF DENVER COLORADO BASE ON A VERBLE ARGUMENT WITH ANOTHER PARTICIPANT IN THE PROGRAM. THE EJECTION, WHICH WAS INITIATED BY FORMER AUSA HOWES WHO PAID FOR PLANE TICKETS TO AND FROM COLORADO AND CONSUMMATED SAID EJECTION WITHOUT THE BENEFIT OF A HEARING BEFORE THE PROGRAM'S COMMITTEE, EFFECTIVELY DENYING PLAINTIFF THE RIGHT TO DUE PROCESS PRIOR TO THE LOSS OF HIS LIBERTY.

## V. THIRD CAUSE OF ACTION

### IMPROPER SEIZURE OF PLAINTIFF -

### FOURTH AMENDMENT

FORMER AUSA HOWES CAUSED PLAINTIFF'S PHYSICAL SEIZURE BY MISREPRESENTING CRITICAL FACTS TO THE COURT DURING HIS PROBATION REVOCATION HEARING, CAUSING A LOSS OF LIBERTY AND THE RIGHT TO FUNDAMENTAL FAIRNESS (DENIAL OF DUE PROCESS). THE FOREGOING CONSTITUTIONAL VIOLATIONS ON THE PART OF FORMER AUSA HOWES CAUSED THE PLAINTIFF THE UNNECESSARY LOSS OF LIBERTY AND SUBSTANTIAL MENTAL ANGUISH AND SUFFERING.

-10-

LONG WITH THE LOSS OF PROPERTY AND EARNING POTENTIAL.

## VI. FIFTH CAUSE OF ACTION

### NEGLIGENT HIRING AND TRAINING

THE UNITED STATES DEPARTMENT OF JUSTICE, FAILED TO PROPERLY INTERVIEW AND/OR CONDUCT A COMPREHENSIVE BACKGROUND CHECK TO ALLOW IT TO PROPERLY ASSESS FORMER AUSA HOWES' PROPENSITY FOR TRUTH, HONESTY, AND INTEGRITY. MOREOVER, THE UNITED STATES DEPARTMENT OF JUSTICE FAILED TO PROPERLY TRAIN FORMER AUSA HOWES WITH RESPECT TO THE COLLECTION, PRESERVATION, AND PRESENTATION OF EVIDENCE OR THE CORRECT PROCEDURE TO BE PURSUED DURING PLEA NEGOTIATIONS AND CONTACT WITH DEFENDANTS REPRESENTED BY COUNSEL. AS A DIRECT RESULT OF THE FOREGOING NEGLIGENT HIRING AND TRAINING, PLAINTIFF WAS COERCED INTO ACCEPTING AN IMPROPER PLEA OFF AND SUBSEQUETLY LOSS HIS LIBERTY.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF PHYSICAL AND MENTAL PAIN AND SUFFERING

WHILE IN THE CUSTODY OF THE UNTED STATES DEPARTMENT OF JUSTICE, B.O.P., U.S.P. ATLANTA PENITENTIRY, PLAINTIFF EPPS

-11-

SUSTAINED A FRACTURE TO HIS RIGHT ARM WHILE WORKING IN UNICOR BENCH-MAIL-BAG, WHEN A SEWING MACHINE FELL ON PLAINTIFF'S ARM, AND WRIST. FOLLOWING THE FOREGOING INJURY, EMPLOYEES AND/OR AGENTS OF THE UNITED STATES B.O.P., U.S.P. FAILED AND REFUSED TO PROVIDE PLAINTIFF WITH ADEQUATE MEDICAL TREATMENT.

AS A RESULT OF THE INTENTIONAL DENIAL OF ADEQUATE MEDICAL TREATMENT, PLAINTIFF SUSTAINED PERMANENT DAMAGE TO HIS ARM AND WRIST AND ENDURED SUBSTANTIAL PHYSICAL PAIN AND MENTAL SUFFERING.

THE DENIAL OF MEDICAL TREATMENT WAS DONE KNOWINGLY, INTENTIONALLY AND ACCOMPANIED WITH MALICE.

