# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LARRY D. EPPS
11554 FEBRUARY CIRCLE SUITE No. 101
SILVER SPRING, MD., 20705
TEL. No.: 240 450-1052

     Plaintiff,

     **V.**

                       CASE NUMBER 1:06CV00717

FORMER ASSISTANT UNITED STATES
ATTORNEY PAUL G. HOWES. *et al.*,
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 FOURTH STREET. N.W.
WASHINGTON, D.C., 20539


ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C., 20001


UNITED STATES PAROLE COMMISSION
5550 FRIENDSHIP BOULEVARD
CHEVY CHASE, MD. 20815-7201


GOVERNMENT OF THE DISTRICT OF
COLUMBIA BOARD OF PAROLE
1111 E STREET, N.W., SUITE 600
WASHINGTON, D.C., 20005


         AND


GOVERNMENT OF THE DISTRICT OF
COLUMBIA
1350 PENNSYLVANIA AVENUE, N.W.,
WASHINGTON, D.C., 20004

Serve: MAYOR ADRIAN M. FENTY
AND ATTORNEY GENERAL
FOR THE DISTRICT OF COLUMBIA

## VERIFIED COMPLAINT FOR RELIEF

## INTRODUCTION

PLAINTIFF, LARRY D. EPPS, RESPECTFULLY SUBMITS THIS COMPLAINT SEEKING MONETARY RELIEF AND DAMAGES FOR TORTUOUS, AND UN-CONSTITUTIONAL ACTIONS PURSUED BY THE UNITED STATES DEPARTMENT OF JUSTICE, ONE OF IT'S EMPLOYEES, THE UNITED STATES PAROLE COMMISSION, THE D.C. BOARD OF PAROLE, AND THE DISTRICT OF COLUMBIA.

PLAINTIFF EPPS, ENTERED INTO A PLEA-AGREEMENT WITH THE UNITED STATES ATTORNEY'S OFFICE, AFTER BEING THREATENED WITH ADDITIONAL CRIMINAL OFFENSES, NOT WITHSTANDING A FELONIOUS INDICTMENT FOR A MURDER THAT REMAINS ON PLAINTIFF'S RECORD AS OF TO DATE AND FOR WHICH PLAINTIFF HAD NO PART IN.

THE EVIDENCE SHOWS THAT PLAINTIFF'S COURT FILES WERE UNDER SEAL, IN 2003 AND 2004, WHEN THE UNITED STATES DISTRICT COURT HAD CAUSE TO REVIEW THE PUBLIC RECORD IN CRIMINAL CASE FILE NO.: F-9286-88. THE DISTRICT ATTORNEY WHO REPRESENTED

-2-

AND DEFENDED, THE UNITED STATES PAROLE COMMISSION, IN A 28 U.S.C.A. § 2241 ACTION THAT PLAINTIFF FILED IN THE UNITED STATES DISTRICT COURT OF ATLANTA GEORGIA. SEE: ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE, PAGE No. 9.

FOR YEARS, SAID SEALING OF THE PUBLIC RECORD HAS CAUSED A DEFICIENCY IN GENERIC FILES THAT SERVED AS THE OFFICIAL ACCOUNT OF CHRONOLOGICAL EVENTS IN CASE No.: F-92 86 88. IN RETROSPECT, PLAINTIFF'S CLASSIFICATION, AND ALL SUBSEQUENT REVIEWS THROUGHOUT PLAINTIFF'S INCARCERATION BY ALL OFFICIALS ESPECIALLY, THE D.C. PAROLE BOARD, THE UNITED STATES PAROLE COMMISSION, WHO VIEWED PLAINTIFF WITH A JAUNDICED EYE OF PREJIDICE. CLEARLY, ANYTHING LESS THAN TOTLE DISCLOSURE GAVE BIRTH TO MIS-INFORMATION OF THE FACTS. AS THEY RELATED TO THE PLAINTIFF. CAUSING IRREPARABLE HARM.

IN A NUT-SHELL, FORMER AUSA HOWES. FAILED TO PRESERVE THE PUBLIC RECORD AND CAUSED THE TRUE NATURE OF HIS ACTIONS TO REMAIN SHIELD FROM SCRUTINY UNTIL NOW. IN ESSENCE, DEFENDANT HOWES. "THREW THE ROCK AND HID THE HAND" THAT HELD THE OFFICIAL ACCOUNT OF CHRONOLOGICAL EVENTS.

DURING PROBATION. INCARCERATION, AND PAROLE RELEASE, PLAINTIFF EPPS. WAS SUBJECTED TO A SERIES OF TORTUOUS ACTS OF UNCONSTITUTIONAL ACTIONS. FURTHER FACTS AND CIRCUMSTANCES

OF THE FOREGOING VIOLATIONS ARE SET FORTH IN EACH NUMBERED OFFENSE.

# I. JURISDICTION AND VENUE

1. PLAINTIFF EPPS, BRINGS THIS ACTION AGAINST DEFENDANTS' PURSUANT TO THE LEGAL EQUITABLE POWERS OF THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA, WHICH IS VESTED WITH THE AUTHORITY TO REVIEW TORTUOUS CLAIMS OF CIVIL RIGHTS VIOLATIONS UNDER TITLE: 42 U.S.C. § 1983. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER CIVIL ACTIONS OR OTHER MATTERS, AT LAW OR EQUITY, BROUGHT IN THE DISTRICT COURT UNDER 28 U S C § 1331 AND 1343. THE PLAINTIFF INVOKES THIS COURT'S PENDANT JURISDICTION TO HEAR AND DECIDE ANY CLAIMS ARISING UNDER STATE AND COMMON LAW.

2. VENUE IS PROPER IN THIS COURT BECAUSE THE DEFENDANTS' PREFORM THE ACTIONS DESCRIBED IN THIS COMPLAINT IN THE DISTRICT OF COLUMBIA, WHILE AT ALL TIMES ACTING UNDER COLOR OF LAW. AND ALL OR A SUBSTANTIAL PART OF THE EVENTS, ACTS OR OMISSIONS GIVING RISE TO PLAINTIFF'S CAUSE OF ACTION AND CLAIMS FOR RELIEF AGAINST THE DEFENDANTS' OCCURRED IN THE DISTRICT OF COLUMBIA.

