-2-

alter his life of drug abuse and criminal conduct; and because the prosecutor personally investigated defendant's separate murder case and found it to be lacking a valid self-defense claim but that there had been a contract on the defendant's life such that had he was faced with a kill or be killed situation, the prosecutor arranged to have defendant placed in Stout Street in Denver, Colorado. This accommodation for defendant was unprecedented.

4. Defendant was granted several weeks to place his personal affairs in order before the government paid for his air fare to Denver. The prosecutor was in contact with his family and with the older family friend with whom he lived throughout that period. Defendant picked his initial departure date and then, at the last moment, asked for and received an extension from the prosecutor so that he could conclude personal matters.

5. Before his departure the prosecutor and at least two police detectives spoke at length to the defendant about the Stout Street opportunity. He told us that Stout Street was what he wanted to do, notwithstanding the rigors of the program. He never once mentioned the try-this-one-get-another-program-later option nor was such an opportunity mentioned to him or ever hinted at. The government is never in the business of providing alternative non-prison sentences in murder cases. The prosecutor, for the reasons stated here, believed this to be a special case worthy of affording defendant a chance to trade 12 years to life in exchange for 2-3 years in a program where he could rid himself of his drug addiction and alter the course of his life.

6. At no time prior to defendant's ignominious return to the District some three weeks into the program did any member of the Public Defender Service or the defendant himself or his former or present

-3-

counsel or any family member raise or even hint at the prosepect that Stout Street was not the right program. In fact, any program sanctioned by the government and approved of by the court which would offer defendant the choice between 12 years to life in prison or 2-3 years in an intensive treatment regimen was thought to be just short of miraculous. The assertion that defendant sought to please the prosecutor is incredible. Defendant was not offered a menu from which to choose the program of his liking. Defendant was offered one opportunity to change his life, if he were strong enough to do so, and if he had reached the stage where he feared not changing more than he accepted being an habitual criminal.

7. This was not a case where defendant could try a program for however long he chose and then make a change when he decided to. Defendant's obligation was to make a choice: complete Stout Street or serve 12 years to life for second degree murder. Three times defendant called from Denver to the prosecutor's home at night to complain about the rigors of the program. That was to be expected at least for the first or second call. No one promised him the alteration from criminal drug addict to drug-free productive citizen would be easy, especially at his age and with his rec  d. But to have failed completely in less than three weeks is testi     y only to defendant's continuing con game. His failures are alway          else's fault. His inability to change is always someone el             sibility. His refusal to deal with reality, to over come his            , to address his fears and insecurities -- which are mas              believes, in word games and seeming sophistication -- is a            tionalized as needing one more chance. A defendant with hal           Epps's intellect and talent would have played any therapy gam      ne anything required to escape life in prison.

-4-

8. Mr. Epps, as his counsel notes, is talented and blessed. He also has spent most of his adult life incarcerated and addicted to drugs. Both of those conditions are the result of his choosing, and not the fault of any one else. In a routine second degree murder plea, where the defendant faced two first degree murder indictments, neither prosecutor nor judge would have considered drug treatment in place of 12 or 15 years as a minimum sentence. This situation only came about because this prosecutor not only kept his word, but did his own investiga- tion, before offering defendant an unprecedented opportunity.

9. Defendant is not being punished for leaving Stout Street. Defendant is merely facing the consequences of his own choice. He knew the alternatives when he was offered Stout Street: successful completion of the 2-3 year program or serve the sentence of Judge Wolf. He chose to fail Stout Street. He chose to continue his efforts to con the system, the prosecutor, and the court, when he failed to con Stout Street into treating him as he thought he should be treated. His motion is nothing more than a continuation of his con game on his terms. To state that the program of his choice "will offer him a real chance to stay drug-free and become a contributing adult to society" is to overlook the real opportunity he was afforded at Stout Street -- an opportunity he chose to fail at, and to do so in fewer than 21 days.

