original

# Superior Court of the District of Columbia
## CRIMINAL DIVISION

CROSS REFERENCE SEE

Court File Date: 08-9-88
LOCK UP: L-67
PDID
DOB
CCR

☐ CITATION ☐ BOND ☐ Collateral $ ____ Page Number

NAME OF DEFENSE COUNSEL — CODE S C A R — DATE WITHDRAWN
☐ PRO SE

NAME OF PROSECUTOR — CODE
ASSIGNED TO JUDGE
Cal. Number

FILE DATE DISPOSITIONS
Count(s) ____ No Papers
Count(s) ____ Nolle Prosequi
Prosecutor

☐ LINEUP ORDER FILED
☐ Sworn Statement Filed
Rule 5(c) Determination ☐ Made ☐ Waived

Count(s) A — PLEA: ☐ Not Guilty ☐ Guilty
JUDGMENT: ☐ Not Guilty ☐ Guilty

CONTINUED DATE
ARRAIGNMENT
FORENSIC REPORT
PREL. HEARING 8/7/88
STATUS HEARING
JURY TRIAL
NON-JURY
PROBATION R & S

☐ Defendant informed of rights pursuant to Superior Court Rule 5 (b) including the right to counsel
☐ PERSONAL RECOGNIZANCE
☐ Third Party
☐ Collateral Remains
☐ Defendant Advised of Penalties for Failure to Appear

BOND IN THE AMOUNT OF $ NO Bond ☐ UNSECURED ☐ CASH ____ % ☐ SURETY

☐ COMMITMENT ORDER FILED

COURT REPORTER — TAPE ☐ — CLERK — JUDGE

PROBATION REFERRAL

ADDITIONAL FILE DATE ENTRIES

DISPOSED — PENDING — JUDGE

FINAL DISPOSITION ONLY

DATE 6/23/89 Deft. Sent. As to Count (A) not less than 12 years not more than life

SEE INSIDE →

Count(s) ____ Nolle Prosequi Prosecutor: ____

☒ COMMITMENT ORDER FILED
COURT REPORTER: W. E. Kaczorowski — TAPE ☐ — CLERK: AK — JUDGE: Wolf

All Counts Closed — JACKET MAY GO TO CLOSED FILES — Updated by

DISPOSED

Form CD(14)-10.2/Sep 83

Diversion Programs
Date Admitted
☐ ACCELERATED
☐ 1st OFFENDER
☐ CROSSROADS
☐ SPECIAL DIVERSION
☐ D.U.I. DIVERSION
☐ ____ DIVERSION

FELONY

UNITED STATES DISTRICT OF COLUMBIA — Larry D. Epps — JUDGE URBINA — JAMES WASHINGTON

F 9286 '88

Ex. 9

| DATE | COUNT(S) | PLEA OF NOT GUILTY, WITHDRAWN; JURY DEMAND WITHDRAWN; PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for | In Courtroom No. |
| --- | --- | --- | --- | --- | --- | --- |
| 8-17-88 | | | | | | |

COURT REPORTER / TAPE — COUNT(S) — Bench Warrant Ordered and Issued Forthwith; Bench Warrant Bond $ — COUNT(S) — Preliminary Hearing: Held / Held for G.J. Action / Waived / No Probable Cause

Counsel: IS PRESENT / IS NOT PRESENT — Defendant: IS PRESENT / IS NOT PRESENT — BOND $ — CASH / SURETY — P.R.

CERTIFIED TO JUDGE WOLF FOR PREL HEARING

Count(s) — Nolle Prosequi — Prosecutor — Defendant released and warned of Penalties for failure to return — DEFENDANT COMMITTED

DISPOSED: CLOSED / Held G.J. / CONT PAY / Show Cause — PENDING: B/W / Status / Jury / Non Jury / Sent. / Others / Updated By — CLERK: [illegible] — JUDGE: Morrison

| DATE | COUNT(S) | PLEA OF NOT GUILTY, WITHDRAWN; JURY DEMAND WITHDRAWN; PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for | In Courtroom No. |
| --- | --- | --- | --- | --- | --- | --- |
| 8-17-88 | A | | A | 9-8-88 | Status | 28 |

COURT REPORTER: [illegible] — TAPE — COUNT(S): A — Preliminary Hearing: Held / Held for G.J. Action

Counsel: IS PRESENT — Defendant: IS PRESENT — BOND $ NO BOND

[illegible handwritten entry] ... Case now re-certified to Judge Morrison, item #28. [illegible]

Count(s) A — Nolle Prosequi — Prosecutor — DEFENDANT COMMITTED

DISPOSED — PENDING — CLERK: [illegible] — JUDGE: Wolf

| DATE | COUNT(S) | PLEA OF NOT GUILTY, WITHDRAWN; JURY DEMAND WITHDRAWN; PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for | In Courtroom No. |
| --- | --- | --- | --- | --- | --- | --- |
| SEP 08 1988 | | | A | SEP 14 1988 | [illegible] | [illegible] |

COURT REPORTER — TAPE — Bench Warrant Ordered and Issued Forthwith — Preliminary Hearing

Counsel: IS PRESENT — Defendant: IS PRESENT — BOND $ [illegible]

[illegible handwritten entry] OCT 11 1988 [illegible]

Count(s) — Nolle Prosequi — Prosecutor — DEFENDANT COMMITTED

DISPOSED — PENDING — CLERK — JUDGE: [illegible]

| DATE | COUNT(S) | PLEA OF NOT GUILTY, WITHDRAWN; JURY DEMAND WITHDRAWN; PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for | In Courtroom No. |
| --- | --- | --- | --- | --- | --- | --- |
| SEP 14 1988 | | | A | SEP 15 1988 | [illegible] | [illegible] |

COURT REPORTER — TAPE — COUNT(S) — Bench Warrant Ordered and Issued Forthwith; Bench Warrant Bond $ — COUNT(S) — Preliminary Hearing: Held / Held for G.J. Action / Waived / No Probable Cause

Counsel: IS PRESENT / IS NOT PRESENT — Defendant: IS PRESENT / IS NOT PRESENT — BOND $ [illegible] — CASH / SURETY — P.R.

[illegible handwritten entry]

Count(s) — Nolle Prosequi — Prosecutor — Defendant released and warned of Penalties for failure to return — DEFENDANT COMMITTED

DISPOSED: CLOSED / Held G.J. / CONT PAY / Show Cause — PENDING: B/W / Status / Jury / Non Jury / Sent. / Others / Updated By — CLERK — JUDGE: [illegible]

Name: — Docket No.: F 9286-88

DATE: SEPT. 15th '88 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) "A" | CONTINUED DATE 10/07/88 | Continued for Status Conference Hr. | In Courtroom No. 31

COURT REPORTER | TAPE #28 | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing: Held / Waived / Held for G.J. Action / No Probable Cause | Remaining counts to be dismissed at sentencing

Counsel: IS PRESENT / IS NOT PRESENT | Defendant: IS PRESENT / IS NOT PRESENT | BOND $ H.W.O.B. | CASH / SURETY | P.R.

