UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Larry D. Epps,
    Plaintiff,

Vs.

G. Paul Howes, et al.,
    Defendant,

Civil Case No.: 06 cv:00717(RMC)

*Let this be Filed 6/9/08 Rosemary M Colly*

## MOTION TO AMEND THE COMPLAINT TO COMPORT WITH THE EVIDENCE FEDERAL CIVIL RULE OF PROCEDURE 15.(c)

Comes Now, before this Honorable Court, Plaintiff Larry D. Epps, pro-se, hereby moves this Court pursuant to Federal Civil Rule of Procedure 15.(c) governing procedural requests that are brought before the Court. The above pro-se plaintiff, respectfully requeats that this Honorable court grant his motion to amend the complaint in the pro-se action, to comport with the newly discovered evidence which is in the form of the original transcripts, related to the subject matter in this case that relate back and that was not available to plaintiff at the time of the closing of this case on July 31, 2007.

Plaintiff, in further support of this motion would offer into the public record, that for years, plaintiff has on-goingly sought to retain the transcripts, and was in form by members of the D.C. Superior Court in it's transcript office, that no transcripts existed in criminal Case number: F-9286-88(b). Plaintiff in 2004, requests the Federal Bureau of Prisons, to cut a check payable to the Transcript Office the D.C. Superior court, for the cost of said transcripts, and was never con-tacted in response to that request. Upon plaintiff's release from

RECEIVED
JUN 05 2008
Clerk, U.S. District and
Bankruptcy Courts

Federal custody, in USP Atlanta, Ga., Plaintiff, appeared in person at the D.C. Superior Court's Transcript office where he was inform by a Mrs. Suesan Abeny, that there were no transcripts in case number **F9286-88(b)**. Upon learning this the federal check was in fact return to the plaintiff. Plaintiff, attempted to cash the check, but was unable to do so, because Bank of America, would not allow plaintiff to deposit the check into his account because the check was not made out to the plaintiff, but made out to the D.C. Superior Court.

Plaintiff had no choice at this point but to return the check to the D.C. Superior Court, who in turn, had their cashier cut plaintiff **Epps**, a D.C. Superior Court check in the name of the Plaintiff, which was cashed at his bank.

In Furtherance, to support this motion, plaintiff would offer that this evidence was obtain from a lawyer at the D.C. Public Defender's Service office from some one who is also invesigating Paul G. Howes, and who was also in possession of some transcripts that were claim to have nerver existed. I have a letter from a Mona Asiner, detailing when these transcripts were obtain by the plaintiff.

Mrs. Mona Asiner, who represented plaintiff in another un-related matter un-associate with that of this **Court**, can and will verify the time, place, and the place of origin of this newly discovered evidence.

For the foregoing reasons listed in this Motion and in conjunction with that listed in the Rule 60.(b) Motion for relief from the Judgement, Plaintiff respectfully requests that these Motion be grante Under the Federal Rules of Civil Procedures Rule 60.(b), & 15.(c).

Respectfully Requested:

Larry D. Epps/Reg.# 36966-118