UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LARRY EPPS, | ) | |
| Plaintiff, | ) ) ) | Civil Action No.: 06-717 (RMC) |
| v. | ) ) ) | |
| PAUL HOWES, *et al.,* | ) ) | |
| Defendants. | ) ) | |

**FEDERAL DEFENDANTS' CONSOLIDATED OPPOSITIONS
TO PLAINTIFF'S (1) MOTION TO AMEND COMPLAINT
AND (2) MOTION FOR RELIEF FROM JUDGMENT**

The Federal Defendants, former Assistant U.S. Attorney Paul Howes, the former U.S. Attorney General Alberto Gonzales, and the U.S. Parole Commission, respectfully oppose Plaintiff's motion to amend his complaint, no. [30], and Plaintiff's motion for relief from judgment, no. [31]. This Court dismissed Plaintiff's complaint nearly a year ago, on July 31, 2007, and the D.C. Circuit dismissed his subsequent appeal for lack of prosecution on February 13, 2008. Plaintiff's instant motions, filed June 9, 2008, allege that he has newly discovered evidence in the form of transcripts of court proceedings related to his criminal conviction for homicide. Contrary to his assertions, however, nothing in the information he filed constitutes new evidence that would change any of the factual bases for this Court's dismissal. The dismissal remains proper, and it would be futile to grant either of Plaintiff's instant motions.

## Background

Plaintiff seeks damages for alleged violations of his constitutional rights arising from his prosecution for homicide in 1989. As this Court found in its Memorandum Opinion supporting

its dismissal order, his claims against Mr. Howes and Mr. Gonzales are barred by absolute immunity because he alleges misconduct within their roles as prosecutors, and his claims against the Parole Commission are barred by sovereign immunity.[1]

This Court accepted Federal Defendants' arguments and dismissed the case, and Plaintiff's appeal was dismissed for lack of prosecution after he failed to file an opposition to the government's motion for summary affirmance. The D.C. Circuit issued the mandate to this Court, where it was docketed March 14, 2008.

Nearly three months thereafter, Plaintiff filed his instant motions. The first motion, to amend his complaint, does not include a proposed amended complaint nor does it explain how he would amend his complaint to add or modify his claims compared to his original complaint. He explains only that he seeks amendment "to comport with the newly discovered evidence which is in the form of the original transcripts" relating to a parole hearing. Plf. Mot. Amd., no. [30] at 1.

His second motion seeks relief from judgment, and it too relies solely on what he asserts is new evidence of wrongdoing by Mr. Howes at a hearing in this Court regarding Plaintiff's violation of an agreement to attend a drug treatment program.

## I.    Plaintiff's Motion to Amend Complaint Should be Denied.

Plaintiff's motion to amend violates Local Rule 7(i) because it does not include an original of the amended pleading as an exhibit or attachment. This is more than a mere technicality here because nothing about his motion explains how the claims in an amended

---

[1] The Federal Defendants also argued that Plaintiff failed to serve Defendants Howes or Gonzales; that his constitutional allegations against the Parole Commission fail to state a claim; that several of his claims lack any explanation of who allegedly caused them, and it does not appear that any of the named Defendants could have; and that his claims should be barred by laches, due to his delay of 18 years in bringing them.

complaint would be any different than those in his original complaint.

Indeed, the core problem with both motions is that his "newly discovered evidence" does nothing to change the factual bases supporting both Federal Defendants' motion to dismiss and this Court's dismissal. Nothing in the transcripts and other materials suggests that Mr. Howes acted in any way beyond the role of a prosecutor in his actions. Therefore, Mr. Howes is properly shielded by absolute immunity from Plaintiff's claims. Plaintiff's motion to amend should be denied because it does nothing to establish that Plaintiff is attempting to assert any new, different, or broader claims than those already dismissed properly by this Court. Under such circumstances, amendment would certainly be futile.

**II.     Plaintiff's Motion for Relief from Judgment Should be Denied.**

Plaintiff's second motion fares no better. Even if the Court were to accept his assertions that he could not have obtained earlier any of the information, attached to his motion, regarding his parole proceedings, the fact remains that the evidence does nothing to suggest any error in this Court's dismissal. Plaintiff's evidence primarily consists of transcripts of a hearing in this Court, in which Mr. Howes explains how and why he originally supported Plaintiff's motion for reduction of sentence, conditioned on his successful participation in a drug-abuse treatment program; how it came to Mr. Howes' attention that Plaintiff was on the verge of being terminated from the program due to his refusal to participate, and finally how Mr. Howes sought unsuccessfully to persuade Plaintiff to remain in the program. See Plf. Mot. Relief J., Exs. 2 & 3. None of this remotely suggests that Mr. Howes acted beyond his role as a prosecutor, and hence that the Court should revisit the application of absolute immunity to his actions. That is the only issue that would justify relief from the judgment, and nothing in the transcripts or other

background materials presented by Plaintiff's motion hints at that.

Moreover, there is certainly good reason to doubt that Plaintiff could not have discovered the "newly discovered" information far earlier. Indeed, his explanation that someone at the Superior Court clerk's office gave him apparently incorrect information is neither credible nor sufficient. He was represented by counsel in his criminal proceedings, he included material in his instant motion that went beyond mere transcripts (and thus cannot be blamed on the clerk), and he again sat on his rights, both in letting his appeal lapse and in filing his instant motion three months after the mandate issued to this Court. Nor does he explain when he was allegedly led astray in his earlier efforts. In sum, he falls far short of justifying relief from the judgment.

## Conclusion

Accordingly, Federal Defendants respectfully request that the Court deny the motions.

July 7, 2008　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　JEFFREY A. TAYLOR, D.C. Bar # 498610
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS, D.C. Bar # 434122
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　　　ALAN BURCH, D.C. Bar # 470655
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　555 4th St., N.W., Washington, D.C. 20530
　　　　　　　　　　　　　　　　　　　　(202) 514-7204, alan.burch@usdoj.gov