UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY D. EPPS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-717 (RMC) |
| PAUL G. HOWES, Former Assistant United States Attorney, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter comes before the Court on two motions for relief from judgment and a motion to amend the Complaint filed by Plaintiff, Larry D. Epps. Mr. Epps pled guilty to second degree murder in Criminal Action No. F-09286-88B in the Superior Court of the District of Columbia in 1989. *See* Mem. Op. filed July 31, 2007 ("Mem. Op.") [Dkt. # 24]. He filed a lawsuit on April 17, 2006 against then United States Attorney General Alberto Gonzalez (the "Attorney General"), the United States Parole Commission (the "U.S. Parole Commission"), the Government of the District of Columbia Board of Parole (the "D.C. Parole Board"), the Government of the District of Columbia (the "District of Columbia"), and Paul G. Howes, a former Assistant U.S. Attorney ("AUSA") claiming that (1) Mr. Howes violated his civil rights in various respects; (2) the United States negligently hired and trained Mr. Howes and failed to provide necessary medical treatment to Mr. Epps; and (3) the Parole Commission violated his rights by denying parole and then paroling him with a condition of parole for life. *Id.*; *see generally* Compl. at 5-9 [Dkt. # 1]. Former AUSA Howes, then Attorney General Alberto Gonzalez, and the U.S. Parole Commission

(collectively, the "Federal Defendants") moved for this Court to dismiss the claims against them. The Court granted the Federal Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) on July 31, 2007, on the basis that Mr. Howes and Attorney General Gonzalez enjoyed absolute immunity against Mr. Epps's allegations and that the remaining Federal Defendants were protected by sovereign immunity. Mr. Epps appealed to the D.C. Circuit, and then, both while his appeal was pending, as well as after his appeal was dismissed for failure to prosecute, Mr. Epps filed motions with this Court for relief from judgment under Rule 60(b). Mr. Epps has also filed a motion to amend the complaint to comport with newly discovered evidence. Because Mr. Epps has not brought forth "newly discovered evidence" as that term has been interpreted under Federal Rule of Civil Procedure 60(b)(2), his motions for relief from judgment [Dkt. ## 29 & 32] will be denied. Furthermore, because Mr. Epps's motions for relief from judgment will be denied, his motion to amend the Complaint [Dkt. # 31] will be denied as moot.

## I. BACKGROUND

On April 17, 2006, Mr. Epps filed a Complaint asserting that in 1988 the U.S. Attorney's Office in Washington, D.C., acting through former AUSA Howes, secured an indictment against him for first degree murder. Compl. at 2. He alleged that AUSA Howes threatened to seek an indictment against him for a second murder as well, even though the AUSA had information that indicated someone else was guilty of the second murder. *See id.* at 4. The threat, according to Mr. Epps, caused him to capitulate and plead guilty to second degree murder although he had a defense of self-defense. *Id.* Further, Mr. Epps charged that AUSA Howes negotiated a plea bargain outside the presence of Mr. Epps's lawyer; initiated the ejection of Mr. Epps from a drug treatment program in Colorado; caused Mr. Epps to lose his liberty; misrepresented critical facts to the court during his probation revocation hearing; and caused Mr. Epps's counsel to be ineffective. *Id.* at 5-7. The U.S.

Parole Commission was alleged to have improperly rubber-stamped the D.C. Parole Board's denial of his parole request in September 2002, and, when it did parole him, to have improperly imposed parole for life. *See id.* at 8-9. Although the United States was not a named defendant in the Complaint, Mr. Epps charged it with negligence in its hiring and training of Mr. Howes. *Id.* at 6. He also alleged cruel and unusual punishment in violation of the Eighth Amendment for failure to provide medical treatment at some point in his incarceration; no specific person(s) or location(s) is named as responsible for this violation. *Id.* at 7.

The Federal Defendants filed a Motion to Dismiss on June 27, 2007 arguing, *inter alia*, that the Court lacked subject matter jurisdiction over Mr. Epps's claims against them. *See* Mot. to Dismiss at 1 [Dkt. # 16]. Specifically, the Federal Defendants argued that the claims against former AUSA Howes and Attorney General Gonzales were barred by absolute immunity and his claims against the U.S. Parole Commission and the United States were barred by sovereign immunity. *Id.* The Court granted the Motion to Dismiss with respect to each of the Federal Defendants, for the reasons advanced. *See* Mem. Op. at 1-2.