THE INTENTIONAL INFLICTION OF PHYSICAL AND MENTAL PAIN, SUFFERING, AND DISTRESS CONSTITUTED NOT ONLY A TORT BUT ALSO A VIOLATION OF THE EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES. (INFLICTION OF CRUEL AND UNUSUAL PUNISHMENT).

## SEVENTH CAUSE OF ACTION
## DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL
### (VIOLATION OF THE SIXTH AMENDMENT)

DUE TO THE CONDUCT OF AN AGENT/EMPLOYEE OF THE UNITED STATES, DEPARTMENT OF JUSTICE, PLAINTIFF EPPS WAS

DENIED THE CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED BY THE SIXTH AMENDMENT.

FORMER AUSA HOWES' INTENTIONALLY WITHHELD FROM COUNSE FOR PLAINTIFF, EXCULPATORY EVIDENCE REGARDING A PENDING CHARGE OF MURDER, WHERE AUSA HOWES INLISTED COOPERATIVE ASSISTANCE FROM AUSA CHARLES COBB; WHO WAS DIRECTLY PROSECUTING CRIMINAL CASE No. F9286-88, TO ALLOW AUSA HOWES TO INSTEAD USE THE PENDING CHARGE THAT HE WAS PROSECUTING AS LEVERAGE IN SECURING A PLEA IN F9286-88, AND DISPOSE OF HIS WRONGFUL PROSECUTION OF PLAINTIFF EPPS WHO HE HAD INDICTED FOR MURDER IN THE SMITH CASE.

IN ADDITION, FORMER AUSA HOWES, MADE MATERIAL MISREPRESENTA-TIONS TO PLAINTIFF'S COUNSEL AND THE COURT REGARDING PLAINTIFF'S DEPARTURE FROM A DRUG PROGRAM BASED IN DENVER COLORADO, RENDERING COUNSEL OTHERWISE INEFFECTIVE DURING THE PROBATION REVOCATION HEARING.

THE INEFFECTIVENESS OF COUNSEL RESULTED IN PLAINTIFF BEING COERCED INTO A PLEA, EVEN THOUGH PLAINTIFF HAD A VIABLE SELF-DEFENSE CLAIM. AND THAT SAME INEFFECTIVENESS DURING THE PROBATION PROCEDURE RESULTED IN A LOSS OF LIBERTY.

## EIGHTH CAUSE OF ACTION

DENIAL OF LIBERTY WITHOUT AN ADEQUATE LEGAL BASES OR DUE PROCESS (FOURTEENTH AMENDMENT

WHILE IN THE CUSTODY OF THE D.C. DEPARTMENT OF CORRECTIONS, THE UNITED STATES DEPARTMENT OF JUSTICE, BUREAU OF PRISONS. PLAINTIFF EPPS CASE CAME BEFORE THE D.C. PAROLE BOARD AND THE UNITED STATES PAROLE COMMISSION ON SEVERAL OCCASIONS.

IN APRIL, 23rd, 1996, PLAINTIFF APPEARED BEFORE THE D.C. PAROLE BOARD, AND QUALIFIED AS ELIGIBLE FOR PAROLE UNDER THE GUIDIENES FOR D.C. CODE OFFENDERS. HOWEVER, WITHOUT AN ADEQUATE LEGAL OR FACTUAL BASIS AND AN INADEQUATE DUE PROCESS PREDICATE, PAROLE WAS DENIED. IN SEPTEMBER, 2002, PLAINTIFF APPEARED BEFORE THE UNITED STATES PAROLE COMMISSION AND WAS AGAIN DENIED PAROLE. PLAINTIFF ATTEMPTED TO EXPLAIN TO AUTHORITIES ON A NUMBER OF OCCASIONS THAT ALL OF THE OFFICIAL PUBLIC IN EPPS's CASE WAS NOT BEFORE THEM. PLAINTIFF WAS IGNORED. SUBSEQUENT THERETO, THE UNITED STATES PAROLE COMMISSION "RUBBER STAMPED" THE CONTINUAL DENIAL WITHOUT CONDUCTING ITS OWN INVISTIGATION OR A COMPREHENSIVE REVIEW TO ASSURE THAT PLAINTIFF'S ALLEGATIONS WERE WITHOUT MERIT, BEFORE EFFECTIVELY DENYING PLAINTIFF HIS RIGHT TO A FULL FACTUAL DUE PROCESS REVIEW WITH ALL OF THE FACTS BEFORE THEM.