3. THIS COURT HAS FURTHER JURISDICTION UNDER 28 U.S.C. & 1442 (a)(1).

## II GENERAL ALLEGATIONS OF FACTS

IN 1988, AUGUST 9th, PLAINTIFF EPPS WAS ARRESTED AND THEREAFTER INDICTED ON TWO COUNTS OF FIRST DEGREE MURDER WHILE ARMED, AND ARMED ROBBERY.

THEREAFTER, ON OR ABOUT MAY 8th 1989, PLAINTIFF EPPS, PLEADED GUILTY TO ONE COUNT OF SECOND DEGREE MURDER IN CONNECTION THERE WITH, THE UNITED STATES DISMISSED COUNTS A, AND C OF THE INDICTMENT. SEE: P.S.I. COUNT A, ARMD ROBBERY AND COUNT C, FIRST DEGREE MURDER.

DURING PLEA NEGOTIATIONS, PLAINTIFF EPPS REPEATEDLY ADVISED HIS ATTORNEY THAT HIS ACTIONS IN CRIMINAL CASE No. F-9286-88; (WHICH ACTUALLY WAS ASSIGN TO AND REPRESENTED BY UNITED STATES ATTORNEY CHARLES COBB), WAS A DIRECT RESULT OF SELF DEFENSE AND THAT THE CHARGES IN THE PENDING MURDER WERE WITHOUT LEGAL OR FACTUAL MERIT.

FORMER AUSA G. PAUL HOWES, et al., INTENTIONAL WRONGFUL CONDUCT IN THE PROSCUTION OF PLAINTIFF EPPS -- AND HIS ABUSE OF POWER -- WAS BLATENT MIS-CONDUCT AND COUNSEL WAS DEFICIENT

-5-

FOR NOT PROPELY PROTECTING EPPS'S RIGHTS DURING THIS TIME. THE PROSECUTOR REPEATEDLY VIOLATED PLAINTIFF EPPS RIGHT TO COUNSEL BY CONDUCTING COMMUNICATIONS WITH HIM AFTER BEING INFORMED OF EPPS ASSERTION OF, AND REPRESENTATION BY COUNSEL. COUNSEL WAS INFORMED OF THE IMPROPER COMMUNICATIONS HOWEVER, FAILED TO OBJECT OR PRESERVE THESE ACTIONS BY FORMER AUSA PAUL G. HOWES, et al., FOR JUDICIAL SCRUTANY. ULTIMATELY AUSA HOWES. WAS ALLOWED TO MANIPULATE EPPS INTO ACCEPTING A MURDER CONVICTION BY USING THE THREAT OF PROSECUTING EPPS IN THE (SMITH V. UNITED STATES) WHERE EVEN THOUGH AUSA HOWES KNEW EPPS DID NOT COMMIT THE MURDER, HOWES ALSO KNEW NO ONE ELSE KNEW, AND HE COULD USE SMITH AND YOUNG, AMONST OTHERS TO SELL IT TO A JURY. SEE: WASHINGTON POST NEWS ARTICAL WHERE HOWES COULD NOT USE EPPS IN THE CASE BECAUSE HOWES HAD GOTTEN EPPS TO PLEA IN A SEPERATE MURDER CASE. COUNSEL REFUSED TO OR FAIL TO INVESTI-GATE THE SMITH V. UNITED STATES ALLEGATIONS THAT WOULD HAVE PROVIDED EVIDENCE THAT FORMER AUSA HOWES KNEW THAT ANY PROSECUTION OF EPPS IN THAT CASE WAS UNJUSTIFIED AND WAS BEING USED BY HOWES AS LEVERAGE TO COERCE EPPS. FORMER AUSA HOWES, USED EPPS'S BROTHER. OFFICER WAYNE W. EPPS, D.C. M.P.D. MOBLE CRIME SCEAN SEARCH LAB TECHICAN, AND HOWES, "UNDERLING," TO FURTHER MANIPULATE AND COERCE EPPS INTO AN

INVOLUNTARILY INCOMPETENT WAIVING OF HIS RIGHTS AND ACCEPTING CULPABILITY FOR CRIMES HE DID NOT COMMIT. HAD FOMER AUSA HOWES, NOT THREATENED EPPS WITH A MURDER CONVICTION IN THE SMITH CASE; PROMISED TO LIE AND HIDE EVIDENCE IN THE I-STREET INCIDENT WITH THE NEW YORK JAMAICAN GROUP, EPPS WOULD NOT HAVE CAPITULATED AND PLEAD GUILTY TO THE FIRST MURDER CASE, EVEN THOUGH HE HAD A VALID SELF DEFENSE CLAIM WITH RESPECT TO THE SAME. SEE: GOVERNMENT'S RESPONSE TO PLAINTIFF'S, THEN DEFENDANT'S MOTION FOR REDUCTION & MODIFICATION OF SENTENCE UNDER RULE (35). WHERE FORMER AUSA HOWES, ADMITTS THAT PLAINTIFF EPPS WAS LEFT WITH LIMITTED CHOICES AND KILLED THE DECEDENT BEFORE HE WOULD HAVE BEEN KILLED HIMSELF. IN FURTHERENCE, SEE ALSO: (NEWLY DIS-COVERED EVIDENCE)(EX.(8), WHERE UNITED STATES FORMER ATTORNEY. G. PAUL HOWES. et al., SUMMARILY INFERRED THAT EPPS WHO WAS CHARGED WITH TWO COUNTS OF FIRST DEGREE MURDER, WOULD ALL COUNTS DISMISED, FOR TRUTHFULLY TESTIFING IN THE SMITH V. UNITED STATES CASE, CASE No.: F-9938-88). ALSO SEE: PAGE(2), OF EX.(8) AT 5., WHERE FORMER AUSA HOWES CANDOR HAS THE CONOTATION AND CONSENSUS THAT CLEARLY SHOWS THAT PLAINTIFF EPPS, ACTIONS WERE IN SELF DEFENSE, AND THAT THERE WAS A VIABLE PREDICATE FOR SELF-DEFENSE WHICH GAVE THE COURT A VIABLE REASON TO GRANT RELIEF PURSUANT TO RULE (35). IN THE FORM OF: FIVE YEARS PROBATION, EIGHTEEN MONTH DRUG TREATMENT, $250.00