10. Defendant assertions at the revocation hearing that his status now is the fault of the prosecutor for not getting him the right program not only the government's and the court's efforts for the fault, but insults every member of the Stout Street program battling every day of the regimen to rid him or herself of drug and preparing to embark on a productive life.

-5-

It should not be forgotten that when defendant was given the oppor-
tunity to speak at his hearing, he uttered not one word of remorse
for his failure; not one word of thankfulness for the chance extended
to him by the court. But now, through his counsel, he is penitent and
humble. It is more than mere coincidence that those character alter-
ations come about when he is again facing 12 years to life in prison.

11. The government has no objection to defendant's transfer to a
federal correctional facility where drug treatment is available.

WHEREFORE, in light of defendant's choice of prison rather than
a respected drug treatment program, defendant's motion for reconsidera-
tion and reduction of sentence should be summarily denied without a
hearing.

Respectfully submitted,

JAY B. STEPHENS
UNITED STATES ATTORNEY

G. PAUL HOWES
ASSISTANT UNITED STATES ATTORNEY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this motion response was mailed
to defense counsel Carrie L. Fair, Esq., 1025 Conn. Avenue NW., Suite
700, Washington, D. 20036, this 23d day of October 1990.

G. PAUL HOWES
ASSISTANT UNITED STATES ATTORNEY



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

```
-----------------------------
UNITED STATES OF AMERICA :

        v.             :        Crim. No. F9268-88
                       :          JUDGE URBINA
JAMES WASHINGTON       :
    aka Larry D. Epps  :
-----------------------------
```

O R D E R

Upon consideration of Defendant's Motion for Reduction and Modification of Sentence, Government's Opposition to Defendant's Motion for Reconsideration and Modification of Sentence and the record herein, it is _23_ day of January, 1991

ORDERED that Defendant's Motion is hereby DENIED.

SO ORDERED.

**SIGNED IN CHAMBERS:**

JAN 23 1991

_Ricardo M. Urbina_
RICARDO M. URBINA
Associate Judge

Copies shall be sent to:

Carrie L. Fair, Esq.
1025 Connecticut Avenue, N.W.
Suite 700
Washington, D.C.   20036

G. Paul Howes, Esq.
Assistant U.S. Attorney
Felony Trial Division

Mr. Larry D. Epps
DCDC #188-413
D.C. Department of Corrections
Maximum Security
Lorton, VA  2207

JAN 3 0 19

No. 91-265

$Ex.(11.)$

DISTRICT OF COLUMBIA
COURT OF APPEALS

REC'D AUG    1993

Larry D. Epps,

*Appellant*

v.

United States Of America,

*Appellee*

Appeal From The Superior Court Of The
District Of Columbia--Criminal Division

BRIEF OF COUNSEL SUBMITTED PURSUANT TO
ANDERS v. CALIFORNIA, 386 U.S. 638 (1967)

DENNIS M. HART

Counsel for Appellant
552 Seventh Street S.E.
Washington, D.C. 20003
(202) 546 7770
935643

*Crim. No. F*

# Table of Contents

Table of Authorities........................................... 2

Statement of the Case......................................... 3

Statement of Facts............................................ 4


REASONS FOR THE MOTION TO WITHDRAW

   I   COUNSEL IS UNABLE TO ADVANCE ANY NON FRIVOLOUS
       ARGUMENTS IN SUPPORT OF THE APPEAL..................... 7

      1. Review Undertaken By Counsel....................... 7

      2. Issues Raised By Appellant's
         October 16, 1990 Motion........................... 9

      3. Additional Issues Which Appellant
         Requested Counsel to Raise on Appeal...............10

      4. The Standard for Review of a Denial
         of a Motion to Reduce or Modify Filed
         Pursuant to Rule 35...............................13