Motion for Review and modification of pretrial detention order heard in hearing this p.m. the court based on the arguements presented by counsel for the defense and govt. finds that the defendant presents a danger to the community and that there exists no conditions that could be set forth for release that

Count(s) Nolle Prosequi Prosecutor | Defendant released and warned of Penalties for failure to return | DEFENDANT COMMITTED

DISPOSED: CLOSED | Held G.J. | CONT.-PAY | Show Cause | B/W — PENDING: Status | Jury | Non Jury | Sent. | Others | Updated By | CLERK acw | JUDGE MORRISON

---

DATE: cont'd 09/15/88 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for | In Courtroom No.

COURT REPORTER | TAPE | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing: Held / Waived / Held for G.J. Action / No Probable Cause | Remaining counts to be dismissed at sentencing

Counsel: IS PRESENT / IS NOT PRESENT | Defendant: IS PRESENT / IS NOT PRESENT | BOND $ | CASH / SURETY | P.R.

would provide for the safety of the community per 23 DC 1325 (a). The court makes oral findings-written findings to be prepared only if requested by the defense in order to facilite an expidited appeal. Motion is DENIED without prejudice subject to request for further reconsideration. At defense request

Count(s) Nolle Prosequi Prosecutor | Defendant released and warned of Penalties for failure to return | DEFENDANT COMMITTED

DISPOSED: CLOSED | Held G.J. | CONT.-PAY | Show Cause | B/W — PENDING: Status | Jury | Non Jury | Sent. | Others | Updated By | CLERK acw | JUDGE MORRISON

---

DATE: cont'd 09/15/88 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for | In Courtroom No.

COURT REPORTER S/A | TAPE | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing: Held / Waived / Held for G.J. Action / No Probable Cause | Remaining counts to be dismissed at sentencing

Counsel: IS PRESENT / IS NOT PRESENT | Defendant: IS PRESENT / IS NOT PRESENT | BOND $ | CASH / SURETY | P.R.

and without objection from the govt. the status conference hearing date previously set is now changed from the 11th of October 88 to the 7th of Oct. 88 Bd rems O.C. Filed

Count(s) Nolle Prosequi Prosecutor | Defendant released and warned of Penalties for failure to return | DEFENDANT COMMITTED

DISPOSED: CLOSED | Held G.J. | CONT.-PAY | Show Cause | B/W — PENDING: Status | Jury | Non Jury | Sent. | Others | Updated By | CLERK acw | JUDGE J.A. MORRISON III

---

DATE: 10/7/88 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) A | CONTINUED DATE Nov. 10 [illegible] | Continued for [illegible] | In Courtroom No. 21

COURT REPORTER [illegible] | TAPE | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing: Held / Waived / Held for G.J. Action / No Probable Cause | Remaining counts to be dismissed at sentencing

Counsel: IS PRESENT / IS NOT PRESENT | Defendant: IS PRESENT / IS NOT PRESENT | BOND $ NB | CASH % / SURETY | P.R.

[illegible handwriting] possible arraignment on return date [illegible] Judge [illegible] 31

OC Filed

Count(s) Nolle Prosequi Prosecutor | Defendant released and warned of Penalties for failure to return | DEFENDANT COMMITTED

DISPOSED: CLOSED | Held G.J. | CONT.-PAY | Show Cause | B/W — PENDING: Status | Jury | Non Jury | Sent. | A | Others | WO Updated By | CLERK [illegible] | JUDGE: [signature]

Name: JAMES WASHINGTON True Name: Larry Epps | Docket No.: F 9286-88 | 3

0044 0008

| DATE | COUNT(S) | PLEA | COUNT(S) | CONTINUED DATE | Continued for | In Courtroom Nbr |
|---|---|---|---|---|---|---|
| 11-10-88 | | | A | 12-12-88 | STATUS CONF | 31 |

COURT REPORTER: T. RONAN
Counsel: IS PRESENT — Defendant: IS NOT PRESENT — BOND $ No Bond

Comm-up ordered

CLERK: [illegible] — JUDGE: WOLF

| DATE | COUNT(S) | PLEA | COUNT(S) | CONTINUED DATE | Continued for | In Courtroom Nbr |
|---|---|---|---|---|---|---|
| 12-12-89 | | | A | 1-26-89 | STATUS CONF | 31 |

COURT REPORTER: P. MITCHELL
Counsel: IS PRESENT — Defendant: IS PRESENT — BOND $ NO BOND

CASE CONT'D AT THE GOVT'S REQUEST FOR FURTHER GRAND JURY ACTION AT 1:45pm, on 1-26-89

O.C.

CLERK: [illegible] — JUDGE: Wolf

| DATE | COUNT(S) | PLEA | COUNT(S) | CONTINUED DATE | Continued for | In Courtroom Nbr |
|---|---|---|---|---|---|---|
| [illegible] | | | | | | |

[illegible] for Bond Review And Request for Speedy Trial [illegible] and forwarded to Judge Wolf this day

CLERK: [illegible] — JUDGE:

| DATE | COUNT(S) | PLEA | COUNT(S) | CONTINUED DATE | Continued for | In Courtroom Nbr |
|---|---|---|---|---|---|---|
| 1-[illegible]-89 | | | | 1-26-89 | Status Conf | 31 |

Defendant's pro se Motion for Bond Review DENIED by [illegible]

CLERK: [illegible] — JUDGE: Wolf

Name: WASHINGTON, J. — Docket No.: F9286-88 — 4

Form CD-1032/FEB. 88 — PAGE

0094 0007

DATE: 1-26-89 | COUNT(S) | PLEA: NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY / JUDGMENT GUILTY | COUNT(S): A | CONTINUED DATE: 3-2-89 | Continued for: STATUS CONF | In Courtroom No: 31

COURT REPORTER: E. SCHOCH | TAPE | COUNT(S) | Bench Warrant Ordered and Issued Forthwith / Bench Warrant Bond $ | COUNT(S): A | Preliminary Hearing: Held for G.J. Action | Remaining counts to be dismissed at sentencing

Counsel: IS PRESENT / IS NOT PRESENT | Defendant: IS PRESENT / IS NOT PRESENT | BOND $: NO BOND | CASH / SURETY / P.R.