Mr. Epps filed a Notice of Appeal with the D.C. Circuit on August 17, 2007 [Dkt. # 26], and then a Motion for Relief from the Judgment ("First Motion for Relief") [Dkt. # 29] under Federal Rule of Civil Procedure 60(b)(2) with this Court on September 28, 2007. On December 20, 2007, the D.C. Circuit dismissed Mr. Epps's appeal for lack of prosecution because he failed to answer an order to show cause that it issued on November 6, 2007; the mandate issued 45 days later. *See* Mandate from Court of Appeals filed February 13, 2008 ("Mandate") [Dkt. # 30].

On June 9, 2008, Mr. Epps filed a "Motion to Amend the Complaint to Comport with the Evidence [under] Federal Civil Rule of Procedure 15. (c) [sic]" ("Motion to Amend the Complaint") [Dkt. # 31] and a "Motion for Relief from the Judgment [under] Federal Rule of Civil

Procedure Rule 60.(b)(2) [sic] and 60.(6) [sic]" ("Second Motion for Relief") [Dkt. # 32]. His motions for relief from judgment under Federal Rules of Civil Procedure 60(b)(2) and 60(b)(6) are based on his assertion that he has obtained newly discovered evidence in the form of original transcripts and other documents pertaining to his criminal prosecution and related parole proceedings in D.C. Superior Court Criminal Action No. F-09286-88B. *See* 2d Mot. for Relief at 1. Mr. Epps sought access to these transcripts and documents for years, beginning as far back as June 26, 1990, but had been informed repeatedly that the transcripts did not exist. *See id.* at 1-2; *see also* Mot. to Amend Compl. at 1. Eventually, sometime in 1994, with the aid of counsel from the D.C. Public Defender's Service, Mr. Epps discovered that the transcripts and related records had been sealed during Mr. Epps's criminal trial, but that they did exist. *See* 2d Mot. for Relief at 3.

On November 17, 2004, Mr. Epps filed a Petition for a Writ of Mandamus with the D.C. Superior Court to unseal the hitherto missing transcripts and related documents, Pet. for Writ of Mandamus at 1 [Dkt. # 32-4], which the court granted.[1] The following documents were unsealed: (1) a transcript from Mr. Epps's arraignment/plea colloquy, dated May 8, 1989;[2] (2) a transcript from a "Rule 35 Proceeding," dated April 9, 1990, at which Mr. Howes allegedly admitted on the record that Mr. Epps acted in a manner consistent with self-defense in the case where he pled guilty to

---

[1] Mr. Epps has not provided a copy of the D.C. Superior Court's order granting his Petition for a Writ of Mandamus, but he asserts that the records were unsealed pursuant to his petition.

[2] While Mr. Epps asserts that the transcript from his arraignment and plea colloquy were unsealed pursuant to his petition, he has not filed the transcript as an exhibit to either of his motions for relief from judgment. The Court is therefore unable to verify his assertions regarding the statements made at the hearing and recorded in the transcript, but nevertheless presumes his assertions to be true for purposes of his motions for relief from the Court's order granting the Federal Defendants' Motion to Dismiss.

second degree murder;[3] and (c) a transcript from a show cause hearing before the Honorable Ricardo M. Urbina, who had not presided over Mr. Epps's plea proceedings, as to why Mr. Epps's probation should not be revoked, dated June 26, 1990.  *Id.* at 4.  None of these records was available to the U.S. Parole Commission at any of Mr. Epps's parole hearings prior to September 2005.  *See* 2d Mot. for Relief at 2.  When these transcripts were unsealed and made available to the Parole Commission in Mr. Epps's parole hearing in September 2005, he was granted parole.  *Id.*  Mr. Epps asserts that: (1) these records prove that former AUSA Howes "knowingly and intentionally" pursued an indictment against Mr. Epps for an unrelated murder with which he knew Mr. Epps was not involved, *see* 1st Mot. for Relief at 3; 2d Mot. for Relief at 8; and (2) Mr. Howes caused Judge Urbina and the U.S. Parole Commission "to infer [during Mr. Epps's probation revocation and probation hearings] that Plaintiff . . . was an extreme risk to public safety based upon an incomplete public record that was sealed . . . to conceal the actions proform [sic] by the government," thereby preventing them from ever considering the mitigating and exculpatory evidence relating to the second degree murder case to which Mr. Epps pled guilty and the murder case for which Mr. Howes obtained an indictment which was later dismissed.  *See* First Mot. for Relief at 8-9.  Based on this newly discovered evidence, Mr. Epps requests that the Court grant relief from its judgment dismissing his Complaint against the Federal Defendants.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b) provides for motions for relief from a judgment or order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) void judgment; (5) satisfied,