AS A RESULT OF THE FORGOING VIOLATIONS PLAINTIFF ENDURED MANY YEARS OF EXTREME MENTAL SUFFERING AND DISTRESS. PLAINTIFF SUBMITS THAT GIVEN HIS STATUS OF "QUALIFIED" HIS CONTINUAL INCARCERATION CONSTITUTED NOT ONLY INTENTIONAL INFLICTION OF MENTAL

PAIN AND SUFFERING BUT ALSO CONTRAVENED PROTECTIONS AGAINST CRUEL AND UNUSUAL PUNISHMENT. PLAINTIFF AVERS THAT HE HAS THE TAPED TRANSRIPTS OF THOSE HEARINGS, WHICH DETAIL THE ACTUAL MINUTES.

## NINTH CAUSE ACTION

## VIOLATION OF THE EIGHTH AMENDMENT

ON OR ABOUT OCTOBER 8, 2005, PLAINTIFF WAS RELEASE FROM THE CUSTODY OF THE UNITED STATE BOP VIA PAROLE. AFTER MR. JAMES STEWART'T, UNIT MANAGER, COUNSELOR BROWNING, AND CASE MANAGER MASTERS, ALL REPRESENTED PLAINTIFF IN HIS PAROLE HEARING AFTER RECEIVING VERIFIED JUDGEMENT AND COMMITTMENT ORDERS SHOWING THAT THE UNITED STATES PAROLE COMMISSION AND BOP. DID NOT HAVE THE FULL PUBLIC RECORD AND IN FACT HAD FOR YEARS MADE BIASE AND PREJUDICE DECISIONS IN CASE No. F 9286-88 DUE TO PORTIONS OF THE PUBLIC RECORD BEING UNDER SEAL. UPON HEARING REPRESENTATION FROM THESE PRISON OFFICIAL WHO INVESTIGATED PLAINTIFF PLEAS FOR RELIEF, THE UNITED STATES DISTRICT COURT REQUESTED THE FULL DOCKET REPORT FROM THE D.C. SUPEROR COURT AND FAX-ED THE PUBLIC RECORD TO THE UNIT TEAM WHO REPRESENTED THIER FINDINGS TO THE PAROLE COMMISSION WHO GRANTED PLAINTIFF'S RELEASE IMMEDIATELY. THAT WAS PURSUANT TO A CONDITION FOR LIFE. PLAINTIFF SUBMITS THAT

SUCH A CONDITION CONTRAVENE THE PROTECTION AGAINST CRUEL AND
UNUSUAL PUNISHMENT. IN FURTHERENCE UNITED STATES PAROLE
COMMISSIONER, ROBERT HEYWORTH, PUBLICLY DENOUNCED THE PRIOR
ACTIONS TAKEN BY THE COMMISSION AND NOT ONLY GRANTED PAROLE,
BUT REDUCED PLAINTIFF'S SECURITY LEVEL BECAUSE PLAINTIFF,
EPPS DESERVED IT. COMMISSIONER HEYWORTH ALSO STATED
ON THE PUBLIC RECORD THAT PLAINTIFF SHOULD NOT STOP
ADDRESSING THIS WRONG BECAUSE IT IS ON THE PUBLIC RECORD
THE PLAINTIFF IS AN EXTREME THREAT TO THE COMMUNITY
AND THIS IS NOT THE CASE. WITH THIS FACT STATED, AT MOST
PLAINTIFF SHOULD HAVE BEEN PLACED ON PAROLE FOR THE BALANCE
OF THE FIVE YEAR PROBATION PERIOD THAT THE DEFENDANT G. PAUL
HOWES, et al., WAS ALLOWED TO FRAUDULENTLY HOODWINK AND BAMBOOZLE
THE PLAINTIFF, THE PLAINTIFF'S COUNSEL, AND THE COURT.
THE IMPOSITION OF PAROLE FOR LIFE WAS INTENDED TO INTENTIONALLY
AND WITH MALICE TO INFLICT MENTAL TORMENT AND SUFFERING FOR
THE DURATION OF PLAINTIFF'S LIFE.
NOTHING IN CRIMINAL CASE No. F 9286 88 JUSTIFIED PAROLE FOR LIFE
WHEN THE COURT IMPOSED PROBATION IN THIS SAME CASE.
IN EACH OFFENSE, PLAINTIFF ADOPTS AND INCORPORATES THE FACTS
AND ALLEGATIONS IN EACH AND EVERY PRECEDING OFFENSE.