FINE, AND COMMUNITY SERVICE GEARED TOWARD YOUTH DURG REHAB-
ILITATION. SAID RULE (35) ALSO BECAME A VIABLE VEHICAL FOR
FORMER AUSA HOWES TO COVER UP HIS WRONFUL ROLE IN THE PROSECU-
TION OF EPPS, WHO HOWES ALWAYS KNEW WAS NOT ASSOCIATED WITH
OR GUILTY OF THE SMITH V. UNITED STATES CASE. AUSA CHARLES
COBB, ACTED AS A COOPERATIVE WHEN HE ASSIST AUSA HOWES, IN THE
DISPOSAL OF HIS MISCREADANT CONDUCT IN CASE No. F-9938-88, BY
ALLOWING AUSA HOWES, TO "PIGGY-BACK" ON CASE No. F-9286-88, WHERE
THE EVIDENCE SHOWS THAT COERCION AND THREATS OF WRONGFUL
PROSECUTION, WERE USED TO MANIPULATE PLAINTIFF EPPS INTO A
GUILTY PLEA AGREEMENT. THE HONORABLE PETER WOLF, ALMOST
REFUSE TO ACCEPT THE PLEA AGREEMENT, WHICH ON MAY 8th,
1989, WAS REPRESENTED BY AUSA CHARLES COBB.
DEFENDANT HOWES WAS IN A PROCARIOUS QUAGMIRE BECAUSE
HOWES HAD ADMITTED IN THE OF (OFFICER WAYNE W. EPPS), BROTHER
TO PLAINTIFF, THAT PLAINTIFF, DID NOT COMMIT THE MURDER.
IN FURTHERENCE, SEE: "WASHINGTON POST NEWSPAPER REPORT
AND PRESS RELEASE DEFENDANT HOWES HAD PLAINTIFF EPPS,
IN HIS OFFICE ON THE THIRED FLOOR OF 555 4th STREET DURING
THE INVESTIGATIVE PROCESS OF THE SMITH CASE, AND A SUPPOSED
EYE WITNESS TO THE MURDER COULD NOT IDENTIFY EPPS.
SURELY, PLAINTIFF'S ATTORNEY WAS NOT ON HAND FOR THIS ACT OF
PROSECUTORIAL MISCONDUCT.

IN THE SHOW CAUSE HEARING TRANSCRIPTS, IT IS CLEAR FROM THE COLLOQUE OF THIS TRANSCRIPT THAT HOWES ORCHESTRATED PLAINTIFF EPPS EJECTION FROM A DRUG TREATMENT PROGRAM THAT HE, HOWES WAS ALSO USING AS A WITNESS PROTECTION HIDE-OUT. DEFENDANT HOWES NEVER RELINQUISH POWER OVER EPPS; THAT ALLOWED HOWES TO MISREPRESENT CRITICAL FACT CONCERNING PLAINTIFF'S THREE WEEK STAY AT "STOUT STREET".

## III. FIRST CAUSE OF ACTION

### DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL RIGHT OF COUNSEL-SIXTH AMENDMENT

THE CONSTITUTION OF THE UNITED STATES PROVIDES FOR THE ASSISTANCE OF COUNSEL AT <u>ANY</u> "CRITICAL STAGE" OF THE PROSECUTION. HERE FORMER AUSA HOWES CONTINUED TO SPEAK WITH THE PLAINTIFF OUTSIDE THE PRESENCE OF COUNSEL DURING INVESTIGATION AND PLEA NEGOTIATIONS. PLAINTIFF COMPLAINED OF THIS CONDUCT AND REQUESTED THAT HIS ATTORNEY BE SUMMONED. FORMER AUSA HOWES IGNORED THESE REQUEST AND CONTINUED TO DISCUSS A PLEA DISPOSITION IN THE PRESENTS OF PLAINTIFF'S BROTHER AND OTHERS.

## IV. SECOND CAUSE OF ACTION

### DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL

## RIGHT TO DUE PROCESS - FIFTH AMENDMENT

FORMER AUSA HOWES HAD PLAINTIFF EJECTED FROM A DRUG PROGRAM IN THE STATE OF DENVER COLORADO BASE ON A VERBLE ARGUMENT WITH ANOTHER PARTICIPANT IN THE PROGRAM. THE EJECTION, WHICH WAS INITIATED BY FORMER AUSA HOWES WHO PAID FOR PLANE TICKETS TO AND FROM COLORADO AND CONSUMMATED SAID EJECTION WITHOUT THE BENEFIT OF A HEARING BEFORE THE PROGRAM'S COMMITTEE, EFFECTIVELY DENYING PLAINTIFF THE RIGHT TO DUE PROCESS PRIOR TO THE LOSS OF HIS LIBERTY.

## V. THIRD CAUSE OF ACTION

### IMPROPER SEIZURE OF PLAINTIFF —

### FOURTH AMENDMENT

FORMER AUSA HOWES CAUSED PLAINTIFF'S PHYSICAL SEIZURE BY MISREPRESENTING CRITICAL FACTS TO THE COURT DURING HIS PRORATION REVOCATION HEARING. CAUSING A LOSS OF LIBERTY AND THE RIGHT TO FUNDAMENTAL FAIRNESS (DENIAL OF DUE PROCESS). THE FOREGOING CONSTITUTIONAL VIOLATIONS ON THE PART OF FORMER AUSA HOWES CAUSED THE PLAINTIFF THE UNNECESSARY LOSS OF LIBERTY AND SUBSTANTIAL MENTAL ANGUISH AND SUFFERING.

LONG WITH THE LOSS OF PROPERTY AND EARNING POTENTIAL.