Conclusion.................................................... 14

Certificate of Service........................................ 16

# Table of Authorities

_ _ _ _ _ California, 386 U.S. 739 (1967)..................... 8

_ _ _ v. United States, 457 A.2d 390 (D.C. 1983)............... 8

Garcia v. United States, 542 A.2d 1237 (D.C. 1988)............ 13

Johnson v. United States, 513 A.2d 798 (D.C. 1986)............. 8

Patterson v. United States, 570 A.2d 1198 (D.C. 1990)......... 11

Suggs v. United States, 391 F.2d 971 (D.C.Cir. 1968).......... 8

United States v. Pollack, 655 F.2d 243 (D.C.Cir. 1980)........ 14

*Walden v. United States, 366 A.2d 1075 (D.C. 1976)........... 13

Williams v. United States, 470 A.2d 302 (D.C. 1983),
        cert. denied, 472 U.S. 1019 (1985)................... 13

*Williams v. United States, 571 A.2d 212 (D.C. 1990).......... 14

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 91-265

## Larry D. Epps,

*Appellant*

v.

## United States Of America,

*Appellee*

*Appeal From The Superior Court Of The District Of Columbia--Criminal Division*

*BRIEF OF COUNSEL SUBMITTED PURSUANT TO ANDERS v. CALIFORNIA, 386 U.S. 738 (1967)*

### Statement of the Case

On August    1988, a criminal complaint was filed in which it was alleg.    James Washington, also known as Larry

-3-

of Mr. Epps, murdered a Cyrus Gray during the course of a rob-
bery. On that same day, Mr. Epps was presented before a Superior
Court Commissioner on a charge of Felony Murder while armed.

As a result of plea negotiations, Mr. Epps pled guilty
to a second degree murder charge on May 8, 1989.  On April 9,
1990, the Honorable Ricardo M. Urbina sentenced Mr. Epps to a
term of twelve years to life; suspended the execution of that
sentence and imposed five years probation with the condition that
the defendant participate in a long term drug treatment program.

On June 26, 1990, a hearing was held for Epps to show
cause why his probation should not be revoked for failure to com-
ply with the drug treatment requirement.  At the conclusion of
that hearing, the original sentence of twelve years to life was
imposed.

On October 16, 1990, appellant's sentencing counsel
filed a motion to modify his sentence pursuant to Rule 35.  On
January 23, 1991, the sentencing court denied Mr. Epps' motion
for reduction and modification of the June 26, 1990, sentence.
This appeal followed.

## STATEMENT OF FACTS

On August 9, 1988, a criminal complaint was filed in
D.C. Superior Court which alleged that the appellant murdered an
individual known as Gray during the course of a robbery.

-4-

was alleged to have taken place on July 13, 1988. On August 9, 1988, the appellant was presented before a Superior Court Commissioner on a charge of Felony Murder while armed. Appellant was held without bond. (R. 10)

As a result of plea negotiations with the government, the appellant eventually entered a plea of guilty before the Honorable Peter H. Wolf to a second degree murder charge on May 8, 1989. (R. 14)[1] As part of this agreement, the government would dismiss murder charges in a second case and would expect the appellant's cooperation in the prosecution of that matter. (R. 25)[2] Because of some difficulty in bringing the second matter to a trial, the appellant was not sentenced until April 9, 1990.

By the time that apppellant was sentenced, the matter had been transferred to the Honorable Ricardo M. Urbina and on April 9, 1990, the appellant was sentenced to a term of twelve years to life. Judge Urbina then suspended the execution of that sentence and imposed five years probation with the condition that the defendant participate in a long term drug treatment program. (R. 29)

On May 24, 1990, the Superior Court Probation Department recommended a show cause hearing based on the appellant's

---

[1] Appellant pled guilty to a felony information which charged him with the second degree murder of Cyrus Gray after waiving his right to indictment by a grand jury. (R. 15)

[2] United States v. ___ J. Smith, F 9938-88.

failure to satisfy his community service obligations, his VVCC[3] assessment of $250 and the allegation that he absconded from his drug treatment program. (R. 31)  On June 12, 1990, a show cause order was issued for the appellant. (R. 32)