CASE CONT'D FOR FURTHER GRAND JURY ACTION

Count(s) | Nolle Prosequi | Prosecutor | Defendant released and warned of Penalties for failure to return | DEFENDANT COMMITTED DC

DISPOSED: A | PENDING | WJ | CLERK: GB | JUDGE: Wolf

DATE: 3-2-89 | COUNT(S) | PLEA: NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY / JUDGMENT GUILTY | COUNT(S): A | CONTINUED DATE: 5-9-89 | Continued for: STATUS CONF | In Courtroom No: 215E

COURT REPORTER: W. RHOADES | TAPE | COUNT(S) | Bench Warrant Ordered and Issued Forthwith / Bench Warrant Bond $ | COUNT(S): A | Preliminary Hearing: Held for G.J. Action | Remaining counts to be dismissed at sentencing

Counsel: IS PRESENT / IS NOT PRESENT | Defendant: IS PRESENT / IS NOT PRESENT | BOND $: NO BOND | CASH / SURETY / P.R.

CASE CONT'D FOR FURTHER ACTION BY THE GRAND JURY

Count(s) | Nolle Prosequi | Prosecutor | Defendant released and warned of Penalties for failure to return | DEFENDANT COMMITTED DC

DISPOSED: A | PENDING | M | CLERK: GB | JUDGE: WOLF

DATE: 5-8-89 | COUNT(S): B | PLEA: NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY / JUDGMENT GUILTY | COUNT(S): B | CONTINUED DATE: 6-23-89 | Continued for: R/S | In Courtroom No: 215

COURT REPORTER: J. WILES | TAPE | COUNT(S) | Bench Warrant Ordered and Issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing | Remaining counts to be dismissed at sentencing

Counsel: IS PRESENT / IS NOT PRESENT | Defendant: IS PRESENT / IS NOT PRESENT | BOND $: NO BOND | CASH / SURETY / P.R.

"B" FELONY INFORMATION FILED

A VVCCA 250.00

Count(s) | Nolle Prosequi | Prosecutor | Defendant released and warned of Penalties for failure to return | DEFENDANT COMMITTED DC

DISPOSED | PENDING | CLERK: GB | JUDGE: WOLF

DATE | COUNT(S) | PLEA: NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY / JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for | In Courtroom No.

COURT REPORTER | TAPE | COUNT(S) | Bench Warrant Ordered and Issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing: Held / Waived / Held for G.J. Action / No Probable Cause | Remaining counts to be dismissed at sentencing

Counsel: IS PRESENT / IS NOT PRESENT | Defendant: IS PRESENT / IS NOT PRESENT | BOND $ | CASH % / SURETY / P.R.

[illegible]

Count(s) | Nolle Prosequi | Prosecutor | Defendant released and warned of Penalties for failure to return | DEFENDANT COMMITTED

DISPOSED | PENDING | CLERK: CH | JUDGE:

Name: WASHINGTON, J. | Docket No.: F9286-88 | 5

0044 0006

DATE: 11/29/89

J. Wolf, having just received the motion for reduction and modification of sentence in chambers today, recuses himself from this case. This case is to be assigned to another judge by the felony clerk's office.

DISPOSED | PENDING | CLERK: BB | JUDGE: J. Wolf

DATE: 3-15-90 | CONTINUED DATE: 4-9-90 | Continued for: R.S. Hearing | In Courtroom No.: 313

R.S. Hearing set for 4-9-90

DISPOSED | PENDING | CLERK | JUDGE: Urbina

DATE: 3-16-90 | CONTINUED DATE: 4-9-90 | Continued for: R.S. Hearing | In Courtroom No.: 313

Gov't's Response to Def's Motion for Reduction and Modification of R.S. filed with chambers staff.

DISPOSED | PENDING | CLERK | JUDGE: Urbina

DATE: 4-9-90 | COURT REPORTER | TAPE: 313

Count B: 12 yrs to life ESS of previously imposed sentence 5 yrs probation. Motion to reduce — Granted

DISPOSED | PENDING | CLERK | JUDGE: Urbina

Name: Washington, J. Docket No. F9286-88 6

0044 0005

DATE: 6/12/90

Order to Show Cause for failure to comply with the Probation order of April 9 1990. Filed June 12 1990. Show Cause hearing set for 9:00 am Tues. June 26 1990.

CLERK: WJ | JUDGE/COMM: Urbina

DATE: JUN 26 1990

COURT REPORTER: Herzfeld

Deft. present. Show Cause hearing held. Court finds deft violated condition of probation. Probation is revoked. Deft. is sentenced to Twelve Years to Life on count B.

New Commitment Executed

DISPOSED

JUDGE/COMM: JUDGE URBINA

DATE: 6-26-90

Ordered that defendant's probation be revoked and that he serve a sentence of not less than 12 years nor more than life on the charge of 2nd degree murder.

Nolle Prosequi Prosecutor: mailed to all

New Commitment Executed

CLERK: CH | JUDGE/COMM: Urbina

Name: Washington J. True Name: Larry Epps

Docket No.: F 9286-88

DATE 10-...-90

Motion for Reduction and Modification of Sentence filed and forwarded to Judge Urbina

DISPOSED PENDING CLERK JUDGE/COMM.

DATE 10-30-90

Δ's motion for Reduction & Modification of Sentence. Gov't must respond to Δ's motion by December 10, 1990

Back To Jail O.C.

DISPOSED PENDING CLERK SK JUDGE/COMM. Urbina

DATE 1-23-91

Motion for Reduction and Modification of Sentence DENIED. Order filed herein

JAN 3 0 1991

Violates Plea agreement

← Was suppose Drug Program set as #5

DISPOSED PENDING CLERK JUDGE Urbina

Name: ... True name Larry Epps Docket No.: F 9286-88 8

0044 0003

DATE: [illegible] | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY / JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for | In Courtroom Nbr.

COURT REPORTER | TAPE | COUNT(S) | Bench Warrant Ordered and Issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing: Held / Waived / Held for G.J. Action / No Probable Cause | Remaining counts to be dismissed at sentencing

Counsel: IS PRESENT / IS NOT PRESENT | Defendant: IS PRESENT / IS NOT PRESENT | BOND $ | CASH | SURETY | P.R.

Notice of Appeal Received & Filed this Date

Count(s) Nolle Prosequi Prosecutor | Defendant released and warned of Penalties for failure to return

New Commitment Executed | Back To Jail O.C. | Release Executed | Not In Custody

DISPOSED | PENDING | CLERK: BC | JUDGE/COMM.

---

DATE: 5-1-[illegible] | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY / JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for | In Courtroom Nbr.

COURT REPORTER | TAPE | COUNT(S) | Bench Warrant Ordered and Issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing: Held / Waived / Held for G.J. Action / No Probable Cause | Remaining counts to be dismissed at sentencing

Counsel: IS PRESENT / IS NOT PRESENT | Defendant: IS PRESENT / IS NOT PRESENT | BOND $ | CASH | SURETY | P.R.