---

[3] Mr. Epps has not filed the transcript for this hearing as an exhibit to his motions for relief from judgment.

released, or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

### III. DISCUSSION

The D.C. Circuit dismissed Mr. Epps's appeal without prejudice for lack of prosecution and issued its Mandate. Jurisdiction is now proper in this Court to decide Mr. Epps's motions for relief from judgment and Motion to Amend the Complaint.[4]

### A. Rule 60(b) Motion for Relief from Judgment

Mr. Epps has failed to establish that relief should be granted under either Rule 60(b)(2) or Rule 60(b)(6). The records Mr. Epps has finally obtained, while they may be newly discovered, could not change the outcome of the case. That evidence merely supports his factual contentions, which the Court, for the purposes of resolving the Federal Defendants' Motion to Dismiss, accepted as true.

The Court notes at the outset that Mr. Epps's claim for relief under Rule 60(b)(6) fails because "controlling cases have held that if the reasons offered for relief from judgment can be considered in one or more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)."[5] *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391-92 (2d Cir. 2001)

---

[4] "[W]hen both a Rule 60(b) motion and an appeal are pending simultaneously, . . . the District Court may consider the 60(b) motion" at the same time as the appellate court reviews the appeal, *Vong Hoai v. Van Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) (citations omitted), but "the District Court has no jurisdiction to grant relief [under Rule 60(b)] while the case is pending on appeal," *Reuber v. United States*, 750 F.2d 1039, 1051 n.16 (D.C. Cir. 1984); *Greater Boston Television Corp. v. F.C.C.*, 463 F.2d 268, 280 n.22 (D.C. Cir. 1971) ("[t]he District Court has no jurisdiction to grant relief while the case is pending on appeal"). Now that the Court of Appeals has issued its Mandate, this Court has jurisdiction to rule on Mr. Epps's Rule 60(b) motion. *See Standard Oil Co. v. United States*, 429 U.S. 17, 17 (1976).

[5] Rule 60(b)(6) permits the amendment of a judgment for "'any . . reason justifying relief from the operation of the judgment' other than the . . . specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005) (quoting Fed. R. Civ. P.

(citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)); *see also Goland v. CIA*, 607 F.2d 339, 372-73 (D.C. Cir. 1979) (holding that relief under Rule 60(b)(6) "is not available unless the other clauses, (1) through (5), are inapplicable"). Mr. Epps argues that the records that have been unsealed constitute "newly discovered evidence" under Rule 60(b)(2). 1st Mot. for Relief at 1. His motion is properly considered under Rule 60(b)(2) and, therefore, may not be considered under Rule 60(b)(6). *See Liljeberg*, 486 U.S. at 863 ("Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion . . . is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." (citing Fed. R. Civ. P. 60(b)(6))).

Rule 60(b)(2) specifically provides that "the court may relieve a party . . . from a final judgment" if the party presents "newly discovered evidence which by due diligence could not have been discovered in time for a new trial under Rule 59(b)." In order to receive relief from a judgment under Rule 60(b)(2), a movant must demonstrate that "'(1) the newly discovered evidence [is] of facts that existed at the time of trial or other dispositive proceeding, (2) the [party seeking relief] must have been justifiably ignorant of [the evidence] despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.'" *Lightfoot v. District of Columbia*, No. 04-1280, 2008 U.S. Dist. LEXIS 39541, at *16-17 (D.D.C. May 16, 2008) (quoting *Int'l Bhd. of*

---

60(b)(6)). This catch-all provision gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice," *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949), but it is applied only in extraordinary circumstances, *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). "Rule 60(b)(6) 'should be only sparingly used' and may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.'" *Kramer*, 481 F.3d at 792 (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).

*Teamsters*, 247 F.3d at 392 (citations omitted)).

The moving party must show that the proffered evidence is "of such a material and controlling nature as will probably change the outcome." *In re Korean Airlines*, 156 F.R.D. 18, 22 (D.D.C. 1994). That is not the case here. Mr. Epps offers transcripts and other records that he asserts support his claims that former AUSA Howes knowingly and intentionally manipulated the truth in order to obtain a plea from Mr. Epps and diminish his chances for parole. 2d Mot. for Relief at 8-9. He claims that this evidence proves that Mr. Howes knew that Mr. Epps was innocent of a second murder charge, but obtained an indictment against him on that charge anyway in order to force Mr. Epps to assist him as a witness in that murder case and to corner Mr. Epps into a plea to a murder charge to which former AUSA Howes knew Mr. Epps had a legitimate claim of self-defense. *Id.* at 8. Mr. Epps further asserts that the sealing of this evidence caused the U.S. Parole Commission to be deprived of the full record regarding the facts underlying Mr. Epps's crime, and had the U.S. Parole Commission had access to those facts, it would have granted Mr. Epps more lenient parole terms long ago. *See id.* at 2, 9.