## PRAYER FOR RELIEF

—16—

**WHEREFORE,** PLAINTIFF EPPS SEEKS RELIEF FROM FORMER AUSA HOWES, THE UNITED STATES DEPARTMENT OF JUSTICE, THE UNITED STATES PAROLE COMMISSION, THE D.C. PAROLE BOARD AND THE DISTRICT OF COLUMBIA IN THE AMOUNTS OF:

A. COMPENSATORY DAMAGE IN THE EXCESS OF $ 5,000,000.00

B. PUNITIVE DAMAGE IN EXCESS OF $ 20,000,000.00

C. ATTORNEY FEES AND COSTS

D. CLEAR THE MURDER CHARGES FROM THE PUBLIC RECORD

E. COMMUTE PLAINTIFF SENTENCE TO FIVE YEARS OR LESS ON PAROLE

F. ANY OTHER RELIEF THIS COURT DECIDES IS NECESSARY IN THE INTEREST OF JUSTICE.

## JURY DEMAND

PLAINTIFF EPPS DEMANDS A JURY ON ALL ISSUES SO TRIABLE.

RESPECTFULLY SUBMITTED,

BY: *Larry D. Epps*

LARRY D. EPPS
( PRO SE )

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

LARRY D. EPPS,

     Plaintiff,

  V.                                    Civil Case No. 06-717(RMC)

PAUL G. HOWES, et al.,

FORMER AUSA Attorney, Defendant,

---

## MOTION TO AMEND THE PLEADINGS TO CONFORM TO THE EVIDENCE

COMES NOW, PLAINTIFF LARRY D EPPS, Pro-se, RESPECTFULLY MOVES THIS HONORABLE COURT PURSUANT TO FEDERAL RULES OF CIVIL PROCEEDURES 60. (b), AND 15(b),(15)(C)(1)(2)NEWLY DISCOVERED AMENDED PLEADINGS TO CONFORM TO THE EVIDENCE. THE PLAINTIFF IN THIS ACTION THROUGH DUE DILIGENCE OF ON GOING CORRESPONDANTS WITH THE PUBLIC DEFENDER SERVICE; SAUGHT AND RECEIVED RELATED EVIDENCE IN THIS ACTION. MEMBERS OF THE PUBLIC DEFENDER SERVICE WHO HAVE BEEN ALSO INVESTIGATING THE DEFENDANT IN A SEPARATE SIMILAR COURSE-RELATED MATTER UN-ASSOCIATED WITH PLAINTIFF'S COURSE OF ACTION, SAUGHT AGAINST THE DEFENDANTS, OBTAIN THE ASSOCIATED TRANSCRIPTS AND OTHER MATERIAL EVIDENCE

SOME YEARS AGO, AND STILL HAD SUCH EVIDENCE IN THEIR POSSESSION.
A COPY OF THE EVIDENCE WAS TURN OVER TO MY PUBLIC DEFENDER
WHO REPRESENTS THE PLAINTIFF IN A CURRENT PAROLE REVOCATION
"SHOW CAUSE" ACTION THAT IS PENDING AGAINST THE PLAINTIFF, ENSUED
BY THE DEFENDANT'S', ... "THE UNITED STATES PAROLE COMMISSION."