## VI. FIFTH CAUSE OF ACTION

### NEGLIGENT HIRING AND TRAINING

THE UNITED STATES DEPARTMENT OF JUSTICE, FAILED TO PROPERLY INTERVIEW AND/OR CONDUCT A COMPREHENSIVE BACKGROUND CHECK TO ALLOW IT TO PROPERLY ASSESS FORMER AUSA HOWES' PROPENSITY FOR TRUTH, HONESTY, AND INTEGRITY. MOREOVER, THE UNITED STATES DEPARTMENT OF JUSTICE FAILED TO PROPERLY TRAIN FORMER AUSA HOWES WITH RESPECT TO THE COLLECTION, PRESERVATION, AND PRESENTATION OF EVIDENCE OR THE CORRECT PROCEDURE TO BE PURSUED DURING PLEA NEGOTIATIONS AND CONTACT WITH DEFENDANTS REPRESENTED BY COUNSEL.  AS A DIRECT RESULT OF THE FORE GOING NEGLIGENT HIRING AND TRAINING, PLAINTIFF WAS COERCED INTO ACCEPTING AN IMPROPER PLEA OFF AND SUBSEQUETLY LOSS HIS LIBERTY.

## SIXTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF PHYSICAL AND MENTAL PAIN AND SUFFERING

WHILE IN THE CUSTODY OF THE UNTED STATES DEPARTMENT OF JUSTICE, B.O.P. U.S.P. ATLANTA PENITENTIRY, PLAINTIFF EPPS

SUSTAINED A FRACTURE TO HIS RIGHT ARM WHILE WORKING IN UNICOR BENCH - MAIL - BAG, WHEN A SEWING MACHINE FELL ON PLAINTIFF'S ARM, AND WRIST. FOLLOWING THE FOREGOING INJURY, EMPLOYEES AND/OR AGENTS OF THE UNITED STATES B.O.P., U.S.P. FAILED AND REFUSED TO PROVIDE PLAINTIFF WITH ADEQUATE MEDICAL TREATMENT.

AS A RESULT OF THE INTENTIONAL DENIAL OF ADEQUATE MEDICAL TREATMENT, PLAINTIFF SUSTAINED PERMANENT DAMAGE TO HIS ARM AND WRIST AND ENDURED SUBSTANTIAL PHYSICAL PAIN AND MENTAL SUFFERING.

THE DENIAL OF MEDICAL TREATMENT WAS DONE KNOWINGLY, INTENTIONALLY AND ACCOMPANIED WITH MALICE.

THE INTENTIONAL INFLICTION OF PHYSICAL AND MENTAL PAIN, SUFFERING, AND DISTRESS CONSTITUTED NOT ONLY A TORT BUT ALSO A VIOLATION OF THE EIGHTH AMENDMENT TO THE CONSTITU-TION OF THE UNITED STATES. (INFLICTION OF CRUEL AND UNUSUAL PUNISHMENT).

## SEVENTH CAUSE OF ACTION
## DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL
## (VIOLATION OF THE SIXTH AMENDMENT)

DUE TO THE CONDUCT OF AN AGENT/EMPLOYEE OF THE UNITED STATES, DEPARTMENT OF JUSTICE, PLAINTIFF EPPS WAS

DENIED THE CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED BY THE SIXTH AMENDMENT.

FORMER AUSA HOWES' INTENTIONALLY WITHHELD FROM COUNSE FOR PLAINTIFF, EXCULPATORY EVIDENCE REGARDING A PENDING CHARGE OF MURDER, WHERE AUSA HOWES INLISTED COOPERATIVE ASSISTANCE FROM AUSA CHARLES COBB; WHO WAS DIRECTLY PROSECUTING CRIMINAL CASE No. F9286-88, TO ALLOW AUSA HOWES TO INSTEAD USE THE PENDING CHARGE THAT HE WAS PROSECUTING AS LEVERAGE IN SECURING A PLEA IN F9286-88, AND DISPOSE OF HIS WRONGFUL PROSECUTION OF PLAINTIFF EPPS WHO HE HAD INDICTED FOR MURDER IN THE SMITH CASE.

IN ADDITION, FORMER AUSA HOWES, MADE MATERIAL MISREPRESENTA-TIONS TO PLAINTIFF'S COUNSEL AND THE COURT REGARDING PLAINTIFF'S DEPARTURE FROM A DRUG PROGRAM BASED IN DENVER COLORADO, RENDERING COUNSEL OTHERWISE INEFFECTIVE DURING THE PROBATION REVOCATION HEARING.

THE INEFFECTIVENESS OF COUNSEL RESULTED IN PLAINTIFF BEING COERCED INTO A PLEA. EVEN THOUGH PLAINTIFF HAD A VIABLE SELF-DEFENSE CLAIM. AND THAT SAME INEFFECTIVENESS DURING THE PROBATION PROCEDURE RESULTED IN A LOSS OF LIBERTY.

## EIGHTH CAUSE OF ACTION

DENIAL OF LIBERTY WITHOUT AN ADEQUATE LEGAL BASES OR DUE PROCESS (FOURTEENTH AMENDMENT

WHILE IN THE CUSTODY OF THE D.C. DEPARTMENT OF CORRECTIONS, THE UNITED STATES DEPARTMENT OF JUSTICE, BUREAU OF PRISONS. PLAINTIFF EPPS CASE CAME BEFORE THE D.C. PAROLE BOARD AND THE UNITED STATES PAROLE COMMISSION ON SEVERAL OCCASIONS. IN APRIL, 23rd, 1996, PLAINTIFF APPEARED BEFORE THE D.C. PAROLE BOARD, AND QUALIFIED AS ELIGIBLE FOR PAROLE UNDER THE GUIDIENES FOR D.C. CODE OFFENDERS. HOWEVER, WITHOUT AN ADEQUATE LEGAL OR FACTUAL BASIS AND AN INADEQUATE DUE PROCESS PREDICATE, PAROLE WAS DENIED. IN SEPTEMBER, 2002, PLAINTIFF APPEARED BEFORE THE UNITED STATES PAROLE COMMISSION AND WAS AGAIN DENIED PAROLE. PLAINTIFF ATTEMPTED TO EXPLAIN TO AUTHORITIES ON A NUMBER OF OCCASIONS THAT ALL OF THE OFFICIAL PUBLIC IN EPPS's CASE WAS NOT BEFORE THEM. PLAINTIFF WAS IGNORED, SUBSEQUENT THERETO, THE UNITED STATES PAROLE COMMISSION "RUBBER STAMPED" THE CONTINUAL DENIAL WITHOUT CONDUCTING ITS OWN INVISTIGATION OR A COMPREHENSIVE REVIEW TO ASSURE THAT PLAINTIFF'S ALLEGATIONS WERE WITHOUT MERIT, BEFORE EFFECTIVELY DENYING PLAINTIFF HIS RIGHT TO A FULL FACTUAL DUE PROCESS REVIEW WITH ALL OF THE FACTS BEFORE THEM.