On June 26, 1990, a hearing was held for appellant to show cause why his probation should not be revoked for failure to comply with the drug treatment requirement.  At that hearing, appellant's counsel explained the background of the case and why the appellant felt compelled to leave the treatment facility. (June 26, Tr. 9-14)  Counsel noted that upon his return to the District of Columbia (the original drug treatment program was in Colorado) the appellant had registered with a local treatment program and had obtained a job while waiting for bed space to open for treatment. (June 26, Tr. 11-12)  After recommendations by both the probation department (June 26, Tr. 5-6) and the prosecutor's office (June 26, Tr. 14-18), the sentencing court heard from the appellant. (June 26, Tr. 21-22)  At the conclusion of that hearing, the sentencing court found that the appellant had violated the conditions of probation and revoked it. (June 26, Tr. 22-25)  The original sentence of twelve years to life was imposed. (R. 30).  An order revoking probation was filed that same day. (R. 37)

On October 16, 1990, the appellant filed a motion for reduction and modification of his sentence. (R. 55-61)  In that

---

3 Victims of        Crime Compensation Act of 1981.

motion, counsel for appellant sought a modification of the sentence to permit drug treatment at an in-patient facility in Pennsylvania. (R. 59)  The government opposed this request in a written response. (R. 40-44)

On January 23, 1991, the sentencing court denied the appellant's motion by a one sentence order. (R. 107)  A notice of appeal was filed by appellant's sentencing counsel on March 4, 1991. (R. 111)[4]

---

## COUNSEL IS UNABLE TO ADVANCE ANY NON FRIVOLOUS ARGUMENTS IN SUPPORT OF THE APPEAL

Unable to discover any non frivolous issues in the present case requires counsel to move to withdraw pursuant to *Anders v. California,* 386 U.S. 738 (1967)  As grounds for this request, counsel would show the following:

### 1. Review Undertaken By Counsel

Counsel has reviewed the complete appellate record in the present case.  Counsel has reviewed the probation revocation hearing transcript of June 26, 1990.  He has discussed the contents of that record and transcript with the appellant in written

---

4 Althou   apparently date stamped March 4, 1991, the jacket
entry        the file date of March 5, 1991. (R. 9)

the location. The location of the appellant in a Tennessee
prison facility made a personnel interview impossible.

Transcript was ordered and produced for the revocation
hearing and a copy was supplied to appellant for his review.[5]
In addition, present counsel has attempted, albeit unsuccessful-
ly, to solicit any views that prior counsel might have on poten-
tial issues.

Counsel has reviewed the statutory and case law regard-
ing motions for reduction and modification of sentence filed pur-
suant to Rule 35.  The results of this review have been communi-
cated to the appellant in writing.  In addition, counsel has
reviewed the case law regarding motions to withdraw an appeal.
*Anders, supra.; Suggs v. United States,* 391 F.2d 971 (D.C.Cir.
1968); *Johnson v. United States,* 513 A.2d 798 (D.C. 1986); *Bell
v. United States,* 457 A.2d 390 (D.C. 1983).  The general legal
principles contained in these decisions have also been communica-
ted to the appellant.

Despite counsel's conclusion that the appeal is without
non frivolous issues, the appellant has informed counsel that he
feels that Judge Urbina's decision to revoke his probation is

---

5 At appellant's request, transcript was also ordered for his in-
itial plea hearing on May 8, 1989.  This was requested by motion
on June 7, 1991.  While this transcript has not yet been pro-
duced, it is highly unlikely that it would have any effect on the
present appeal since Judge Urbina was never presented with a
challenge to the propriety of the original plea.

... ... in several respects and that he should have been given
... ... ... a drug rehabilitation program.  Appellant has
... ... counsel that he does not wish to withdraw the matter and
prefers to have this Court consider the appropriateness of Judge
Urbina's January 23, 1991, order of denial.

Counsel has explained to the appellant that the instant
brief will be filed with the Court but not served upon counsel
for the government and that he will have the opportunity to
respond himself, if he wishes, upon receipt of the brief.