[illegible] Record [illegible] to D.C.C.A.

Count(s) Nolle Prosequi Prosecutor | Defendant released and warned of Penalties for failure to return

New Commitment Executed | Back To Jail O.C. | Release Executed | Not In Custody

DISPOSED | PENDING | CLERK | JUDGE/COMM.

---

DATE | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY / JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for | In Courtroom Nbr.

COURT REPORTER | TAPE | COUNT(S) | Bench Warrant Ordered and Issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing: Held / Waived / Held for G.J. Action / No Probable Cause | Remaining counts to be dismissed at sentencing

Counsel: IS PRESENT / IS NOT PRESENT | Defendant: IS PRESENT / IS NOT PRESENT | BOND $ | CASH | SURETY | P.R.

Printed Decision Of The D.C.C.A. affirming ~~reversing~~ the decision for the lower court.

Certified copy of Judgment Order received from the D.C.C.A. affirming the judgment of the lower court.

Count(s) Nolle Prosequi Prosecutor | Defendant released and warned of Penalties for failure to return

New Commitment Executed | Back To Jail O.C. | Release Executed | Not In Custody

DISPOSED | PENDING | CLERK | JUDGE/COMM.

Name: Larry D. Epps | Docket No.: F9286-88 | 9

PAGE

Act. Sent. after plea 6-23-89 #1

[illegible] COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

vs.

#94

Case No. F-9234-88 B
PDID No. 304-430

[illegible] D. Epps
Aka [illegible] Washington

# JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of B Second Degree Murder

and having been found guilty by ☐ Jury ☐ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to [illegible]

A TRUE COPY
TEST MAY 26 2004
Clerk, Superior Court of the District of Columbia
By: [signature] Deputy Clerk

☐ MANDATORY MINIMUM term of ________ applies to the sentence imposed.

☑ MANDATORY MINIMUM term does not apply.

☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above. [illegible]

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803(b) of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: [illegible]

☐ Restitution of $________ in monthly installments of $________ (see reverse side for payment instructions) [illegible] will distribute monies to ________

SENTENCE: 6/23/89
Not: 6/26/90
1.A-2

Costs in the aggregate amount of $ 25.00 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☑ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

6/23/89
Date

Peter H. Wolf
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

6/23/89
Date

[signature]
Deputy Clerk

0044 0123

Amended JCT resulting from R-35 grant'd. 4-9-90 #2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

#144

Case No. F9286 88 B

PDID No. 304 430

vs.

James Washington Alk Larry Epps

A TRUE COPY
TEST MAY 26 2004
Clerk, Superior Court of the District of Columbia
By [signature]
Deputy Clerk

AMENDED JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of Second degree murder

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to 12 years to life. Execution of sentence previously imposed suspended. 5 years probation (Drug testing ordered after completion of long term treatment 1x week for the 1st year after completion & 2x month second year after long term treatment)

☐ MANDATORY MINIMUM term of ______ applies to the sentence imposed.

☐ MANDATORY MINIMUM term does not apply.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803(b) of the D.C. Code [Youth Rehabilitation Act 1985].

☒ ORDERED that the defendant be placed on probation in charge of the Director, So[cial Services Division] and it is further ORDERED that while on probation the defendant observe the follow[ing conditions] of probation:

1. A-3-C
Probation ordered

☒ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatme[nt ...] written notice from your Probation Officer.

☒ Treatment for ☐ alcohol problems ☒ drug dependency or abuse as follows: Enter & complete long term inpatient & outpatient phases

☐ Restitution of $ ______ in monthly installments of $ ______ beginning ______ (see reverse side for payment instructions). The Court will distribute monies to ______

☒ Obtain employment, Probation department to set up community service preferably directed toward youth drug rehabilitation

Costs in the aggregate amount of $ 250.00 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment order for the defendant.

4-9-90
Date

[signature]
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

4-9-90
Date

[signature]
Deputy Clerk

0044 0157

JTC conseq. of rev. 6-26-90 #3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. F 9286-88 B
PDID No. 304-930

vs.

Larry D. Epps
AKA James Washington

Probation is Revoked

JUDGMENT AND COMMITMENT/PROBATION ORDER

The above named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of Second Degree Murder

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged and is hereby SENTENCED to Twelve Years to Life

A TRUE COPY
TEST MAY 26 2004
Clerk, Superior Court of the District of Columbia
By: [signature] Deputy Clerk

☐ MANDATORY MINIMUM term of ______ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803(b) of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $______ in monthly installments of $______ beginning ______ (see reverse side for payment instructions). The Court will distribute monies to ______

☐

Costs in the aggregate amount of $______ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

June 26 1990
Date

[signature: Ricardo M. Urbina]
Judge

Certification by Clerk pursuant to Criminal Rule 32(d)

June 26 1990
Date

[signature: Gerald A. McAirch]
Deputy Clerk

0044 0108



Ct. App. did
Opin. in this
Case on
2/10/92
with drawal
for lack of Transcript
Production

...OURT OF THE DISTRICT OF COLUMBIA
...l Division--Felony Branch

F 9286-88
(J. Ur...

L... D. EPPS

RECEIVED
JUN 7 1991
Appeals Coordinator's Office

MOTION FOR PRODUCTION OF TRANSCRIP...

Defendant, by his appointed appellate counsel, Dennis M. Hart, respectfully requests this Court to order the production of written transcripts for the date listed below. In furtherance of this request, counsel would show the following:

1. Defendant is presently appealing the denial of his motion to reduce his sentence. He has been permitted to proceed *in forma pauperis* in D.C.C.A. No. 91-00265.

2. Pursuant to discusions with appellate counsel, the appellant has raised a question concerning the legality of his original plea proceeding in this matter. This transcript was not originally ordered by undersigned in the inital motion to produce transcript.

3. Present counsel, who was not trial counsel, is unable to evaluate all potential appellate issues and discharge his professional obligation pursuant to *Jones v. Barnes*, 463 U.S. 745 (1983) and *Anders v. California*, 386 U.S. 638 (1967) without the production of the below listed transcript material.

4. In light of the above, counsel would request written transcript for the following date:

May 8, 1989 plea Reporter J. Wiles

WHEREFORE, counsel respectfully requests the production of written transcripts for the above referenced date.

Respectfully submitted,

Dennis M. Hart [935643]
552 Seventh Street S.E.
Washington, D.C. 20003
(202) 546-7770

CERTIFICATE OF SERVICE

I, Dennis M. Hart, certify that a true and correct copy of the foregoing motion, was served, by mail, with first class postage prepaid, upon the office of the United States Attorney, Appellate Section, 555 Fourth Street N.W., Washington, D.C. 20001 this 7th day of June, 1991.