Mr. Epps advanced the same allegations in his Complaint as he now makes in his motions for relief from judgment. *See* Compl. at 2-8. The Court already "treat[ed] the complaint's factual allegations — including mixed question[s] of law and fact — as true, [and drew] all reasonable inferences in the plaintiff's favor." Mem. Op. at 4 (citing *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003)). Even so, former AUSA Howes enjoys absolute immunity for his actions performed within his prosecutorial function. Mem. Op. at 4 (citing *Sloan v. Dep't of Hous. & Urban Dev.*, 231 F.3d 10, 19 (D.C. Cir. 2000) (citations omitted)). Further, "[t]he Complaint allegations make plain . . . that former AUSA Howes was acting as a prosecutor vis a vis Mr. Epps at all times,"

Mem. Op. at 5, and nothing in the records that Mr. Epps uncovered suggests otherwise.[6] Consequently, the newly discovered records which allegedly support Mr. Epps's factual assertions could not alter the Court's judgment that former AUSA Howes enjoys absolute immunity for his actions as a prosecutor, and therefore the Court will not disturb its judgment that Mr. Epps's claims against former AUSA Howes be dismissed.

The Court dismissed Mr. Epps's claims against Attorney General Gonzalez for failure to state a claim because Mr. Epps did not "describe any actions, inaction or decisions by the Attorney General that impacted Mr. Epps," and the Attorney General "may not be held liable just because he is a supervisor." *Id.* at 6-7 (citing *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993)). Mr. Epps does not now suggest that the recently unsealed records reveal that former Attorney General Gonzalez had any involvement in the Epps prosecution, other than as the ultimate supervisor of all Federal prosecutors. The Court's order dismissing Mr. Epps's claims against the Attorney General must therefore stand.

The Court also dismissed Mr. Epps's claims against the DOJ, the U.S. Parole Commission and the United States for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because the Federal Government and its agencies enjoy sovereign immunity, and therefore may be sued only if they consent to be suit. *See* Mem. Op. at 7-8. The records that Mr. Epps offers

---

[6] Former AUSA Howes's representation of the United States in Mr. Epps's probation revocation hearings before Judge Urbina, and his recommendation at such proceedings that Mr. Epps not be permitted to enter another drug treatment program after he failed to complete his first drug treatment program successfully, which was one of his conditions of his parole, fell as much within his duties as a prosecutor as did prosecuting and negotiating the plea agreement in Mr. Epps's criminal prosecution for second degree murder. *See* Show Cause Hearing Tr. 2:12-22, 18:17-22, June 26, 1990 ("For me[,] my recommendation was he had his shot. He walked away from the program. . . . But if the Court deems it appropriate, put him back in jail until [the] Delancey Street [Program] will take him. I don't recommend that, but possibly the Court would accept that.").

to the Court in support of his motions for relief from judgment do not in any way suggest or imply that the United States, the DOJ or the U.S. Parole Commission consented to be sued or waived sovereign immunity. The "new" evidence, therefore, could not change the outcome of the case, and the Court's order dismissing the claims against the United States, the DOJ and the U.S. Parole Commission for lack of jurisdiction will stand.

Because the recently unsealed records that Mr. Epps offers to the Court as newly discovered evidence could not alter the outcome of the Court's opinion or order with respect to any of the Federal Defendants, his motions for relief from judgment dismissing his claims against the Federal Defendants will be denied.