PLAINTIFF SUBMITTS THAT THE EVIDENCE IS IRREFUTABLE BECAUSE
IT IS THE ATTRIBUTED RECORDED-ACCOUNT OF THE PUBLIC RECORD
SIGNED BY THE DEFENDANT, G. PAUL HOWES, et al., FORMER PROSECUTOR.

PLAINTIFF EXPECTS FURTHER EVIDENCE TO BE FORTH
COMING THAT IS OF AN EXTREMELY RELIANT AND RELEVANT
NATURE, IN THE FORM OF AUDIO RECORDED TRANSCRIPTS OF ACTIONS
THAT WERE SAUGHT BY THE DEFENDANTS' KNOWINGLY AND
INTENTIONALLY WITH RECKLESS DIS-REGARD FOR PLAINTIFF'S
CONSTITUTIONAL PROTECTED RIGHTS UNDER THE UNITED STATES
CONSTITUTION. ALTHOUGH, THE ENCLOSED EXHIBITS, WERE PAST ON
TO PLAINTIFF AS RECENT AS JULY, 2007, AND COULD NOT
HAVE BEEN DIS-COVERED ANY SOONER BECAUSE PLAINTIFF HAD NO
KNOWLEDGE THAT THE EVIDENCE EVEN EXISTED. THIS CLAIM
CAN BE VERIFIED BY ATTORNEY'S MONER ASINER, OF THE
PUBLIC DEFENDER SERVICE. BECAUSE THIS HONORABLE COURT
FOUND PLAINTIFF'S COMPLAINT DID NOT MEET THE REQUESTED
JURY-TRIAL STANDARD, PLAINTIFF'S FURTHER TRANSCRIPTS
WERE NEVER INTRODUCED BECAUSE SUCH AUDIO WAS TO BE

RESEVED AS IMPEACHMENT EVIDENCE. HOWEVER, PLAINTIFF WILL
RELINQUISH SUCH EVIDENCE AS REQUIRED.

PLAINTIFF EPPS, FURTHER AVERS THAT FOR YEARS, PLAINTIFF SAUGHT
AFTER THE PUBLIC RECORD. MRS. SUESAN ABINY OF THE D.C.
SUPERIOR COURT'S TRANSCRIPT OFFICE WILL VERIFY THAT A
CHECK WAS SUBMITTED BY THE UNITED STATES BOP. USP. ATLANTA
GEORGIA PENITENTIARY TO THE D.C. SUPERIOR COURT AS FAR
BACK AS 2004, SEEKING TRANSCRIPTS IN CASE No. F 9286 88.
UPON PLAINTIFF'S RELEASE THROUGH PAROLE, PLAINTIFF EPPS
WENT TO THE TRANSCRIPT OFFICE AND MET WITH SUESAN ABINY
WHO FURTHER ASSURED PLAINTIFF THAT THERE WERE NO KNOWN
TRANSCRIPTS IN THIS CASE. PLAINTIFF'S CHECK WAS RETURN
TO HIM, BUT COULD NOT BE CASHED BY PLAINTIFF BECAUSE
THE CHECK WAS MADE OUT TO THE D.C. SUPERIOR COURT.
PLAINTIFF WENT BACK TO THE TRANSCRIPT OFFICE AND
WAS ISSUED A D.C. SUPERIOR COURT CHECK IN THE AMOUNT
OF $60.00. THIS HONORABLE COURT CAN EASILY VERIFY PLAINTIFF'S
AVEREMENTS.

ENCLOSED IS A MOTION FOR RELIEF FROM THE JUDGEMENT,
PURSUANT TO TITLE VII. RULE 60. (B)(2).

## CONCLUSION

-3-

PLAINTIFF EPPS, PRAYS THAT THIS HONORABLE COURT WILL ALLOW PLAINTIFF TO AMEND THE PLEADINGS IN THIS ACTION THAT IS BEFORE THE UNITED STATES DISTRICT COURT FOR FURTHER REVIEW.

RESPECTFULLY SUBMITTED,

LARRY D. EPPS
D.C. # 188-413
1901 - D. STREET, S.E.
D.C. JAIL
WASHINGTON, D.C. 20003