AS A RESULT OF THE FORGOING VIOLATIONS PLAINTIFF ENDURED MANY YEARS OF EXTREME MENTAL SUFFERING AND DISTRESS. PLAINTIFF SUBMITS THAT GIVEN HIS STATUS OF "QUALIFIED" HIS CONTINUAL INCARCERATION CONSTITUTED NOT ONLY INTENTIONAL INFLICTION OF MENTAL

-14-

PAIN AND SUFFERING BUT ALSO CONTRAVENED PROTECTIONS AGAINST CRUEL AND UNUSUAL PUNISHMENT. PLAINTIFF AVERS THAT HE HAS THE TAPED TRANSRIPTS OF THOSE HEARINGS. WHICH DETAIL THE ACTUAL MINUTES.

## NINTH CAUSE ACTION

## VIOLATION OF THE EIGHTH AMENDMENT

ON OR ABOUT OCTOBER 8, 2005. PLAINTIFF WAS RELEASE FROM THE CUSTODY OF THE UNITED STATE BOP VIA PAROLE. AFTER MR. JAMES STEWART, UNIT MANAGER, COUNSELOR BROWNING, AND CASE MANAGER MASTERS, ALL REPRESENTED PLAINTIFF IN HIS PAROLE HEARING AFTER RECEIVING VERIFIED JUDGEMENT AND COMMITTMENT ORDERS SHOWING THAT THE UNITED STATES PAROLE COMMISSION AND BOP. DID NOT HAVE THE FULL PUBLIC RECORD AND IN FACT HAD FOR YEARS MADE BIASE AND PREJUDICE DECISIONS IN CASE No. F 9286-88 DUE TO PORTIONS OF THE PUBLIC RECORD BEING UNDER SEAL. UPON HEARING REPRESENTATION FROM THESE PRISON OFFICIAL WHO INVESTIGATED PLAINTIFF PLEAS FOR RELIEF. THE UNITED STATES DISTRICT COURT REQUESTED THE FULL DOCKET REPORT FROM THE D.C. SUPERIOR COURT AND FAX-ED THE PUBLIC RECORD TO THE UNIT TEAM WHO REPRESENTED THIER FINDINGS TO THE PAROLE COMMISSION WHO GRANTED PLAINTIFFS RELEASE IMMEDIATELY. THAT WAS PURSUANT TO A CONDITION FOR LIFE. PLAINTIFF SUBMITS THAT

SUCH A CONDITION CONTRAVENE THE PROTECTION AGAINST CRUEL AND UNUSUAL PUNISHMENT. IN FURTHERENCE UNITED STATES PAROLE COMMISSIONER, ROBERT HEYWORTH, PUBLICLY DENOUNCED THE PRIOR ACTIONS TAKEN BY THE COMMISSION AND NOT ONLY GRANTED PAROLE. BUT REDUCED PLAINTIFFS SECURITY LEVEL BECAUSE PLAINTIFF, EPPS DESERVED IT. COMMISSIONER HEYWORTH ALSO STATED ON THE PUBLIC RECORD THAT PLAINTIFF SHOULD NOT STOP ADDRESSING THIS WRONG BECAUSE IT IS ON THE PUBLIC RECORD THE PLAINTIFF IS AN EXTREME THREAT TO THE COMMUNITY AND THIS IS NOT THE CASE. WITH THIS FACT STATED, AT MOST PLAINTIFF SHOULD HAVE BEEN PLACED ON PAROLE FOR THE BALANCE OF THE FIVE YEAR PROBATION PERIOD THAT THE DEFENDANT G. PAUL HOWES, et al., WAS ALLOWED TO FRAUDULENTLY HOODWINK AND BAMBOOZLE THE PLAINTIFF, THE PLAINTIFF'S COUNSEL. AND THE COURT.

THE IMPOSITION OF PAROLE FOR LIFE WAS INTENDED TO INTENTIONALLY AND WITH MALICE TO INFLICT MENTAL TORMENT AND SUFFERING FOR THE DURATION OF PLAINTIFF'S LIFE.

NOTHING IN CRIMINAL CASE No. F9286 88 JUSTIFIED PAROLE FOR LIFE WHEN THE COURT IMPOSED PROBATION IN THIS SAME CASE.

IN EACH OFFENSE. PLAINTIFF ADOPTS AND INCORPORATES THE FACTS AND ALLEGATIONS IN EACH AND EVERY PRECEDING OFFENSE.

## PRAYER FOR RELIEF

—16—

**WHEREFORE,** PLAINTIFF EPPS SEEKS RELIEF FROM FORMER AUSA HOWES, THE UNITED STATES DEPARTMENT OF JUSTICE, THE UNITED STATES PAROLE COMMISSION, THE D.C. PAROLE BOARD AND THE DISTRICT OF COLUMBIA IN THE AMOUNTS OF:

A. COMPENSATORY DAMAGE IN THE EXCESS OF $ 5,000,000.00

B. PUNITIVE DAMAGE IN EXCESS OF $ 20,000,000.00

C. ATTORNEY FEES AND COSTS

D. CLEAR THE MURDER CHARGES FROM THE PUBLIC RECORD

E. COMMUTE PLAINTIFF SENTENCE TO FIVE YEARS OR LESS ON PAROLE

F. ANY OTHER RELIEF THIS COURT DECIDES IS NECESSARY IN THE INTEREST OF JUSTICE.

## JURY DEMAND

PLAINTIFF EPPS DEMANDS A JURY ON ALL ISSUES SO TRIABLE.