## 2. Issues Raised By Appellant's October 16, 1990 Motion

Appellant's October 16, 1990, motion to reduce or modify
his sentence pursuant to Rule 35 of the Superior Court Rules of
Criminal Procedure contained several themes.  The first was that
the appellant had been unfairly pushed by government counsel into
entering a drug treatment program for which everyone else knew he
would fail.  The second theme was that appellant's counsel had
located a program in Pennsylvania in which appellant would have a
greater chance of success.  Finally, the motion asked that since
nearly 120 days had elapsed since the revocation that this was
sufficient punishment for the appellant's unauthorized leave from
the initial drug program.  (R. 55-61)

Significantly, the motion of October 16th made no men-
tion of any illegality     the revocation of the probation or in
the hearing of June 2..

Additional Issues Which Appellant
Requested Counsel to Raise on Appeal

In discussions with present counsel the appellant has
requested that a brief be filed which asks this Court to review a
number of issues that were not directly raised in the October
10th motion to reduce and modify.

These issues are as follows:

A. Whether the sentencing court erred in revoking his proba-
tion solely on the basis of hearsay evidence and whether this
violated his right to confront and cross examine the witnesses
against him.

B. Whether the evidence presented at the probation revoca-
tion hearing was sufficient to support the sentencing court's
conclusions.

C. Whether the sentencing court erred in basing the revoca-
tion of probation upon the attempt of the appellant to save him-
self from further criminal charges.

D. Whether the sentencing court erred when it did not hear
the appellant's character witnesses.

E. Whether the appellant was the victim of racial bias
within the court system and the drug program from which he
absconded.

As a result of these suggestions and upon a review of
the record in this case and the case law, counsel would make the
following observations:

A. Appellant admits through counsel, albeit with an expla-
nation, his absconde the Colorado drug program.  When

refused a chance to address the court, the appellant did nothing to challenge the allegation that he left the program in violation of his probation condition. (June 26, Tr. 21-22)  There was no dispute on this question during the hearing of June 26th.  Nor was there any factual dispute raised in the October 16th motion for modification or reduction.  Without any factual dispute and with all parties assuming the correctness of the core assumption-that appellant left the drug program without permission-it is impossible to assign error to this decision no matter what standard of evidence was utilized.[6]

Yet even if a level of evidence is required for a hearing in which there are no disputed essential facts, it is clear from prior decisions of this Court that hearsay is admissible as long as it is "worthy of belief." *Patterson v. United States,* 570 A.2d 1198, 1199 (D.C. 1990)  The essential facts of violation were contained in the probation violation report of May 24, 1990, (R. 31) and adopted by the sentencing court (June 26, Tr. 3-5) and fall within the category of evidence permitted in *Patterson.* Nor is there any merit to the allegation that the use of such evidence deprived the appellant of his right to confront the witnesses. *Patterson,* 570 A.2d 1198, 1199, note 1.

B. The evidence presented at the hearing was sufficient to support the sentencing court's conclusion since there was no dis-

6 Indeed the appellant does not now even challenge the essential fact that he left the program without permission--only that the sentencing court disagree with his reason for leaving.

[...] the violation.  Given the second opportunity to raise [...] question in the October 16th motion for modifica- [...] appellant [...] did not advance this issue.

C. The appellant's major complaint appears to be that the sentencing court did not agree with the judgment call the appel- lant made in leaving the Colorado drug program.  It is clear from the record however, that the sentencing court was aware of the situation.  It was presented to the court both by defense counsel (June 26, Tr. 7-13) and by government counsel. (June 26, Tr. 14- 18)  The appellant does not now, nor has he ever, challenged the accuracy of those representations.  Furthermore, the appellant elected to present nothing new as a defense in his October 16th motion for modification.

D. The appellant did not present character witnesses at the June 26th revocation hearing.  The appellant did not in any fashion indicate that such witnesses were available or that he wanted to call such witnesses.  Appellant did not seek any con- tinuance for such a person.  In the October 16th motion for modi- fication, the appellant makes no mention of additional witnesses or character testimony.  Moreover, appellant has not presented such witnesses or any indication of their testimony to un- dersigned counsel.  This must be viewed as nothing more than an after the fact attempt to find some error in the revocation deci- sion.