Dennis M. Hart

SUPPLEMENTAL #1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

WASHINGTON, D. C. 20001

DATE: MAY 10, 1991

TRIAL COURT NO.: F9286-88

DIVISION: (ACO)

APPEAL NO.: 91-265

JAMES WASHINGTON AKA LARRY D. EPPS

v.

UNITED STATES

Richard D. Hoffman, Clerk
District of Columbia Court of Appeals

Dear Mr. Hoffman:

Attached please find four copies of the original papers and exhibits filed in the Superior Court in the above-captioned matter, including/exclusive of transcripts. Please acknowledge receipt of these materials by signing and returning this form to:

Office of the Appeals Coordinator
Superior Court of the District of Columbia
Room [illegible]

Thank you for your expeditious cooperation.

[signature]
Appeals Coordinator

Rec'd this date: ____________

By: ____________



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

THE UNITED STATES ATTORNEY FOR THE DISTRICT OF COLUMBIA INFORMS THE COURT THAT WITHIN THE DISTRICT OF COLUMBIA

Name: ~~JOHN I. COOPER~~ Larry Epps aka James Washington DOB: 10-13-56

PDID: 304-430 CCR# 388-801

Address: 4238 Gault Place Northest

B Larry Epps, within the District of Columbia, with malice aforethought, killed Cyrus Gray by shooting him with a pistol on or about July 13, 1988 thereby causing injuries from which Cyrus Gray died on or about July 13, 1988. (Second Degree Murder, 22 D.C. Code, Section 2403)

UNITED STATES ATTORNEY FOR THE DISTRICT OF COLUMBIA

By: [signature]
Charles W. Cobb
Assistant United States Attorney for the District of Columbia

Date: 5-8-89

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CRIMINAL DIVISION

CLERK OF SUPERIOR COURT DISTRICT OF COLUMBIA JAN 12 11 23 AM '89 FILED

JAMES WASHINGTON, aka,
LARRY EPPS, pro se,

PETITIONER,

v.

CRIMINAL CASE NO. F-9286-88

UNITED STATES OF AMERICA,

RESPONDENT.

MOTION FOR BOND REVIEW

Comes the petitioner, and pursuant to SCR-Crim., Rule 12 (b), respectfully request that this honorable Court reconsider the bond conditions imposed herein by this Court, and says:

1. Petitioner is entitled to a reasonable bond pending trial in this matter, whereas, he is entitled to a presumption of innocence until proven guilty in a Court of law.

2. Petitioner submits that his being held without bond violates his liberty rights and equal protection rights, under the 5th and 14th Amendments to the United States Constitution.

Wherefore, petitioner respectfully request that this honorable Court recognizes the importance of a review in this matter, and grant him the necessary relief thats allowed under the laws of the District of Columbia.

Respectfully submitted,

James Washington, aka,
Larry Epps,
DCDC# 188-013
P.O. Box 5200 (Max)
Lorton, Virginia

Whered
self-def. evid.
come from?
Looks like
robbery here.
Solid case w/out it.

# [Superio]r Court of the District of Columbia

CRIMINAL DIVISION

## [APPLICATION FOR AN ARREST WARRANT] OF AN ARREST WARRANT

U.S.W. No. 1650-88

| DEFENDANT'S NAME | | | | | C.C.R. | PDID |
|---|---|---|---|---|---|---|
| JAM[illegible]IL EPPS | | | | | 388-801 | 304-430 |
| SEX | DATE OF BIRTH | HEIGHT | WEIGHT | EYES | HAIR | COMPLEXION |
| Male | [illegible]56 | 5'10 | 145 | Brown | Black | Medium |

| DEFENDANT'S HOME ADDRESS | TELEPHONE NUMBER |
|---|---|
| 2803 Hartford Street, Southeast | Unknown |
| DEFENDANT'S BUSINESS ADDRESS | TELEPHONE NUMBER |
| Unknown | Unknown |

COMPLAINANT'S NAME
JOHN DOE (CYRUS)

| LOCATION OF OFFENSE | DATE OF OFFENSE | TIME OF OFFENSE |
|---|---|---|
| 634 I Street, Southeast, Apartment 32, Washington, D.C. | 7-13-88 | 9:35 p.m. |

GIVE BRIEF DESCRIPTION OF WHAT HAPPENED

On Wednesday, July 13, 1988, at about 9:40 p.m., Officers of the First District responded to 634 I Street, Southeast, apartment 32, for a shooting. When they entered apartment 32, they observed a black male lying on the living room floor suffering from a gunshot wound to the head. The body was removed from the scene and transported to D.C. General Hospital where the decedent was pronounced dead at 11:10 p.m. by Dr. Daniels of staff.

On July 14, 1988, an autopsy was performed on the decedent by Dr. Pierre-Louis who ruled the Manner of Death a Homicide and the Cause of Death due to a gunshot wound to the head.

A witness was interviewed and stated it was inside of apartment 32 alongwith the decedent and subjects known to it as LARRY and LAWRENCE. The witness states that LARRY and LAWRENCE were in the bedroom with the door closed and that the witness and the decedent were in the living room. The witness went into the bathroom to put some cold water on it's face. About five to ten minutes went by and the witness heard a gunshot. The witness exited the bathroom and observed the decedent lying on the floor unconscious and suspects LARRY and LAWRENCE standing over the decedent's body. LAWRENCE ran into the bedroom of the apartment and LARRY armed with a handgun ran toward the witness. The witness ran into the bathroom and while inside of same he became involved in a struggle with LARRY over the gun. At this time the gun discharged. The witness pushed LARRY out of the bathroom and into the bedroom where he observed LAWRENCE reach behind the bed and produce a second handgun. The witness pushed LARRY onto the bed, ran out of the bedroom slamming the door behind him, ran into the bathroom and closed the door and jumped out the third floor window.

A second witness was located and related it heard two gunshots coming from 634 I Street, S.E. and observed two subjects run out of the building armed with handguns.

The 1st officer on the scene stated upon arriving he observed the decedent's left front pants pocket turned inside out. No other units had arrived at that time.

TO: WARRANT CLERK
PLEASE ISSUE A WARRANT FOR
James Washington?

AFFIANT'S SIGNATURE
x B. Willie [?]

Charge with: Felony Murder While Armed (Robbery)

SUBSCRIBED AND SWORN TO BEFORE ME THIS 18th DAY OF July 1988

Terence J. Keeney?
ASSISTANT UNITED STATES ATTORNEY
NETC Approved

[illegible]
JUDGE, DEPUTY CLERK SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Page 1 of 2



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CRIMINAL DIVISION**
**COMPLAINT**

No. USW/650-88

District of Columbia ss:

The undersigned having made oath before me declared that on or about the 13th day of July A.D. 19 88, at the District aforesaid, one JAMES WASHINGTON AKA LARRY DARNELL EPPS of 2803 Hartford Street, SE - while armed with a dangerous or deadly weapon, did in the perpetration of the crime to xx wit: Robbery, Kill and murder one John Doe (Cyrus)

In violation of Title 22 Section 2401 & 3202 of the District of Columbia Code.