### B. Rule 15(c) Motion to Amend the Complaint

Mr. Epps's Motion to Amend the Complaint to comport with the newly discovered evidence under Federal Rule of Civil Procedure 15(c) also must be dismissed because he has not satisfied the requirements of Rule 60(b) or Rule 59(e). Leave to amend a complaint under Federal Rule of Civil Procedure 15(a) "shall be given freely when justice so requires." Fed R. Civ. P. 15(a). However, "once a final judgment has been entered, an amendment to a complaint can only be granted after the requisites of Rule 59(e) or 60(b) have been satisfied." *Harris v. Howard Univ.*, No. 95-1111, 1996 U.S. Dist. LEXIS 21780, at *14 (D.D.C. May 23, 1996) (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1489 (1971)); *see also Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004) (Once a final judgment is entered, a court cannot permit amendment of the complaint unless the plaintiff has "'first satisfied Rule 59(e)'s more stringent standard for setting aside that judgment.'") (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citations omitted)). The same requirement applies to motions to amend a

complaint pursuant to Rule 15(c).[7]

The Court has already concluded that Mr. Epps is not entitled to relief from judgment under Rule 60(b). Likewise, his motions for relief may not be granted under Rule 59(e) because he did not file either motion within ten days after entry of the Court's judgment granting the Federal Defendants' Motion to Dismiss. "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone*, 76 F.3d at 1208 (internal quotation marks omitted). Rule 59(e) further requires that "a motion to alter or amend a judgment be 'filed no later than 10 days after entry of the judgment.'" *Lightfoot*, 2008 U.S. Dist. LEXIS 39541, at *12 (quoting Fed. R. Civ. P. 59(e)). The Court's order granting the Federal Defendants' Motion to Dismiss was issued on July 31, 2007. *See* Order [Dkt. # 25]. Mr. Epps's First Motion for Relief was not filed until September 28, 2007, well past the Rule 59(e) deadline. *See* 1st Mot. for Relief. Putting aside the fact that Mr. Epps filed both of his motions for relief under Rule 60(b)'s newly discovered evidence provision, his First Motion for Relief, if construed as a Rule 59(e) motion, would be untimely, and therefore would be denied.[8] *See Lightfoot*, 2008 U.S. Dist. LEXIS

---

[7] Federal Rule of Civil Procedure 15(c) governs when an amendment to a complaint relates back to the original complaint and therefore avoids running afoul of the applicable statute of limitations. The fact that Mr. Epps styled his Motion to Amend the Complaint as one brought under Rule 15(c), rather than Rule 15(a), is irrelevant. *See Griffey v. Lindsey*, 345 F.3d 1058, 1062 (9th Cir. 2003) ("[O]ne cannot use Rule 15(c) once an action has been dismissed and a final judgment entered unless the judgment is set aside under Federal Rules of Civil Procedure 59(e) or 60(b).") (citing *Lindauer v. Rogers*, 91 F.3d 1124, 1125 (9th Cir. 1996)); *see also United States v. Int'l Bhd. of Elec. Workers, Local No. 130*, 72 F.R.D. 507, 513 (E.D. La. 1976) ("[N]either Rule 15(c), permitting the relation back of amendments, nor Rule 15(d), permitting supplemental amendments, is applicable in a post-judgment situation.") (citing 6 Wright & Miller, Federal Practice & Procedure § 1489); *accord Bank of India v. Trendi Sportswear, Inc.*, No. 89 Civ. 5996, 2002 U.S. Dist. LEXIS 14801, at *9-10 (S.D.N.Y. Aug. 12, 2002).

[8] Mr. Epps filed his Second Motion for Relief under Federal Rules of Civil Procedure 60(b)(2) and (b)(6), but he requests relief under Rules 59(e) and 60(b). "Although a motion is

39541, at *12-13. Because the Court will not grant relief from judgment under Rule 59(e) or Rule 60(b), Mr. Epps's Motion to Amend the Complaint under Rule 15 will be denied as moot. *See Ciralsky*, 355 F.3d at 673.

### IV.  CONCLUSION

Because the recently unsealed record pertaining to Mr. Epps's criminal prosecution and related probation proceedings do nothing to undermine the Court's conclusions (1) that former AUSA Howes enjoys absolute immunity for his actions or inactions taken or not taken in his role as a federal prosecutor in the case against Mr. Epps, (2) that former Attorney General Gonzalez had no personal role in Mr. Epps's prosecution, and (3) that the United States, the DOJ and the U.S. Parole Commission enjoy sovereign immunity from suit, the Court will deny Mr. Epps's motions for relief from judgment [Dkt. ## 29, 32]. The Motion to Amend the Complaint [Dkt. # 31] will be denied as moot. A memorializing order accompanies this Memorandum Opinion.

Date: September 2, 2008                                /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge

---

made under Rule 59, if it is not timely so that it may not properly be considered thereunder, it may, nevertheless, be considered as a motion under Rule 60 when it states grounds for relief under this latter rule." *Butler v. Pearson*, 636 F.2d 526, 529 (D.C. Cir. 1980) (citation omitted). The Court therefore has reviewed both motions for relief from judgment under Rule 60(b).