RESPECTFULLY SUBMITTED,

BY: *Larry D. Epps*

LARRY D. EPPS
( PRO SE )

# CERTIFICATE OF SERVICE

**I HEREBY** certify that a copy of the foregoing cause of action be served by United States mail, postage prepaid to:

> Alan Burch, D.C. Bar# 470655
> Assistant United States Attorney
> 555 4th Street, N.W.
> Washington, D.C., 20530

On this ⎯⎯⎯ day of ⎯⎯⎯⎯⎯⎯⎯ , 2007.

_Larry W. Epps_

Larry Epps – DCDC 188-413
D.C. Detention Center
1901 D Street, S.E.
Washington, D.C, 20003

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**LARRY EPPS,**

        Plaintiff,

  vs                                 Civil Action No. **06-717**

**PAUL HOWES,** et al.,

        Defendants.

_____

## <u>ORDER</u>

    UPON CONSIDERATION Motion to File Answer or Otherwise Respond to herein, it

is hereby

   ORDERED that the motion is Granted, and it is

   FURTHER ORDERED that shall file answer or other response to the on or before

_____2007.

So ordered this_____day of _____,2007

 

                             _____

                             United States District Judge

```
01/15/2006 **CONVERTED RECEIPT HISTORY AS OF 2006-01-15**
           2002-07-30:    RECEIPT #:    Z0357850
                          AMOUNT:       $35.00
                          CAN NUM:      4668
                          TENDER:       Check
                          CHECK #:      8300
                          FROM:         EPPS, LARRY

           2002-06-26:    RECEIPT #:    Z0344610
                          AMOUNT:       $54.00
                          CAN NUM:      4668
                          TENDER:       Check
                          CHECK #:      2298
                          FROM:         EPPS, LARRY

           2002-05-21:    RECEIPT #:    Z0329513
                          AMOUNT:       $55.00
                          CAN NUM:      4668
                          TENDER:       Check
                          CHECK #:      5091
                          FROM:         EPPS, LARRY

           2002-04-23:    RECEIPT #:    Z0321545
                          AMOUNT:       $69.00
                          CAN NUM:      4668
                          TENDER:       Check
                          CHECK #:      8832
                          FROM:         EPPS, LARRY

           2002-03-22:    RECEIPT #:    Z0309609
                          AMOUNT:       $37.00
                          CAN NUM:      4668
                          TENDER:       Check
                          CHECK #:      4417
                          FROM:         EPPS, LARRY


11/30/2005 Appeal Dismissed
           Attorney: PRO SE (999999)


10/03/2005 JUDGE: WOLF            , PETER
           DEFENSE ATTY:                    ,
           COMMENT: AN APPEAL WAS FILED ON OCT  3  ,20 5
           BY DEFENSE


03/25/2005 MOTION FILED BY: PRO-SE            TYPE:
           OTHER
           DESC: MOTION FOR POST CONVICTION RELEIF UNDER
           DC CODE SECTION 23-110
           OPPOSITION FILED: 00-00-0000    HEARING DATE:
           00-00-0000    DISP:                    DISP
           DATE: 00-00-0000


07/23/2004 MOTION FILED BY: DEFENSE           TYPE:
           PRE-TRIAL
           DESC: MOTION TO RECONSIDER,REDUCE,MODIFY, OR
           SUSPEND PURSUANT TO SUPERIOR   COURT RULE 35
           OPPOSITION FILED: 00-00-0000    HEARING DATE:
           00-00-0000    DISP: MOOT               DISP
           DATE: 11-09-2004


01/17/1992 JUDGE: WOLF            , PETER
           DEFENSE ATTY:                    ,
           COMMENT: AN APPEAL THAT WAS FILED ON MAR  4,91
           WAS AFFIRMED ON  1/17/92
```

Exhaustion of Administrative Remedy

Ex. 1

*Ex. 2 of Their Ex. 1*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

*#99*

vs.

Case No. *F9286-88*
PDID No. *304 430*

*Harry D. Epps*
*AKA James Washington*

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of [ ] Not Guilty [✗] Guilty to the Charge(s) of *23*
*Second Degree Murder*

and having been found guilty by [ ] Jury [✗] Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to *Count (B)*
*Not less than 14 yrs and more than Life*

[ ] MANDATORY MINIMUM term of ................................... applies to the sentence imposed.

[✗] MANDATORY MINIMUM term does not apply.

[✗] ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above. *PSI attach.*

[ ] ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

[ ] ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

  [ ] Observe the general conditions of probation listed on the back of this order.

  [ ] Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
  written notice from your Probation Officer.

  [ ] Treatment for [ ] alcohol problems [ ] drug dependency or abuse as follows:

  [ ] Restitution of $................ in monthly installments of $................ see reverse side for payment
  will distribute monies to ................................................

*True Cope Date*

*A TRUE COPY 6-14-07*
*TEST:*
*Clerk Superior Court of the*
*District of Columbia*
*By:*
*Deputy Clerk*

Costs in the aggregate amount of $ *250.00* have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and [ ] have [✗] have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

*6/23/89*
Date

*Peter H. Wolf*
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

*6/23/89*
Date

*10:15 p.m*

Deputy Clerk

Form CTX180 1049 Aug. '87

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

#144

vs.

Case No. _F9286-88 B_
PDID No. _304 430_

_James Washington AKA Larry Epps_

AMENDED **JUDGMENT AND COMMITMENT/PROBATION ORDER**

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____

_Second degree murder_ _____

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _12 years_
_to Life. Execution of sentence previously imposed suspended. 5 years probation._
_(Drug testing ordered after completion of long-term treatment 1x week for the 1st year after completion + 2x month second year after long-term treatment.)_

␣␣␣ MANDATORY MINIMUM term of _____ applies to the sentence imposed.
☐ MANDATORY MINIMUM term does not apply.

␣ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

␣ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☒ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☒ Observe the general conditions of probation listed on the back of this order.