E. Although the appellant has advanced much rhetoric in support of his position that [...] a victim of racial bias on the

12-

........ the ...... of Justice system, he has presented no facts
...... ...... that conclusion in any way.

4. The Standard for Review of a Denial
   of a Motion to Reduce or Modify Filed
   Pursuant to Rule 35

        Pursuant to Rule 35(b) of the Superior Court Criminal
Rules, a motion to reduce or modify a sentence may be made within
120 days after sentence is imposed or probation revoked.  The
Rule also requires that the trial court shall determine the mo-
tion within a reasonable time.  There are no other requirements
applicable to the present motion within Rule 35.

        This Court has concluded that the purpose of Rule 35
is to allow the trial court to consider, after further reflec-
tion, whether the sentence originally imposed was too harsh in
light of the defendant's conduct.  *Williams v. United States,* 470
A.2d 302 (D.C. 1983), *cert. denied,* 472 U.S. 1019 (1985).

        A motion for reduction or modification of sentence is
basically a plea of leniency and is addressed to the trial
court's discretion.  *Walden v. United States,* 366 A.2d 1075 (D.C.
1976)  Thus, the standard for a review of such a motion is the
abuse of that discretion.  Under established principles, this
means that dissatisfied movants have an extremely limited right
of appeal from the trial court's exercise of discretion.  *Garcia
v. United States,* 542 A.   1137 (D.C. 1988).  This is required
since appellate courts ...   substitute their judgment for that

-13-

in the trial court in matters of sentence reduction or modification. *Williams v. United States*, 571 A.2d 212 (D.C. 1990).

Counsel has considered the potential issue of timeliness of the trial court's decision since the motion was made on October 16, 1990, and not decided until January 23, 1991. Rule 5 does require a timely decision by the trial court. *See, United States v. Pollack* 655 F.2d 243 (D.C.Cir. 1980) The delay in this case does not appear to in any way have infringed on any interest of the appellant so as to form the basis for appellate review.

Under these general principles, it is clear that appellant has no appealable issues in the present case. The trial court exercised its discretion without legal challenge on June 26, 1990, when it revoked probation and executed the sentence. The subsequent exercise of discretion in denying the motion to reduce and modify is without any fault.

## CONCLUSION

While the appellant has sought redress for what he perceives to be a trick played upon him by the government who required him to participate in a drug program which he believes he was justified in absconding from, he has exhausted his available legal remedies. Unable to convince the sentencing court of the merits for a second time at his revocation hearing, his sub-

-14-

[text illegible] motion raises no legal or factual issue which
[text illegible] the basis for a review by this Court.

[text illegible] discussions with present counsel, the appellant has
[text illegible] the appellate consideration of a number of different
[text illegible]. Counsel notes that none of these issues were raised in
the motion from which this appeal originates. Yet even if there
were some way that jurisdiction to review could be obtained, none
of the issues suggested by the appellant has any factual support.

For the foregoing reasons, counsel respectfully requests
that this Court permit him to withdraw from further representa-
tion in this matter.

Respectfully submitted,

Dennis M. Hart
552 Seventh Street S.E.
Washington, D.C. 20003
(202) 546 7770

15-

## CERTIFICATE OF SERVICE

I, Dennis M. Hart, do certify that a true and correct copy of the foregoing was served, by mail, with first class postage prepaid, upon Larry D. Epps, DCDC 188-413, CCA West Tennessee Detention Facility, 555 Finde Naifeh Jr. Drive, Mason, Tennessee, this 8th day of August, 1991.

Dennis M. Hart

-16-

District of Columbia
Court of Appeals

DISTRICT OF COLUMBIA
COURT OF APPEALS

*ILED*

*Filed D. Si_____*
Clerk

No. 91-265

LARRY D. EPPS,
A/K/A JAMES WASHINGTON                    Appellant,
                                          F9286-88

        v.