Affiant's Name: Det. Willie Jefferson

Subscribed and sworn to before me this 18th day of July A.D. 19 88

(Judge) (Deputy Clerk)
Superior Court of the District of Columbia

FILED AUG 9 4 20 PM '88

**WARRANT**

To the United States Marshal or any other authorized federal officer or the Chief of Police of the District of Columbia:

WHEREAS the foregoing complaint and affidavit supporting the allegations thereof have been submitted, and there appearing probable cause and reasonable grounds for the issuance of an arrest warrant for JAMES WASHINGTON AKA LARRY DARNELL EPPS

YOU ARE THEREFORE COMMANDED TO BRING THE DEFENDANT BEFORE SAID COURT OR OTHER PERSON ENUMERATED IN 18 U.S.C. 3041 forthwith to answer said charge.

Issued July 18 19 88

Judge
Superior Court of the District of Columbia

SEX: Male
DOB: 10-13-56
PDID: 304-430
CCR: 388-801
Charge: FELONY MURDER WHILE ARMED (Robbery)

Date of Offense: On or about 7-13-88
Officer: Will Jefferson
Badge No. #102 Robbery

**OFFICER MUST EXECUTE RETURN:**
Officer's Name: Det. John Crosby
Time: 3:21 A.M.
Date: 8-9-88

Form CD(7)-155 / Rev. 87

W0086428

87—P7524B—w8116

0044 0161

# Superior Court of the District of Columbia

CRIMINAL DIVISION

## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

U.S.W. No. 1650-88

| DEFENDANT'S NAME | | | | C.C.R. | | PDID | |
|---|---|---|---|---|---|---|---|
| JAMES WASHINGTON AKA LARRY DARNELL EPPS | | | | 388-801 | | 304-430 | |
| SEX | RACE | D.O.B. | HEIGHT | WEIGHT | EYES | HAIR | COMPLEXION |
| Male | Black | 10-13-56 | 5'10 | 145 | Brown | Black | Medium |

| DEFENDANT'S HOME ADDRESS | TELEPHONE NUMBER |
|---|---|
| 2803 Hartford Street, Southeast | Unknown |
| DEFENDANT'S BUSINESS ADDRESS | TELEPHONE NUMBER |
| Unknown | Unknown |

COMPLAINANT'S NAME
JOHN DOE (CYRUS)

| LOCATION OF OFFENSE | DATE OF OFFENSE | TIME OF OFFENSE |
|---|---|---|
| 634 I Street, Southeast, Apartment 32, Washington, D.C. | 7-13-88 | 9:35 p.m. |

GIVE BRIEF DESCRIPTION OF WHAT HAPPENED

PAGE TWO

A third witness was located and stated it heard two gunshots and observed two subjects run out of 634 I Street, Southeast, and that one of the subjects was carrying 3 to 4 bags, one of which appeared to be a gym type bag.

Further investigation revealed that prior to the shooting the decedent had a bag containing money inside of the apartment and the witness had a couple of bags containing clothes and personal items, all of which were missing from the apartment immediately following the shooting.

On July 14, 1988, the first witness was shown an array of eleven black and white MPDC photographs and identified the subject known to him as LARRY. The photograph was that of one JAMES WASHINGTON AKA LARRY DARNELL EPPS, MPDC PDID #304-430.

Based on the above mentioned facts and photographic identification, it is requested that an arrest warrant be issued charging JAMES WASHINGTON AKA LARRY DARNELL EPPS WITH FELONY MURDER WHILE ARMED.

TO: WARRANT CLERK
PLEASE ISSUE A WARRANT FOR: James Washington

Charge With: Felony Murder While Armed (Robbery)

[signature]
ASSISTANT UNITED STATES ATTORNEY
NCIC Approved

AFFIANT'S SIGNATURE
X [signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS 18th DAY OF July 19 88

[signature]
(JUDGE) (DEPUTY CLERK) SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Page 2 of 2

0044 0160

Ex. (12)(A)

FORM TO BE USED BY FEDERAL PRISONERS IN FILING A PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 §2241

In the United States District Court
Northern District of Georgia

Atlanta Division

LARRY D. EPPS, #36966-118
Petitioner.

U.S. Penitentiary

BOX PMB, 601 McDonough Blvd., SE

Atlanta, Ga 30315

(Address or place of confinement and prison number. Full name which you were convicted under).

vs. Case No.________

RON WILEY, Warden, USP, Atlanta, Ga
Respondent.

(Name of Warden or other authorized person having custody of petitioner)

PLEASE COMPLETE THE FOLLOWING: (check appropriate number)

This petition concerns:

1. a. ________ a conviction.
   b. ________ a sentence.
   c. ________ jail or prison conditions.
   d. ________ prison discipline.
   e. DENIAL OF PAROLE(RECONSIDERATION) a parole problem.
   f. ________ other.

2. Place of detention U.S. PENITENTIARY, ATLANTA, GEORGIA 30315

3. Name and location of court which imposed sentence SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

4. The indictment number or numbers (if known) upon which, and the offense or offenses for which, sentence was imposed:

   (a) CASE NO.: F9286-88B/PDID NO.: 304.430

   (b) ////////////////////////////NONE//////////////////////////

   (c) ////////////////////////////NONE//////////////////////////

5. The date upon which sentence was imposed and the terms of the sentence:

   (a) June 23, 1989 - NOT LESS THAN 12-yrs, NOT MORE THAN LIFE.

   (b) //////////////////////////NONE////////////////////////////

   (c) //////////////////////////NONE////////////////////////////

6. Check whether a finding of guilty was made:

   (a) After a plea of guilty Adjudicated guilty

   (b) After a plea of not guilty ______

   (c) After a plea of nolo contendere ______

7. If you were found guilty after a plea of not guilty, check whether that finding was made by: N/A

   (a) a jury ______

   (b) a judge without a jury ______

8. Did you appeal from the judgment of conviction or the imposition of sentence?

   xxx Yes ( ) No SEE STATEMENT OF THE CASE/FACTS

9. If you did appeal, give the following information for each appeal:

   a. (1) Name of Court SUPERIOR COURT DISTRICT OF COLUMBIA

   (2) Result ______

9. a. Continued

(3) Date of result ______________________

(4) Citation or number of opinion ______________________

(5) Grounds raised (list each)

(a) ______________________

(b) ______________________

(c) ______________________

(d) ______________________

b. (1) Name of court ______________________

(2) Result ______________________

(3) Date of result ______________________

(4) Citation or number of opinion ______________________

(5) Grounds raised (list each)

(a) ______________________

(b) ______________________

(c) ______________________

(d) ______________________

CAUTION: If you are attacking a sentence imposed under a federal judgment, you must first file a direct appeal or motion under 28 U.S.C. §2255 in the federal court which entered the judgment.