␣ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☒ Treatment for ☐ alcohol problems ☒ drug dependency or abuse as follows:
_Enter + Complete long-term inpatient & outpatient phases_

␣ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions). The Court will distribute monies to _____
_X Obtain Employment. Probation department to set up Community service-preferably directed toward youth drug rehabilitation._

Costs in the aggregate amount of $_250.00_ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

_4-9-90_
Date

A TRUE COPY
TEST: _6-14-07_
Clerk Superior Court of the
District of Columbia

_____
Judge

Certification by Clerk pursuant to _____ md).

_4-9-90_
Date

By: _____
Deputy Clerk

_____
Deputy Clerk

Form CR5e 10(B Aug. 85

EX. (2)

Step Back
11/19

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. _F 9286·88 B_

vs.

PDID No. _304-430_

AKA _Larry D. Epps_
_James Washington_          _Probation is Revoked_

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of [ ] Not Guilty [X] Guilty to the Charge(s) of _____
_Second Degree Murder_ _____

and having been found guilty by [ ] Jury [X] Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _Twelve_
_Years to Life._ _____

_____
_____
_____

[ ] MANDATORY MINIMUM term of _____ applies to the sentence imposed.

[X] MANDATORY MINIMUM term does not apply.

[X] ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above. _Parole not to exceed five years. F 9286·89_

[ ] ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

[ ] ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

   [ ] Observe the general conditions of probation listed on the back of this order.

   [ ] Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

   [ ] Treatment for [ ] alcohol problems [ ] drug dependency or abuse as follows:

A TRUE COPY
TEST: 6-14-07
Clerk Superior Court of the
District of Columbia
By: _____
Deputy Clerk

   [ ] Restitution of $ _____ in monthly installments of $ _____ beginning _____ (see reverse side for payment instructions.) The Court will distribute monies to _____

   [ ] _____

Costs in the aggregate amount of $ _____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and [ ] have [ ] have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

_June 26 1990_
**Date**

_Ricardo M. Urbina_
**Judge**

Certification by Clerk pursuant to Criminal Rule 32(d).

_June 26 1990_
**Date**

_Gerald A. McCinch_
**Deputy Clerk**

Form CD(18)-1040/Aug. 87

Ex. (3)

View Results | New Search

To navigate within the results and the documents use the buttons below.

Previous Doc | Next Doc | First Hit | Next Hit | Previous Hit

05/24/91 DARRYL J. SMITH v. UNITED STATES

[1]    DISTRICT OF COLUMBIA COURT OF APPEALS

[2]    No. 90-564

[3]    1991.DC.112 <http://www.versuslaw.com>, 591 A.2d 229

[4]    May 24, 1991

[5]    **DARRYL J. SMITH, APPELLANT**
       **v.**
       **UNITED STATES, APPELLEE**

[6]    Appeal from the Superior Court of the District of Columbia; Hon. Frederick H. Weisberg, Trial Judge

[7]    Stephen I. Singer, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellant.

[8]    Stevan E. Bunnell, Assistant United States Attorney, with whom Jay B. Stephens, United States Attorney, John R. Fisher and G. Paul Howes, Assistant United States Attorneys, were on the brief, for appellee.

[9]    Terry and Steadman, Associate Judges, and Kern, Senior Judge.

[10]   The opinion of the court was delivered by: Steadman

[11]     The issue in this appeal, although technically one of sufficiency of the evidence, basically involves the scope of the criminal offense of obstruction of Justice insofar as it applies to witness tampering. The relevant provision, D.C. Code § 22-722 (a)(1) (1989), reads:

[12]     (a) A person commits the offense of obstruction of Justice if that person:

[13]     (1) Corruptly, or by threats or force, endeavors to influence, intimidate, or impede any juror, witness, or officer in any court of the District of Columbia in the discharge of his or her duties.

[14]     Appellant was convicted under this provision for attempting to persuade two friends of his to testify falsely on his behalf about his lack of participation in an alleged murder. We affirm.

[15]     I

[16]     Appellant was arraigned on August 24, 1988, for a murder committed twenty-two days before. Shortly after being released, on September 8, 1988, he asked two friends of his, Dominic Dorsey and Joseph Calhoun, to testify that they had been with appellant at the scene of the killing and had seen the killing committed not by appellant but instead by one Larry Epps. As Dorsey testified, "he wanted us to say that -- when we went to court, he said he wanted us to be his witness and say that he didn't do it." About 10 days later, appellant again approached Calhoun, along with another friend of appellant, Lamarr Young, and asked them to testify to a more elaborate story also pinning the blame on Epps. Appellant told Young to tell this story "to whoever when I come to court and tell it to the Judge." Some days later, after learning that the police wanted to talk to witnesses, appellant, Calhoun, and Young again talked about the story.

[17]     In fact, Calhoun was not present at the scene of the killing or anywhere near it. Dorsey was a member of the group that accompanied appellant to the apartment house where the killing took place and was a witness to the events in the apartment where appellant, the victim, and Epps (among others) were all present shortly prior to the killing; however, Dorsey was not present at the time or scene of the killing, which took place in a stairwell. Calhoun initially

told the Assistant United States Attorney that Epps had been the killer but eventually admitted he was not anywhere present. Dorsey refused to go forward with the false story. Young, who was an eyewitness, testified at the trial that appellant had been the killer. At the trial, appellant was acquitted of the murder but convicted on two counts of obstruction of Justice under D.C. Code § 22-722 (a)(1), which related to his conversations with Calhoun and Dorsey. *fn1

[18]    Appellant's arguments with respect to the sufficiency of the evidence address the two counts in somewhat different but related ways. We take each in turn.

[19]    II

[20]    With respect to Dorsey, appellant's assertion is that no evidence was introduced that at the time appellant spoke to him, Dorsey was expected to testify and that he was therefore not a "witness" as required by the statute. *fn2

[21]    The word "witness" is not defined in the statute itself. The jury was instructed, without objection by appellant, that in order to convict, the government must prove beyond a reasonable doubt that Dorsey "was a witness or a potential witness in a case pending in the District of Columbia Superior Court." *fn3 The jury was further instructed:

[22]    The term "witness" means a person who knows or may know facts that are material to a pending case and who is expected to testify in that case, whether or not the person has actually been subpoenaed to testify at that time. A person is not a witness when regardless of his knowledge of material facts bears [sic -- presumably "there is"] no present expectation or intention that the person will be called to testify.