UNITED STATES,
                                          Appellee.

                    O R D E R

        On consideration of the motion of appellee to vacate the
advanced briefing order of June 10, 1991, and it appearing that
on August 8, 1991, counsel for appellant filed a brief pursuant
to *Anders v. California*, 386 U.S. 738 (1967), it is

        ORDERED that the motion is granted and this court's advanced
briefing order of June 10, 1991 is hereby vacated.  It is

                        BY THE COURT:

                        *John A. Terry*

                        JOHN A. TERRY
                        Acting Chief Judge

Copies to:

Dennis M. Hart, Esquire
552 7th Street, S.E.
Washington, D.C. 20003

John R. Fisher, Esquire
Assistant United States Attorney

gr

# District of Columbia
# Court of Appeals

August 20, 1991

Mr. Larry D. Epps
DCDC #188-413
CCA West Tennessee Detention Facility
555 Finde Naifeh Jr. Drive
Mason, Tennessee

RE: No. 91-265 – *Larry D. Epps v. United States*

Dear Mr. Epps:

In the above case, your court-appointed counsel has filed a motion to withdraw from this appeal. If you wish to do so, you may file a response to this motion on or before September 27, 1991, indicating your reasons why Dennis M. Hart, Esquire, should not be permitted to withdraw or any grounds for appeal you believe you may have. In the event you need additional time within which to respond, please advise me. I have enclosed a self-addressed stamped envelope for your use.

After your response has been received or the time for filing has expired, the motion and any response you may make will be submitted to the court for its consideration. The court will also review the record of the trial proceedings including the court reporter's transcript. If the court concludes the appeal lacks merit and grants the motion of your court-appointed counsel to withdraw, the appeal may be dismissed. Therefore, it is important that you file a response to the motion if you believe there are grounds for appeal.

Sincerely,

Jane E. Petkofsky
Senior Staff Attorney

JEP-gr

# District of Columbia
# Court of Appeals

DISTRICT OF COLUMBIA
COURT OF APPEALS

No. 91-265

FILED

LARRY D. EPPS,

                        Appellant,

        Clerk

    v.

                                  F9286-88

UNITED STATES,

                    Appellee.

BEFORE:   Terry and Steadman, Associate Judges, and Gallagher,
           Senior Judge.

## J U D G M E N T

    On consideration of the motion of counsel for appellant for
leave to withdraw, and there appearing to be no opposition
thereto, and it further appearing that there are no non-frivolous
issues on appeal, it is

    ORDERED that the motion is granted.  See *Anders v. California*,
386 U.S. 638 (1967).  It is

    FURTHER ORDERED and ADJUDGED that the order on appeal is
hereby affirmed.

                              FOR THE COURT:

                              RICHARD B. HOFFMAN
                              Clerk of the Court

Copies to:

Honorable Ricardo M. Urbina

Clerk, Superior Court

*Ex. (12)*

DISTRICT OF COLUMBIA COURT OF APPEALS

APPEAL FROM THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

9100265

TITLE OF CASE

LARRY D. EPPS
a/k/a JAMES WASHINGTON ,

ATTORNEYS FOR APPELLANT

*DENNIS M. HART
CJA NEW
552 7th Street SE
WASHINGTON DC  20003  546-7770

APPELLANT,

V.

UNITED STATES

APPELLEE,

COURT NO: F9286-88
COURT DIVISION: CRIMINAL
TRIAL JUDGE: RICARDO M. URBINA
DATE OF JUDGMENT/ORDER: 01/30/91
NOTICE OF APPEAL FILED: 03/04/91

ATTORNEYS FOR APPELLEE

JOHN R. FISHER
USAO
555 4th St NW  Rm 5220  JUDICIARY
WASHINGTON, DC  20001  514-7088

CITE:

REMARKS: REDUCTION OF SENT
AJ

ATTORNEYS