10. State CONCISELY every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a SINGLE page only behind this page.

CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

STATEMENT OF THE ISSUES

(Issue #1)

**WHETHER THE DEPARTURE FROM THE GUIDELINES WAS PURELY "PUNITIVELY" ARBITRARY AND CAPRICIOUS IN NATURE DUE TO THE FACT THAT THE COMMISSION RELIED UPON THE SAME FACTORS USED BY THE DCDC PAROLE BOARD IN THE ("EARLY INITIAL") HEARING FOR DETERMINING THE GUIDELINES RANGE USED IN A REHEARING TO AGAIN DEPART FROM THE GUIDELINES THEREBY ENGAGED IN IMPROPER "DOUBLE COUNTING?"**

SUPPORTING FACTS:

I have completed the requirements imposed by order of the "early initial" parole hearing. During the early initial parole hearing the Petitioner prior convictions were cited, and the underlying criminal conduct related to the instant offense. The early initial parole board set a reconsideration date, 10/08/02, a 5-year period. **SEE: EXHIBIT #1 "Notice of Board Order."**

Petitioner was **reconsidered** for parole, 23 September 02. The Examiner cited the same factors used to deny Petitioner parole five(5) years, earlier. Petitioner's prior criminal convictions and the underlying criminal conduct of the instant offense.

(ISSUE #2 )

**WHETHER THE PETITIONER'S EXCELLENT INSTITUTIONAL CONDUCT AND ACHIEVEMENTS COMES WITHIN THE PURVIEW OF "SUPERIOR PERFORMANCE" AND THE FAILURE OF THE COMMISSION TO GRANT A 2-PT REDUCTION IS ARBITRARY AND CAPRICIOUS?**

SUPPORTING FACTS:

I have successfully completed the "Special Instructions for Reconsideration." **SEE: EXHIBIT #1, Id..**

Additionally, I have successfully completed several other programs. I have a GED-plus. The above programs were completed prior to the parole reconsideration hearing. The Examiner reviewed the certificates. In the Notice of Action the Examiner rated the programming **"Ordinary." SEE: EXHIBITS ##___, __, ___, ___, ___, ___, ___, ___, ___, ___, ___, ___, .**

(ISSUE #3))

**WHETHER THE COMMISSION USED DECEPTIVE LANGUAGE TO CONFUSED THE UNDERLYING PRIOR CRIMINAL CONVICTIONS USED TO DENIED PAROLE?**

**SUPPORTING FACTS:**

The Examiner cited a possession of a (concealed) weapon charge, and stated, **"...burglary-related convictions before again using a weapon to take a life."** There're no criminal relationship between the weapon charge, and "burglary-related convictions." I have never been prosecuted for the use of a weapon during a burglary. The PSI in the instant case show the date of each prior convictions. ~~Further, the language is deceptive when the Examiner referred to~~ the underlying conduct of the instant offense. The documented record show the Petitioner entered a plea of guilty to the charge, 2nd degree murder. The Examiner's premise, "before again using a weapon to take a life." The use of a weapon to take a life was neither cited in the plea agreement, nor the arraignment. **SEE: EXHIBIT #____, JUDGMENT.**

(ISSUE #4)

**THERE ARE COMPELLING REASONS WHY A MORE LENIENT DECISION SHOULD BE RENDERED ON GROUNDS OF COMPASSION.**
**28 C.F.R., §2.77, Medical Parole**

**SUPPORTING FACTS:**

The medical records of the Petitioner show the Petitioner, presently, suffering from the following chronic ailments: (i) **Hepatitis c, (ii) DIABETES, (iii) Liver ailment.** Petitioner is denied adequate medical treatment for the ailments, and the medications required to treat the liver ailment is not available in a penal institution. The Petitioner has completed the minimun requirement of his sentence. The Petitioner has obtained meaningful skills during the period which have enhanced his employment opportunities in the general society.

#

Further, the record shows the Petitioner should have been granted parole "if point = 0-3: **"Parole shall be granted at this rehearing with highest level of supervision required."**

**JUDICIAL NOTICE**

In support of the instant pleadings the Petitioner has attached "Appendix #1. The issues presented, therein, are adopts and corporates in support of the Petitioner's pleadings

**STATEMENT OF THE CASE AND PROCEDURAL HISTORY**

Petitioner was convicted of Second Degree murder in the Superior Court of the District of Columbia. The conviction was based upon a plea of guilty pursuant to a plea agreement. The court imposed a term of twelve years to life in prison on. June 23, 1989 Petitioner filed a Rule 35 motion for reduction of sentence. and on 04/02/1990, the result. a period of probation in the case NO.; F9286-88B. Petitioner was sent to a drug program. Petitioner remained at the location for a period of three weeks. before Petitioner was placed in violation of probation and re-sentenced on 06/26/1990, to original sentence of 12 to life

Petitioner received an early initial parole hearing on May 8, 1997 The hearing examiner calculated Petitioner's Salient Factor Score at Four(4) and Grid Score was Four(4). Accordingly, Petitioner was given a recommendation by DCDC Examiner, Mr Charly Lyons of one (1) year, with explanations The full parole board return "NOTICE OF ACTION" to read a five(5) year setoff. The DCDC Parole Board's notice of Board Order was as follows:

> **"Deny parole; Reconsider for parole by 10/08/2002. Implementation of this Order "SHALL" include the following: Special Instructions for Reconsideration:**
>
> 1. **Program Participation**
> 2. **Work Detail**
> 3. **No New Disciplinary Reports**
> 4. **Psychological Counseling**
> 5. **Intensive Drug Program/Substance Abuse Program**
>
> **CCRP**

#4

In as much as Petitioner presented a wealth of documentary evidence, at the initial hearing, demonstrating his educational achievements, the Examiner. Mr. Charley Lyons, would not accept them from Petitioner, because he said they were not in my file and if he accept them from me, he would have to accept them from every-one else.