[23]    This was a substantially correct statement of the law. D.C. Code § 22-722 was part of the District of Columbia Theft and White Collar Crimes Act of 1982. In the main, it carried forward the provisions of pre-existing law, D.C. Code § 22-703 (1981), which in turn reflected the provisions of former 18 U.S.C. § 1503 (1970). The Extension of Comments of the chairperson of the Committee on the Judiciary, July 20, 1982, in commenting on proposed

section 722, states that "as under the current law, the term 'witness' is intended to mean a person who knows or is supposed to know material facts about a case which is pending and who may be called to testify," citing in a footnote United States v. Jackson, 168 App. D.C. 198, 513 F.2d 456 (1975). In that case, involving 18 U.S.C. § 1503, the court stated that "indubitably, one is a witness, within the meaning of section 1503, when he knows or is supposed to know material facts, and expectably is to be called to testify to them." United States v. Jackson, supra, 168 U.S. App. D.C. at 201, 513 F.2d at 459.

[24]     The facts here supported a jury finding that Dorsey was a witness within the above definition. As one who had accompanied appellant to the general area of the killing, he clearly had knowledge of relevant facts immediately surrounding the offense, and could be expected to testify concerning them. See Toliver v. United States, 468 A.2d 958 (D.C. 1983). Certainty as to one's role as a witness is not the test; it is whether there is a reasonable expectation to that effect. As put in the Extension of Comments quoted above, the issue is whether the person "may" be called to testify. Thus, even if Dorsey is regarded as a potential witness for the prosecution, we think the jury could find him to be a protected "witness."

[25]     III

[26]     The argument with respect to Calhoun is more intricate. Here it cannot be questioned that at the moment when appellant first approached Calhoun, he (Calhoun) knew no facts material to appellant's murder trial and therefore at that point in time was not a "witness." Appellant asserts that under the statute, a person must have the status of a "witness" at a point pre-existing the moment when a defendant first "endeavors to influence, intimidate, or impede" that person in any statements concerning the offense. The government meets this argument in two mutually reinforcing ways, both of which we think are correct.

[27]     A

[28]     First, however relevant appellant's position may be with respect to witnesses for the prosecution, it fits poorly when dealing with witnesses for the defense. As to the latter, it is the defendant who to a greater or lesser degree

determines who are to fall in that category, potential or actual. If, as here, by his actions, a defendant attempts to vest a person with the status of one who "may know" or "is supposed to know" -- for it is not actual knowledge that is required -- then that person indeed becomes a witness within the meaning of the statute.

[29]    The statutory goal of preventing the obstruction of Justice requires no less. The provision at issue here by its language covers the broad category of participants, potential or actual, in pending criminal proceedings, and its application extends not only to those who inherently fall within that category by their actual knowledge of material facts but those as well who are by the defendant's own acts brought within that category.

[30]    The defendant argues that such an interpretation makes meaningless the prohibition against subornation of perjury, contained in another section of the 1982 Act, D.C. Code § 22-2512 (1989). However, that provision, dealing with a wide variety of statements under oath, covers a multitude of instances which would not be reached by § 22-722 (a)(1), and the latter section likewise covers far more than attempts to seek false testimony. Cf. United States v. Partin, 552 F.2d 621, 631 (5th Cir.) (noting that attempted subornation of perjury "may well" violate witness tampering provision of former federal obstruction of Justice statute), cert. denied, 434 U.S. 903, 98 S. Ct. 298, 54 L. Ed. 2d 189 (1977). Furthermore, there is nothing remarkable in the fact that the same act may violate two or more statutory provisions. See, e.g., Holt v. United States, 565 A.2d 970 (D.C. 1989) (en banc).

[31]    **B**

[32]    Furthermore, appellant's contact with Calhoun here was not limited to a single encounter. By the time the second and third meetings had occurred, Calhoun had become knowledgeable of facts material to the pending litigation; namely, appellant's consciousness of guilt in seeking fabricated testimony. See Smith v. United States, 312 A.2d 781, 784-85 (D.C. 1973) (testimony that defendant had threatened a witness constituted highly relevant implied admission of guilt). Indeed, the trial court without objection instructed the jury that they "may consider" appellant's attempts to influence Dorsey and Calhoun to testify falsely as evidence "tending to prove Mr. Smith's consciousness of guilt," although they were not required to do so. While we recognize that reliance upon this theory standing alone could present potential

jury unanimity problems, no such objection was raised at trial or request for a unanimity instruction made, and we perceive no "plain error" in that regard. Shivers v. United States, 533 A.2d 258, 263 (D.C. 1987).

[33]    For the foregoing reasons, the judgment of conviction appealed from must be

[34]    Affirmed.

---

Opinion Footnotes

---

[35]    *fn1 Appellant was not charged with obstruction of Justice with respect to his conversation with Young. The trial court granted appellant's motion for a judgment of acquittal on a third count of obstruction of Justice relating to one Howard Benson-El.

[36]    *fn2 Appellant appears to bifurcate this argument into two parts, namely, whether Dorsey himself expected to testify and whether appellant himself knew or had reason to know that Dorsey was expected to testify. We see no significance in this distinction for purposes of this appeal, since a jury could easily infer that both Dorsey and appellant knew or had reason to know of Dorsey's potential as a witness. In this regard, we think the facts here significantly differ from Walker v. United States, 93 F.2d 792 (8th Cir. 1938), on which appellant places heavy reliance. In that case, a split 2-1 decision, the person approached was a co-defendant who could not be forced to testify, and the court apparently thought it important that the evidence show that she "intended to be a witness." No such problem is presented in the case before us.

[37]    *fn3 Appellant now takes issue with the use of the phrase "potential witness," but this is a helpful clarification whose import was made clear by the further explanation of the term.

19910524

© 1997 VersusLaw Inc.