These measures at said initial hearing promoted countervailing reasons for the initial decision to depart from the Guidelines which for a grid score of four(4) should have ranged from 12 to 18 months. Petitioner received (5) years for:

**(i) Prior failure under community supervision**
**(ii) Ongoing or Repetitive Criminal behavior**
**(iii) Serious negative Institutional Behavior**
**(iv) Needs Programming to Remain Crime-free in the community**

On September 23. 2002. a rehearing was conducted, the Petitioner presented a wealth of documentary evidence, including letters from college professors and other instructors. not to exclude my team Unit-manager. Mr James stewart. who spoke on behalf of Petitioner concerning Petitioner's charater, demonstrating his outstanding institutional conduct and educational achievements. The hearing Examiner's comments at the rehearing reflect that there is no dis-pute that the Petitioner's institutional conduct has been "**exemplary.**" Nevertheless. citing Petitioner's purported "history of repetitive criminal behavior" the hearing examiner found that a departure from the parole guidelines was warranted and recommended that parole be denied and that a rehearing be held in September 23, 2003.

Re-hearing Summary(September 23 2002) In support, the hearing Examiner cited Petitioner's "a weapon possession in 1976 , and a burglary related offense, before again using a weapon to take a life.

The Regional Commissioner accepted the hearing Examiner's recommendation and on October 8, 2002, ordered that parole be denied, and that a rehearing be held in September 2003. The commission found that a departure from the Guidelines warrented based upon deceptive language used to give an explanation of Petitioner's "history of repetitive criminal behavior" including the instant offense. EXHIBIT #____

STANDARD OF REVIEW FOR DOC PAROLE GUIDELINES DECISIONS

With regard to inmates, like Petitioner, who were convicted in the DOC, the Commission is autorized and required to administer the DOC Parole Guidelines. SEE: BRYSON v. UNITED STATES PAROLE COMM'N. 776 F.SUPP 497, 502 (N.D.CAL. 1991); D.C. Code Ann. §24-209. In that regard, the Commission "Shall have and exercise the same power and authority over prisoners convicted in the District of Columbia...as is vested in the District Board of Parole over prisoners confined in the penal (institutions) of the District of columbia.

SUMMARY OF THE ISSUE

Petitioner alleges that the Commission's reliance upon a "history of repetitive criminal behavior" to depart from the DOC Guidelines and deny his parole was unauthorized. He contends that because his prior 1976 possession of a conceal weapon, and burglary of vending machines in 1984, a departure under the "Repetitive Criminal behavior" provision of the DOC Guidelines is not authorized. The D.O.C. Parole Guidelines

authorize a departure when a prisoner has a "history of repetitive sophisticated criminal behavior consisting of three(3) or more convictions, including the current conviction," for second degree murder criminal behavior; however, criminal history derived from a printout, does not list circumstances surrounding Petitioner's 1976 through 1984 convictions or whether they involved violence to associate with muder or violent conduct period. There is only the instant offense that offers a police report, that details any act of violence on the part of the Petitioner. So for this Examiner to rely on past criminal history that is more than 26 and 18 years old for a departure from the guidelines using Past History more than 10-years old and that was used (i.d.) by the DOC Board once to give the initial 5-years setoff should not be a basis to continue denial of parole.

MEMORANDUM OF LAW AND POINT OF AUTHORITIES

(ISSUE #1) WHETHER THE DEPARTURE FROM THE GUIDELINES WAS PURELY "PUNITIVELY" ARBITRARY & CAPRICIOUS/DOUBLE COUNTING?

Once the commission develops guidelines which it determines will appropriately measure parole risk, it should either follow the guideline or amend them. SEE: MYRICK v. GUNNELL, 563 F.SUPP. 51, 54 (D.CONN. 1983); ALLEN v. HADDEN, 536 F.SUPP 586, 596(D.COLO. 1982); BAKER v. MCCALL, 543 F.SUPP 498, 500(S.D.NY 1981); aff'd without opinion, 697 F.2d 287(2nd Cir. 1982); BRACH vs. NELSON, 472 F.SUPP. 569, 574(D.CONN. 1979)(The reason for deviating from the guidelines must be beyond and apart from the factors the commission uses in applying them).

In the instant case the documented record showed the Petitioner has a salient factor score of 3. Pursuant to the D.C. Parole Procedures is a parolable score, unless there are overriding factors. SEE: 28CFR, §2.81

Parole may not use same factor in scoring prisoner pursuant to its guidelines and as aggravating factors justifying decision above guidelines. Further, since the purpose of the guidelines is to set forth the factors that the commission should consider in setting a presumptive release date, it would be irrational and arbitrary to use those same factors to take a prisoner outside of the guidelines. SEE: BRIGGS v. U.S. PAROLE COMMISSION, 736 F.2d 446; ALESSI v. QUINLAN, 711 F.2d 497, 500(2nd Cir. 1983); 28 CFR, §2.20(c)(1980).

ISSUE #2: WHETHER THE PETITIONER'S PROGRAMMINGS COMES WITHIN THE PURVIEW OF "SUDPERIOR PERFORMANCE" AND THE COMMISSION'S FAILURE TO GRANT A 2-PT REDUCTION IS ARBITRARY AND CAPRICIOUS?

The Commission's rating of the Petitioner's programmings achievements, "Ordinary" is arbitrary & capricious.

28 CFR., §2.60: Superior Program achievement may be demonstrated in areas such as educational, vocational, industry, or counseling programs, and is to be considered in light of the specifics of each case.

In the instant case the documented record show the Petitioner has programmed beyond the "ordinary" program requirements. Petitioner believe the Examiner's rating 'ordinary' is erroneous, a violation of the policy and the criterion.

JUDICIAL NOTICE: ISSUES NUMBER THREE AND FOUR, the Petitioner believe the supporting facts are sufficient for the court to review the record and issue a just opinion related to each. DECEPTIVE LANGUAGE: Petitioner believe the manner in which the Examiner wrote the prior convictions induced an inferance that the Petitioner had used a weapon during the burglary charges. This is erroneous. AILMENTS: The medical record/psychological report supports the Petitioner's premise.

12. If your answer to question number 10 was "yes", give the following information:

a. (1) Name of Court ______________________

(2) Nature of proceeding ______________________

(3) Grounds raised ______________________

______________________

______________________

______________________

(4) Result ______________________

(5) Date of result ______________________

(6) Citation or number of any written opinion or order entered pursuant to each such disposition.

______________________

b. (1) Name of Court ______________________

(2) Nature of proceeding ______________________

(3) Grounds raised ______________________

______________________

______________________

______________________

(4) Result ______________________

(5) Date of result ______________________

(6) Citation or number of any written opinions or orders entered pursuant to each such disposition.

______________________

13. If you did not file a motion under Section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

////////////////////////////////N/A////////////////////////////////

14. Are your presently represented by counsel? Yes ( ) No (XX)

If so, name address and telephone number ______

Case name and court ______

15. If you are seeking leave to proceed *in forma pauperis*, have you completed the declaration setting forth the required information?: Yes (XX) No ( )

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

Signed this ______ day of ______, 19______.

______

(Signature of Petitioner)